# Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores LLC,<br><br>      Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS)<br><br>**Ref. Docket No.** |

**ORDER GRANTING MOTION OF THE 99 CENTS CREDITORS' LIQUIDATING TRUST FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c), AUTHORIZING (I) FIXING CERTAIN PERSONAL INJURY CLAIMS PURSUANT TO THE PLAN, AND (II) LIFTING THE PLAN INJUNCTION TO ALLOW CERTAIN PERSONAL INJURY CLAIMANTS TO LIQUIDATE CLAIMS**

Upon the Motion,[2] dated March 11, 2025 (the "<u>Motion</u>"), of the 99 Cents Creditors' Liquidating Trust (the "<u>Trust</u>"), pursuant to sections 105(a) and 502(c) of the Bankruptcy Code, for entry of an order authorizing: (1) the estimation of certain personal injury tort claims (the "<u>Claims</u>") in an amount no greater than the applicable self-insured retention, for distribution purposes; and (2) procedures by which a holder of a Claim (each, a "<u>Claimant</u>") who seeks amounts in excess of the applicable self-insured retention are entitled to obtain relief from the Plan Injunction (defined herein) to pursue a recovery solely from the Debtors' insurers, all as more fully described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion; the Court having held a hearing to consider the relief requested in the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just

---

[1] The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 1000

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

cause for the relief granted therein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted to the extent set forth herein.

2. For personal injury Claims set forth on **Exhibit 1**, each Claim will be estimated in the amount set forth therein, for distribution purposes, and the respective Claimants shall be granted, upon entry of this Order, relief from the Plan Injunction.

3. Estimation of the Claims prior to liquidation of such claims (if any) in their court of original jurisdiction is solely for the purposes of administering the estates pursuant to 11 U.S.C. §502(c) and such estimation shall not be evidence of and shall have no effect as to the amount or validity of the underlying claims, and shall not be used in any *res judicata* argument, estoppel argument, argument otherwise as to amount or validity of the underlying claims, or any argument that the SIR is satisfied.

4. The following Tort Claim Procedures are approved:

(a) The Claim shall be deemed Disputed under the Plan and Claimant shall not be entitled to a distribution thereon until the Claim is liquidated in the applicable State Court Action.

(b) The Plan Injunction shall be modified for the sole and limited purpose of allowing the Claimant to commence or continue the State Court Action nominally against the Debtors, subject to the terms of this Order. Except with respect to distributions to be made by the Trust in connection with the an allowed estimated Claim, the Trust shall not be obligated to: (i) pay any amounts owed or awarded in connection with the underlying action, including, but not limited to, any monetary damages, self-insured retention, or attorneys' fees and expenses; (ii) participate or otherwise expend any resources, financially or otherwise, in the State Court Action, except to the extent a reasonable information, discovery signing, or document request is made to the Trust by the applicable insurance company.

(c) Following liquidation of the Claim, Claimant shall notify counsel for the Trust, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Paul J. Labov (plabov@pszjlaw.com) and Cia H. Mackle

(cmackle@pszjlaw.com) of the final judgment. To the extent Claimant had filed a proof of claim and the Claim is liquidated for an amount less than or equal to the SIR, Claimant's Claim shall be allowed in such amount. To the extent Claimant had filed a proof of Claim and the Claim is liquidated for an amount greater than the SIR, the Claim shall be allowed against the Debtors in the amount of the SIR as a general unsecured claim and Claimant shall be permitted to seek recovery of any excess from the applicable insurance company.

5. To the extent a State Court Action is pending, the Trust shall be authorized to dismiss any and all attorneys retained by the Debtors to defend such State Court Actions and from further acting on behalf of the Trust. The Trust shall not oppose any such request by prior counsel to withdraw as counsel of record in such actions.

6. Nothing herein modifies the rights of the Insurance Company under the applicable insurance policies. Nothing in this Order alters, amends or otherwise modifies the terms and conditions of (or expands, limits or otherwise modifies) or the rights and obligations of the Insurance Company under any of the Insurance Policies and all related agreements, documents, or instruments relating thereto (as renewed, amended modified, endorsed or supplemented from time to time, and including any exhibit or addendum thereto) that have been issued or entered into or with one or more of the Debtors and their respective predecessors and/or affiliates. Nothing in this Order shall alter in any way any defenses of Insurance Company that might exist as to the Claims, including but not limited to coverage defense that might exist under the applicable insurance policies or law otherwise. Nothing herein creates or modifies a direct right of action on account of a claim against the Insurance Company.

7. The allowance of any Claim pursuant to this Order shall not constitute or serve as a waiver or release of any defenses or claims which the Liquidating Trustee, on his own behalf or on behalf of the Debtors' estates, or the Insurance Company may have with respect to a Claimant's request for modification of the Plan Injunction. The Liquidating Trustee, or other interested party, may oppose a Claimant's request for relief from the Plan Injunction for any

appropriate reason.  Moreover, allowance of any Claim pursuant to this Order shall not constitute or serve as a waiver or release of any claim or defense which may otherwise be available to the Liquidating Trustee, on its own behalf or on behalf of the Debtors' estates, or the Insurance Company, including any policy condition, that may exist at law or in equity and that may be asserted in defending against any Claim, or which impacts insurance coverage for any Claim.

8. This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order, and to interpret, implement and enforce the provisions of this Order.

**Exhibit 1**

| Claimant Name | Claim No. | Claim Amount (as filed) | Estimated Claim (for distribution purposes) |
|---|---|---|---|
| Asiriuwa, Victory | 1816 | $1,000,000 | $300,000.00 |
| Atkinson, Anita | 1365 | $2,000,000.00 | $300,000.00 |
| Castillo, Joann Ruiz | 1238 | $350,000.00 | $300,000.00 |
| French, Chantal | 1667 | $1,000,000.00 | $300,000.00 |
| Pavana-Camargo, Soledad | 2163 | $1,000,000.00 | $300,000.00 |
| Prieto, Jesus Medina | N/A | N/A | $0.00 |
| Remis, Cynthia | N/A | N/A | $0.00 |
| Restrepo, Mary | 556 | $2,000,000.00 | $300,000.00 |
| Ruiz, Madai Elisa | 1619 | Unliquidated | $300,000.00 |
| Stirling, Betty | 1046 | $350,000.00 | $300,000.00 |
| Truman, Ernnisa | 934 | $875,000.00 | $300,000.00 |
| Velasquez, Yesenia | 1775 | Unliquidated | $300,000.00 |