**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>99 Cents Only Stores LLC,<br><br>               Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS)<br><br>**Re: Docket No. 42** |

**PRELIMINARY OBJECTION OF THE 99 CENTS CREDITORS' LIQUIDATING TRUST TO THE MOTION OF CALIFORNIA SELF-INSURERS' SECURITY FUND FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

The 99 Cents Creditors' Liquidating Trust (the "Trust"), formed pursuant to the confirmed *Joint Chapter 11 Plan of Number Holdings, Inc., and its Debtor Affiliates* [Docket No. 1733] (the "Plan") files this preliminary objection (the "Objection") to the *Motion of California Self-Insurers' Security Fund for Allowance and Payment of Administrative Expense Claim* [Docket No. 42] (the "Admin Claim Motion") filed by the California Self-Insurers' Security Fund ("SISF"). In support of this Objection, the Trust respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.      The Court should deny the Admin Claim Motion for several reasons, but, primarily because the motion violates the Confirmation Order and Plan. Under the express terms of the Confirmation Order and Plan, any objections to Administrative Claims must be filed by the Claims Objection Bar Date (i.e., 180 days after the Effective Date). By filing the Admin Claim Motion and setting it for an early hearing with a March 14, 2025 objection deadline, SISF is attempting to avoid the requirements of the Confirmation Order and Plan. And by seeking to violate the express terms of the Confirmation Order (after having not filed an administrative claim timely), SISF now

---

[1] The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 1000

seeks to come in under the radar to swamp the post-confirmation estate with an enormous administrative claim that would wipe out lower priority creditors.

2.     While the Admin Claim Motion should be denied on that basis alone, the Trust will be filing a supplemental objection at the appropriate time setting forth its other arguments.  As a brief preview, the Admin Claim Motion should also be denied because, among other reasons:

(a)     SISF's claim is a general unsecured prepetition claim based on their alleged prepetition underfunding obligations;

(b)     There is no basis for the SISF to assert a post-petition administrative claim as the Debtors were in compliance with California workers' compensation laws until all employees were terminated, including processing workers' compensation claims during the chapter 11 cases in the ordinary course of business while the Debtors had employees;

(c)     The purported calculation of the SISF claim is: (i) based on mere estimates that cannot meet the section 503 standard of "actual and necessary," and (ii) the Milliman report attached to the Admin Claim Motion acknowledges a large influx of claims "reported" after the Debtors filed for bankruptcy but does not indicate if the underlying "reported" claims are for injuries occurring prepetition or postpetition, thus justifying any alleged underfunding as the basis for the SISF claim.  A further evidentiary hearing and discovery is need to ascertain these facts; and

(c)     Even if SISF's claim is considered a postpetition administrative claim, it was not timely filed by the July 8, 2024 Initial Administrative Claims Bar Date. SISF has failed to meet the excusable neglect standard to permit a late claim.

3.      For those reasons, the Motion should be denied.

## **BACKGROUND**

4.      On January 24, 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Findings of Fact, Conclusions of Law, and Order, Approving Disclosure Statement on a Final Basis, Confirming the Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates, and Granting Related Relief* [Docket No. 1733] (the "Confirmation Order"), pursuant to which the Bankruptcy Court confirmed the Plan.

5.      The Effective Date of the Plan occurred on January 31, 2025.  *See* Docket No. 1776 (the "Effective Date Notice").

6.      On the Effective Date, and pursuant to the Plan, the Liquidating Trust was established to, *inter alia*, "investigate, review, reconcile, allow, object to, compromise and settle . . . Administrative Claims . . . and General Unsecured Claims."  *See* Plan at IV.C.2.

7.      Administrative Claims under the Plan are defined as:

a Claim that is entitled to priority in payment under sections 503(b), 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses of preserving the Estates and operating the Debtors' businesses incurred after the Petition Date and through the Effective Date; (b) Fee Claims; (c) Notes Settlement Expenses; (d) Senior Notes Agent Fees; and (e) all fees and charges assessed against the Estates under chapter 123 of title 28, United States Code, 28 U.S.C. §§ 1911-1930.

Plan at I.A.3.

8.      The Plan establishes a "Claims Objection Bar Date" and is defined as:

for all Claims, including 503(b)(9) Claims and other Administrative Claims, means, the later of: (a) 180 days after the Effective Date and (b) such other deadline for objecting to particular Claim(s) as may be established by the Plan, the Confirmation Order, or another order of the Bankruptcy Court.

Plan at I.A.21.

9.      The Confirmation Order provides that:

Objections to requests for payment of Administrative Claims (other than Fee Claims, Notes Settlement Expenses, and Senior Notes Agent Fees) must be filed and served on the Notice Parties and the requesting party no later than the Claims Objection Bar Date.

Confirmation Order ¶13; *see also* Effective Date Notice at 2.

10.     Accordingly, the Trust has until 180 days after the January 31, 2025 Effective Date (or July 30, 2025 or such other later date as the Court may set) to file objections to all claims, including Administrative Claims.

