**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| 99 Cents Only Stores LLC,[1] | Case No. 24-10721 (JKS) |
| Post- Confirmation Debtor. | Hearing Date: March 27, 2025 at 10:00 a.m. (ET) |
| | Objection Deadline: Extended by Agreement to March 20, 2025 |
| | Re: D.I. 46, 68 & 69 |

**LIMITED OBJECTION OF VICTORY ASIRIUWA
TO THE MOTION OF THE 99 CENTS CREDITORS' LIQUIDATING TRUST
FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c),
AUTHORIZING (I) FIXING CERTAIN PERSONAL INJURY CLAIMS PURSUANT
TO THE PLAN, AND (II) LIFTING THE PLAN INJUNCTION TO ALLOW CERTAIN
PERSONAL INJURY CLAIMANTS TO LIQUIDATE CLAIMS**

Victory Asiriuwa ("Asiriuwa") files this limited objection (the "Objection") to the *Motion of the 99 Cents Creditors' Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* [D.I. 46] (the "Motion"). In support of this Objection, Asiriuwa states as follows:

**BACKGROUND**

1.  On September 13, 2022, Asiriuwa visited a store operated by the debtor 99 Cents Only Stores LLC (the "Debtor"). While in the Debtor's store, Asiriuwa slipped and fell on a hazardous substance or item that was owned and in control of the Debtor (the "Accident").

---

[1] The debtors ("Debtors") in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, were: (i) Number Holdings, Inc. (1463); (ii) 99 Cents HoldCo LLC (3987); (iii) 99 Cents Only Stores LLC (1605); (iv) 99 Cents Only Stores Texas, Inc. (1229); (v) 99 Cents PropCo LLC (7843); and (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

2. Asiriuwa sustained bodily injuries due to the Accident resulting in pain and suffering. Asiriuwa also incurred medical expenses, lost wages, and other damages.

3. On July 24, 2023, Asiriuwa filed a complaint (the "Complaint") in the District Court of Harris County, Texas asserting premises liability and negligence causes of action against the Debtor for the Accident.

4. On April 8, 2024, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to section 362(a) of the Bankruptcy Code, prosecution of the complaint and discovery were stayed.

5. On July 8, 2024, Asiriuwa filed a proof of claim for a contingent an unliquidated claim of $1,000,000 against the Debtor for damages resulting from the Accident.

6. The Debtor's insurance provider is Safety National Casualty Corporation (the "Insurer"). The Debtor's insurance policy provides for a $300,000 self-insured retention limit per occurrence (the "SIR"), and the relevant insurance policy covered September 30, 2021 to September 30, 2022.

7. The Debtors filed their plan [D.I. 1533] (the "Plan") and disclosure statement [D.I. 1534] (the "Disclosure Statement") on November 27, 2024. According to the estimated chart of distribution (Disclosure Statement at 3-6), general unsecured claims are estimated to be between $650,000,000 and $1,000,000,000, which explains most of the "swing" in the estimated dividend of .5% to 2%.

8. On February 21, 2025, Asiriuwa filed her *Motion for Relief from the Automatic Stay/Plan Injunction* [D.I. 1822] (the "Stay Relief Motion"). The Complaint was attached to the Motion at Exhibit A. The Stay Relief Motion received no objection.

## RELIEF REQUESTED

9. Asiriuwa does not object to the general relief in the Motion. In fact, she supports getting relief for any plan injunction to liquidate her claim and collect against available insurance proceeds. However, Asiriuwa files this objection to avoid any gamesmanship by the Insurer.

10. Asiriuwa hereby requests that the following reservation of rights language be included in the Order of the Court:

> Nothing in this Order shall be construed as any personal injury Claimant waiving any right to seek or recover costs, damages, and attorneys' fees and expenses in connection with a State Court Action on account of any claims against the Debtors from a non-debtor source, insurance carriers, or insurance policies, if applicable. For the avoidance of doubt and for the sake of clarity, this Order shall not be construed or argued to prevent a personal injury Claimant from enforcing and collecting the full amount of any judgment and award against the Debtors arising out of a State Court Action on account of any claims against the Debtors from non-debtor defendants, indemnification obligations, any non-debtor source, insurance carriers and/or insurance policies, each as applicable.

11. Based on the Reply of Soledad Pavana-Camargo [D.I. 69] (the "Soledad Reply"), Asiriuwa understands that the Insurer is trying to take advantage of the Debtors' bankruptcy to deny coverage unless the Debtors pay the full SIR in real dollars. The Court should reject this gamesmanship. These bankruptcy cases are not meant to benefit the Insurer.

## JOINDER

12. Asiriuwa joins the arguments set forth in the Soledad Reply and the *Limited Objection and Reservation of Rights of Certain Personal Injury Claimants With Respect to the Motion of the 99 Cents Creditors' Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(A) and 502(C), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (ii) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* [D.I. 68].

## RESERVATION OF RIGHTS

13.     Asiriuwa specifically reserves her rights to join any other relief sought by claimants in connection with the Motion.

Dated:  March 20, 2025
        Wilmington, Delaware

                        **ESBROOK P.C.**

                        */s/ Scott J. Leonhardt*
                        Scott J. Leonhardt (DE Bar No. 4885)
                        Katherine R. Welch (DE Bar No. 7347)
                        1000 N. West Street, Suite 1200
                        Wilmington, Delaware 19801
                        302-650-7540
                        Scott.leonhardt@esbrook.com
                        Katherine.welch@esbrook.com

                                -and-

                        **LEO & OGINNI TRIAL LAWYERS, PLLC**

                        George Oginni
                        3701 Kirby Dr. Suite 1184
                        Houston, Texas 77098
                        (713) 280-3204
                        george@HelpIsHere.Law

                        *Counsel for Victory Asiriuwa*