## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| 99 Cents Only Stores, LLC, | Chapter 11 |
| | Case No. 24-10721 (JKS) |
| Post-Confirmation Debtor.[1] | Adv. Pro. No. 25-_____ |
| | |
| 99 Cents Creditors Liquidating Trust, | |
| Plaintiff, | |
| vs. | |
| Nova Manna, Inc., | |
| Defendant. | |

**COMPLAINT FOR (I) TURNOVER OF PROPERTY
OF THE ESTATE PURSUANT TO 11 U.S.C. § 542(a), (II) AVOIDANCE OF
UNAUTHORIZED POST-PETITION TRANSFERS  PURSUANT TO 11 U.S.C. § 549(a),
AND (III) RECOVERY OF AVOIDED TRANSFERS  PURSUANT TO 11 U.S.C § 550(a)**

The 99 Cents Creditors Liquidating Trust (the "Trust"), together with its undersigned counsel, Pachulski Stang Ziehl & Jones LLP and Kelley Drye & Warren LLP, files this complaint (the "Complaint") against Nova Manna Inc. (the "Defendant") for (I) turnover of property of the estate pursuant to 11 U.S.C. § 542(a), now vested in the Trust, (II) avoidance of unauthorized post-petition transfers pursuant to 11 U.S.C. § 549(a), and (III) recovery of avoided transfers  pursuant to 11 U.S.C. § 550(a).  In support of this Complaint, the Trust alleges as follows:

---

[1]    The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

## GENERAL ALLEGATIONS

1.      The Trust brings this adversary proceeding to recover the payment of a distribution in the amount of $109,060.00 made to, and wrongfully retained by, Defendant, the original holder of an Allowed Administrative Claim pursuant to section 503(b)(9) of the Bankruptcy Code, which claim was transferred to a buyer more than 21 days prior to the Distribution Record Date under the Plan.[2]

## JURISDICTION AND VENUE

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E).

3.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

4.      Venue is proper in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to 28 U.S.C. § 1409(a).

## PROCEDURAL BACKGROUND

5.      On April 7, 2024 (the "Petition Date"), 99 Cents Only Stores LLC and certain of its affiliates (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.      On January 24, 2025, the Bankruptcy Court entered an order (the "Confirmation Order")[3] confirming the *Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates* (as confirmed, the "Plan")[4], which became effective on January 31, 2025 (the "Effective Date").

---

[2]      Capitalized terms used but not defined in the General Allegations shall have the meanings set forth in the paragraphs below, or in the *Joint Chapter 11 Plan of Number Holdings, Inc. and its Debtor Affiliates* (Case No. 24-10719, Docket No. 1733-1).

[3]      Case No. 24-10719, Docket No. 1733.

[4]      Case No. 24-10719, Docket No. 1733-1.

7.      Among other things, the Plan and Confirmation Order provided for the establishment of the Trust on the Effective Date pursuant to the terms and conditions of the Plan, Confirmation Order, and that certain *Liquidating Trust Agreement and Declaration of Trust* (the "LTA" and, together with the Plan and Confirmation Order, the "Plan Documents").[5]   With limited exception, all of the Debtors' property, wherever located, tangible or intangible, was automatically transferred to and vested in the Trust on the Effective Date.

## PARTIES

8.      Under the Plan Documents, the Trust was established for the purpose of collecting, holding, administering, distributing, and liquidating the Liquidating Trust Assets for the benefit of the Trust's beneficiaries.[6]   The Liquidating Trustee is authorized and required to protect and enforce the Trust's rights to the Liquidating Trust Assets, which includes, but is not limited to, Cash, records, and certain Liquidating Trust Causes of Action, such as, among others, turnover actions pursuant to § 542 of the Bankruptcy Code.[7]   The LTA authorizes the Trust to bring adversary proceedings in its own name.[8]

9.      Defendant is a corporation organized and existing under the laws of the State of Arizona, and is headquartered in Phoenix, Arizona.

## FACTUAL BACKGROUND

10.     On May 20, 2024, Defendant filed the *Application of Nova Manna, Inc. for Allowance of Administrative Expense Claim Pursuant to Section 503(b)(9) of the Bankruptcy*

---

[5]      Case No. 24-10719, Docket No. 1776.