## ARGUMENT

**A.      By Noticing Its Admin Claim Motion Early, SISF Has Violated the Terms of the Confirmation Order and Plan.**

11.     The Confirmation Order and Plan are clear – any objections to Administrative Claims are due by the Claims Objection Bar Date, defined in the Plan as

> for all Claims, including 503(b)(9) Claims and other Administrative Claims, means, the later of: (a) *180 days after the Effective Date* and (b) such other deadline for objecting to particular Claim(s) as may be established by the Plan, the Confirmation Order, or another order of the Bankruptcy Court.

Plan at I.A.21 (emphasis added); *see also* Confirmation Order ¶ 13 ("Objections to requests for payment of Administrative Claims (other than Fee Claims, Notes Settlement Expenses, and Senior Notes Agent Fees) must be filed and served on the Notice Parties and the requesting party no later than the Claims Objection Bar Date"). Since SISF purports to have an Administrative Claim, any objections are due 180 days after the January 31, 2025 Effective Date, and not any earlier.

12.     By noticing the Admin Claim Motion for a hearing on March 26, 2025, with an objection deadline of March 17, 2025, SISF has plainly violated the express terms of the Confirmation Order and Plan. If any creditor could force a rushed decision on its purported claim, it would render the terms and enforceability of the Plan and Confirmation Order meaningless and the Trust would face a rush to the court house by purported administrative claimants.

13.     "[C]ourts have specifically, and consistently, held that the bankruptcy court retains jurisdiction, *inter alia*, to enforce its confirmation order." *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 325–26 (Bankr. D. Del. 1999), *aff'd sub nom. Eastern Pilots Merger Comm. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 279 F.3d 226 (3d Cir. 2002) (citations omitted); *see also In re E. W. Resort Dev. V, L.P., L.L.L.P.*, No. 10-10452 (BLS), 2014 WL 4537500, at *9 (Bankr. D. Del. Sept. 12, 2014) ("It is self-evident that a court has the authority to enforce its own orders."). "Indeed, 'the court that issued the injunctive order alone possesses the power to enforce compliance with and punish contempt of that order.'" *In re SelectBuild Ill., LLC*, No. 09-12085 (KJC), 2015 WL 3452542, at *6 (Bankr. D. Del. May 28, 2015) (quoting *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012)).

14.     Here, the Court should not sanction SISF's attempted end-run around the Confirmation Order and Plan.[2]  Indeed, parties are required to respect and adhere to scheduling orders. *See Campania Mgmt. Co. v. Rooks, Pitts, & Poust*, 290 F.3d 843, 851 (7th Cir. 2002). "But just as parties are expected to comply with a court's scheduling order, they are also entitled to rely on those orders." *Marcel's Tanning Salons, Inc. v. Bennett*, 2008 U.S. Dist. LEXIS 53259, *8 (N.D. Ind. July 10, 2008); *see also Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 30 (1st Cir. 1996) ("When a court charts a procedural route, lawyers and litigants are entitled to rely on it. A court cannot alter its bearings mid-course without signaling the impending change to the parties.").

15.     The Trust and the Court are entitled to rely on the binding effect of the Confirmation Order and that creditors will comply with its terms.  By noticing its Admin Claim Motion early, SISF is attempting to flout the procedural deadlines set by the Court.

---

[2] If necessary, the Trust reserves all rights to seek to hold SISF in contempt of the Confirmation Order.

16. Courts are generally afforded broad discretion in managing the timing of their dockets. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (explaining that a court has discretion in managing the cases on its docket). Here, there is no reason to permit a single creditor to advance its own interests to the detriment of all other creditors of the post-confirmation estate, in clear violation of this Court's Confirmation Order.

17. Accordingly, the Admin Clam Motion should be denied.

18. In the alternative, the Court should adjourn the Admin Claim Motion until after the Claims Objection Bar Date so that all Administrative Claims and other claims can be managed in a controlled process without encouraging a flood of other claimants seeking early decisions on their claims. To permit otherwise would only weaken the express terms of the Confirmation Order.

## RESERVATION OF RIGHTS

19. The Trust expressly reserves all rights to supplement this Objection on any and all available substantive and non-substantive grounds that bankruptcy and non-bankruptcy law may permit, to take discovery with respect to the Admin Claim Motion, to seek appropriate sanctions against SISF for violating the express terms of the Confirmation Order, and to present evidence at any hearing on the Admin Claim Motion.

## CONCLUSION

WHEREFORE, the Trust respectfully submits that the Admin Claim Motion should be denied for the reasons set forth above, or, in the alternative, the Admin Claim Motion should be adjourned until after the Claims Objection Bar Date established by the Plan.

*[Reminder of page intentionally left blank]*

Dated:  March 20, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*

Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Edward A. Corma (DE Bar No. 6718)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:    bsandler@pszjlaw.com
              crobinson@pszjlaw.com
              ecorma@pszjlaw.com

-and-

Robert J. Feinstein (admitted *pro hac vice*)
Paul J. Labov (to be admitted *pro hac vice*)
Shirley S. Cho (to be admitted *pro hac vice*)
Beth E. Levine (to be admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:    rfeinstein@pszjlaw.com
              plabov@pszjlaw.com
              scho@pszjlaw.com
              blevine@pszjlaw.com

*Counsel to the 99 Cents Creditors' Liquidating Trust
and Plan Administrator*