[6]      *See* Plan § IV.C; LTA § 2.2.

[7]      *See* Plan § IV.D; LTA § 2.3.2.

[8]      LTA, § 2.4.

*Code* (the "Application")[9] seeking payment in the amount of $109,060.00 on account of goods allegedly received by the Debtors within the 20-day period prior to the Petition Date. The Application later was assigned claim number 2121 ("Claim 2121") by Kroll Restructuring Administration, the Debtors' claims and noticing agent.

11. On July 4, 2024, Defendant filed proof of claim number 1467 in the total amount of $288,490.00 ("Claim 1467"), in part as a section 503(b)(9) administrative claim in the amount of $109,060.00, consistent with the Application (the "Administrative Portion" and, together with the Application, the "Administrative Claim"), with the $179,430 balance of Claim 1467 asserted as a general unsecured claim.

12. Defendant transferred the Administrative Claim to TRC Master Fund LLC ("TRC"), pursuant to a transaction between Defendant and TRC, which was evidenced by two filings with the Bankruptcy Court on January 2, 2025 pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure ("Rule 3001(e)"): (i) a *Transfer of Claim Other Than for Security* accompanied by an *Evidence of Transfer of Claim,* each with respect to Claim 2121; and (ii) a *Partial Transfer of Claim Other Than for Security* accompanied by a *Partial Evidence of Transfer of Claim,* each with respect to the Administrative Portion of Claim 1467 (collectively, the "Transfer Notices").[10] As set forth in the Transfer Notices, Defendant waived any right to object to the transfer of the Administrative Claim pursuant to Rule 3001(e).[11] The Transfer Notices also stipulated, among other things, that an order may be entered without further notice to Defendant recognizing TRC as the sole owner and holder of the Administrative Claim.

---

[9]   Case No. 24-10719, Docket No. 610.

[10]   Case No. 24-10719, Docket No. 1627 (as to Claim 2121) and Docket No. 1628 (as to the Administrative Portion of Claim 1467.

[11]   *Id.* at Ex. A ("Assignor hereby waives any objection to the transfer of the Claim to the Assignee[.]").

Finally, pursuant to the Transfer Notices, Defendant directed that all distributions in respect of the Administrative Claim be made to TRC.[12]

13.     Under the Plan, the Distribution Record Date was the date of the Confirmation Order, *i.e.*, January 24, 2025.[13]  As such, whether or not the 21-day notice period under Rule 3001(e)—which began on the date of the filing of the Transfer Notices—was waived or applied, TRC was the record holder of the Administrative Claim as of the Distribution Record Date.

14.     Pursuant to the Debtors' books and records, on January 30, 2025, six days after the Distribution Record Date, the Debtors erroneously paid Defendant, and not TRC, $109,060.00 by ACH transfer (the "Distribution") on account of the Administrative Claim.

15.     Defendant was not entitled to the Distribution in respect of the Administrative Claim at the time it was made.  Accordingly, Defendant was, and is, either obligated to return the Distribution to the Debtors or the Trust (as applicable), or forward the Distribution to TRC on behalf of the Debtors or the Trust (as applicable).

16.     On March 26, 2025, counsel for the Trust emailed Defendant's counsel demanding that Defendant remit the Distribution to TRC, but received no response.

17.     On March 28, 2025, counsel for the Trust sent a further demand for remittance of the Distribution to TRC by way of formal letter to Defendant's counsel (the "Demand Letter").

18.     On April 21, 2025, counsel to Defendant confirmed receipt of the Demand Letter and acknowledged the Defendant's awareness thereof.

19.     Upon information and belief, as of the filing of this Complaint, Defendant has neither forwarded the Distribution to TRC nor turned over the Distribution to the Trust.

---

[12]     *Id.* ("Nova Manna, Inc. . . . does hereby unconditionally and irrevocably sell, transfer, and assign unto [TRC] . . . [the Administrative Claim].").

[13]     *See* Plan § I.A.40.

20.     The Trust has made no distribution to TRC on account of the Administrative Claim it holds.

## FIRST CLAIM FOR RELIEF
### Turnover of Property Pursuant to Bankruptcy Code Sections 542(a) and 363(b)(1)

21.     The Trust repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22.     The Distribution presently in the possession, custody or control of Defendant is property of the Debtors' estates pursuant to sections 541(a) and 363(b)(1) of the Bankruptcy Code, in that the Debtors had a legal or equitable interest in the funds representing the Distribution, and the attendant right to "use, sell, or lease" the underlying funds.

23.     In contrast, Defendant had no rights with respect to the Distribution, having transferred the Administrative Claim and all rights to any distribution thereon to TRC, as set forth in the Transfer Notices. Thus, Defendant had no right to the possession, custody or control of the underlying funds on the Distribution Record Date or at any time thereafter.

24.     As set forth in the Plan, Debtors irrevocably transferred all assets subject to the Plan to the Trust on the Effective Date. Accordingly, all rights in the Liquidating Trust Assets vested in the Trust thereon, including rights to pursue Liquidating Trust Causes of Action.[14]

25.     Defendant is an entity, other than a custodian, in possession, custody or control of property of the Debtors' estates, not of inconsequential value or benefit to the estate, which the Debtors or the Trust would otherwise be able to properly distribute to TRC. As such, this

---

[14]     *See* Plan § IV.C.1.

Complaint falls squarely within the Causes of Action that constitute Liquidating Trust Assets and automatically vested in the Liquidating Trust on the Effective Date. [15]

26.    Notwithstanding Defendant's actual knowledge of its attendant obligations to remit the Distribution to the Trust or to forward the Distribution to TRC at the Trust's request, Defendant has failed and refused, and continues to fail and refuse, to turn over the Distribution.

27.    Pursuant to Bankruptcy Code section 542(a), Defendant has an absolute duty to deliver to the Trust, and account for, the Distribution.

**SECOND CLAIM FOR RELIEF**
**Avoidance of Unauthorized Post-Petition Transfers**
**Pursuant to Bankruptcy Code Section 549(a)**

28.    The Trust repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29.    The Plan authorizes the Trust to make distributions to claim holders, as defined therein.  As of the Distribution Record Date and at the time of the Distribution, Defendant was not the claim holder for the funds under Claim 2121.

30.    Defendants received the payment without authorization under the Plan or by the Bankruptcy Court.  The payments were made to or for the benefit of Defendant in an aggregate amount of not less than $109,060.00, and were made after the Petition Date.

31.    Based upon the foregoing, the Trust is entitled to an order and judgment against Defendant pursuant to section 549(a) of the Bankruptcy Code, avoiding the transfer of the Distribution to Defendant that occurred after the Petition Date and was not authorized by the Bankruptcy Code or this Court (the "Avoidable Transfer").

---

[15]    *See* Plan § IV.D.

4929-6963-9485.2 00168.00003

**THIRD CLAIM FOR RELIEF**
**Recovery of Avoided Transfers**
**Pursuant to Bankruptcy Code Section 550(a)**

32.     The Trust repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33.     The Trust is entitled to avoid the Avoidable Transfer pursuant to section 549 of the Bankruptcy Code.

34.     Defendant was the initial transferee of the Avoidable Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer was made.

35.     Pursuant to section 550(a) of the Bankruptcy Code, the Trust is entitled to recover from Defendant the Avoidable Transfer, plus (i) pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment and (ii) the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Bankruptcy Court grant the following relief against Defendant:

     a.     Judgment in favor of the Trust and against Defendant, requiring turnover of the Distribution in an amount not less than $109,060.00, plus interest from the date of the Distribution at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees; and

     b.     Granting the Trust such other and further relief as the Bankruptcy Court may deem just and proper.

Dated: New York, New York
       May 2, 2025

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
       crobinson@pszjlaw.com

- and –

KELLEY DRYE & WARREN LLP

Jason R. Adams
Allison Selick
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email:  jadams@kelleydrye.com
       aselick@kelleydrye.com

*Counsel to the 99 Cents Creditors Liquidating Trust*