Catherine Moss, State Bar No. 333216
**KNAPP MOSS**
moss@knappmoss.com
250 Dorris Place
Stockton, California 95204
Telephone: 209.946.4440
Facsimile: 209.466.1170

Attorneys for Yazmin Lopez Alvarez (Claim Number: 2453)



**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores LLC,<br><br><div align="center">Post Confirmation Debtor.</div> | Chapter 11<br>Case No. 24-10721 (JKS)<br><br>**CLAIMANT YAZMIN LOPEZ ALVAREZ'S RESPONSE TO THE 99 CENTS CREDITORS' LIQUIDATING TRUST'S THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS (LATE FILED PERSONAL INJURY CLAIMS)**<br><br>Objections Due: Nov. 12, 2025 at 4PM (ET)<br>Hearing Date: Dec. 3, 2025 at 2:30 PM (ET) |

**TO THE COURT AND THE ATTORNEYS OF RECORD FOR 99 CENTS ONLY STORES, LLC:**

Claimant YAZMIN LOPEZ ALVAREZ (Claim Number: 2453) hereby submits this Response to the 99 Cents Creditors' Liquidating Trust's Third Omnibus Objection (Non-Substantive) to Certain Claims (Late Filed Personal Injury Claims).

## I.    TIMELINE OF EVENTS

On October 7, 2022, Claimant Yazmin Lopez Alvarez was shopping in the produce section of the 99 Cents Store that was located at 1915 W San Carlos St, San Jose, CA 95128. At that time, the 99 Cents Store and their employees (hereinafter "Defendants") allowed water to pool on the ground along the aisles creating a dangerous condition. This dangerous condition created an unreasonable risk of harm to invitees and patrons of their store. Defendants knew or should have

1  known about this dangerous condition and
2  failed to inspect, remedy, or remove the
3  hazard. Defendants further failed to warn
4  of this dangerous condition. Consequently,
5  Ms. Lopez Alvarez slipped and fell to the
6  floor
7

8       On October 25, 2022 Ms. Lopez
9  Alvarez retained this office, Knapp Moss,
10 as her attorneys of record for her personal
11 injury claim against 99 Cents Only Stores,
12 LLC. On November 2, 2022, our office
13 sent a letter of representation and a
14 preservation of evidence letter to the 99
15 Cents Store that was located at 1915 W



16 San Carlos St, San Jose, CA 95128. On November 14, 2022, Athens Program Insurance Services,
17 LLC responded to our letter of representation.

18      On September 17, 2024, our office filed a formal Complaint against 99 Cents Only Stores,
19 LLC in the Superior Court of San Joaquin, Case Number STK-CV-UPI-2024-0011909. On
20 November 14, 2024, Athens Program Insurance Services, LLC sent correspondence to our office
21 informing us that 99 Cents Only Stores filed for Chapter 11 bankruptcy on April 7, 2024. This
22 correspondence was the first time our office learned about Defendant's bankruptcy filing. We
23 were directed to Kroll's website where we learned the bar date for filing proofs of claims was July
24 8, 2024.

25      On November 20, 2024, I got in touch with Debtors' counsel, Brett Lowe, associate at
26 Milbank. We had a telephone conversation wherein I requested his client to stipulate to allow my
27 client to file a late proof of claim. I followed up that conversation with an e-mail memorializing
28 what was discussed. On November 25, 2024, Mr.Lowe sent an e-mail communicating to me the

CLAIMANT YAZMIN LOPEZ ALVAREZ'S RESPONSE TO THE 99 CENTS CREDITORS' LIQUIDATING
TRUST'S THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS (LATE FILED
PERSONAL INJURY CLAIMS)

KNAPP MOSS

1  Debtors would stipulate to allow Ms. Lopez Alvarez to file a late proof of claim. (See Exhibit 1.)

2  **II.    BASIS FOR THE AMOUNT OF THE CLAIM**

3      Ms. Lopez Alvarez's case arises out of the slip and fall incident hereinbefore described that

4  occurred on October 7, 2022. Following the incident, a customer incident report (See Exhibit 2)





5      was filled out and

15  (See Exhibit 3.)

22  (See Exhibit 4.)

23      Due to Defendant's negligence, Ms. Lopez Alvarez incurred a $2,475.92 bill

24  (See Exhibit 5), a $5,814.66 bill

25  (See Exhibit 6), a $3,184.62 bill from     (See Exhibit 7), and an

26  $8,625.00 bill from     (See Exhibit 8). These special damages total $20,100.20.

27      Ms. Lopez Alvarez made a claim for damages for $121,178.62. The basis for this amount is

28  her $20,100.20 past medical damages, an estimated $1,078.42 in future medical specials, and an

CLAIMANT YAZMIN LOPEZ ALVAREZ'S RESPONSE TO THE 99 CENTS CREDITORS' LIQUIDATING
TRUST'S THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS (LATE FILED
PERSONAL INJURY CLAIMS)

1  estimated general damages of $100,000 for the pain and suffering she has endured.

2  **III.    YAZMIN LOPEZ ALVAREZ'S CLAIM SHOULD NOT BE DISALLOWED AND**

3  **EXPUNGED BECAUSE HER LATE CLAIM WAS THE RESULT OF**

4  **EXCUSABLE NEGLECT**

5      Ms. Lopez Alvarez's claim was late as a result of excusable neglect. Federal Rule of

6  Bankruptcy Procedure 3003(c)(3) provides that "the [bankruptcy] court shall fix and for cause

7  shown may extend the time within which proofs of claim or interest may be filed." A Court may

8  allow the filing of a late claim if it was the result of excusable neglect. In re Garden Ridge Corp.,

9  348 B.R. 642, 645 (Bankr. D. Del. 2006). Excusable neglect is not defined within the Bankruptcy

10  Code. Instead, "it is based on equity and depends on the particular circumstances and facts of the

11  case." Id., citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113

12  S.Ct. 1489, 123 L.Ed. 2d 74 (1993).

13      Courts generally consider four factors in deciding whether a claimant has established

14  excusable neglect. In re Garden Ridge Corp., 348 B.R. at 645, citing Hefta v. Official Comm. of

15  Unsecured Creditors (In re American Classic Voyages Co.), 405 F.3 133 (3d Cir. 2005). These

16  factors include (i) the danger of prejudice to the debtor; (ii) the length of delay and its impact on

17  the judicial proceedings; (iii) the reason for the delay, including whether the delay was within the

18  reasonable control of the movant; and, (iv) whether the creditor acted in good faith. Id. "All

19  factors must be considered and balanced; no one factor trumps the others." Id.

20      The court can consider several factors in deciding whether prejudice exists. These include

21  "whether the debtor was surprised or caught unaware by the assertion of a claim that it had not

22  anticipated; whether the payment of the claim would force the return of amounts already paid out

23  under the confirmed plan or affect the distribution to creditors; whether payment of the claim

24  would jeopardize the success of the debtor's reorganization; whether the allowance of the claim

25  would adversely impact the debtor actually or legally; and whether allowance of the claim would

26  open the floodgates to future claims." Id. at 646, citing Pro-Tec Serv., LLC v. Inacom Corp. (In re

27  Inacom Corp.), No. 00-2426, 2004 WL 2283599 *4 (D. Del. October 4, 2004), citing In re O'Brien

28  Envtl. Energy, Inc. 188 F.3d 116, 126-28 (3d Cir. 1999).

KNAPP MOSS

1     Here, there is no danger of prejudice to the debtor and the claim was only approximately 4

2 months delayed and had no impact on the judicial proceedings. Further, the reason for the delay

3 was Ms. Lopez Alvarez was not made aware of 99 Cents Only, LLC's bankruptcy filing or the

4 proof of claim bar date. As demonstrated in Exhibit 1, I reviewed Kroll's Affidavit of Service filed

5 5/17/24 (D.I. 587) and neither Ms. Lopez Alvarez's name nor our office's name appeared on the

6 service list. I also reviewed the Supplemental Affidavits of Service (D.I. 867 and 948) and neither

7 Ms. Lopez Alvarez's name nor our office's name appeared on those service lists either. Regardless,

8 our office did not have any record of ever receiving notice of the bankruptcy. Ms. Lopez is a

9 Spanish-language speaker, and she additionally does not have any memory or record of receiving

10 the notice of bankruptcy.

11     **a.  DEBTOR'S COUNSEL STIPULATED TO ALLOW THE LATE FILING**

12     Most pertinently, however, Ms. Lopez Alvarez's claim should not be disallowed or expunged

13 because debtor's counsel stipulated to allow her filing of the late claim. (See Exhibit 1.)

14 **IV.  CONCLUSION**

15     For the reasons cited above, Ms. Lopez Alvarez's claim is valid and should not be disallowed

16 or expunged. As such, we respectfully request the Court to overrule the Movant's objection to her

17 claim.

18

19                                 KNAPP MOSS

20 DATED:  November 10, 2025

21

22                                   By:

23                                   CATHERINE R. MOSS

24                                   Attorney for Claimant

25                                   Yazmin Lopez Alvarez

26

27

28

CLAIMANT YAZMIN LOPEZ ALVAREZ'S RESPONSE TO THE 99 CENTS CREDITORS' LIQUIDATING
TRUST'S THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS (LATE FILED
PERSONAL INJURY CLAIMS)

# EXHIBIT 1

Monday, November 10, 2025 at 12:21:57 PM Pacific Standard Time

**Subject:** Re: 99 Cents Bankruptcy Case
**Date:** Monday, November 25, 2024 at 2:15:55 PM Pacific Standard Time
**From:** Lowe, Brett
**To:** Catherine Moss
**CC:** Moreno, Yessenia, Peretz, Tuvia

Ms. Moss,

The Debtors agree to allow your client to file a late proof of claim, but they reserve all rights as to the substance of the claim.

Brett Lowe | Milbank | Associate
1850 K Street, NW, Suite 1100 | Washington D.C. 20006
T: +1 202.835.7533
BLowe@milbank.com | milbank.com

**From:** Catherine Moss <moss@lmklaw.net>
**Sent:** Monday, November 25, 2024 2:57 PM
**To:** Lowe, Brett <BLowe@milbank.com>
**Cc:** Moreno, Yessenia <ymoreno@milbank.com>; Peretz, Tuvia <tperetz@milbank.com>
**Subject:** [EXT] Re: 99 Cents Bankruptcy Case

Good Morning Mr. Lowe,

Following up on my previous e-mail. I am concerned about this matter getting lost to the impending holiday season and everyone's conflicting vacation schedules.

Please let me know if your client is willing to stipulate. I appreciate your attention to this matter. Thank you.

Best Regards,


Catherine Renee Moss
**The Law Office of Lawrence M. Knapp**
250 Dorris Place
Stockton, CA 95204
Office: (209) 946-4440
Facsimile: (209) 466-1170
Cell: (209) 986-9715

This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2512 and is legally privileged. If you received this e-mail message in error, please immediately notify the sender by replying to this e-mail message or by telephoning 209.946.4440. Thank you.

**From:** Catherine Moss <moss@lmklaw.net>
**Sent:** Wednesday, November 20, 2024 2:23 PM
**To:** Lowe, Brett <BLowe@milbank.com>
**Subject:** Re: 99 Cents Bankruptcy Case

Good Afternoon Mr. Lowe,

This e-mail will serve to memorialize our telephone conversation wherein I called to see if your client would be willing to stipulate to allow my client to file a late proof of claim for payment from 99 Cents Only Stores.

My client's name is Yazmin Lopez Alvarez. She was injured in a California 99 Cents Only Store in 2022. We had been working with Athens Administrators attempting to negotiate a settlement. We ended up filing the matter on September 9, 2022. Last week, I learned from Athens Administrators that 99 Cents Only Stores had filed for bankruptcy. Upon discovering this information, I was directed to Kroll's website where I learned the bar date for filing proofs of claims had passed in July.

I did review Kroll's Affidavit of Service filed 5/17/24 (D.I. 587) and neither Ms. Lopez's name nor our offices name appears on the service list. I also reviewed the Supplemental Affidavits of Service (D.I. 867 and 948) and neither Ms. Lopez's name nor our office's name appears on those service lists either.  Regardless, our office does not have any record of ever receiving notice of the bankruptcy. Ms. Lopez is a Spanish-language speaker and she additionally does not have any memory or record of receiving the notice of bankruptcy.

As such, I am respectfully requesting your client stipulate to allow Ms. Lopez to file a late proof of claim.

If you have any questions, please let me know. I look forward to your response.

Best,


Catherine Renee Moss
**The Law Office of Lawrence M. Knapp**
250 Dorris Place
Stockton, CA 95204
Office: (209) 946-4440
Facsimile: (209) 466-1170
Cell: (209) 986-9715

This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2512 and is legally privileged. If you received this e-mail message in error, please immediately notify the sender by replying to this e-mail message or by telephoning 209.946.4440. Thank you.

**From:** Catherine Moss <moss@lmklaw.net>
**Sent:** Wednesday, November 20, 2024 1:44 PM
**To:** Lowe, Brett <BLowe@milbank.com>
**Subject:** Re: 99 Cents Bankruptcy Case

Wonderful. Thank you!

Catherine Renee Moss
**The Law Office of Lawrence M. Knapp**
250 Dorris Place
Stockton, CA 95204
Office: (209) 946-4440
Facsimile: (209) 466-1170
Cell: (209) 986-9715

This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2512 and is legally privileged. If you received this e-mail message in error, please immediately notify the sender by replying to this e-mail message or by telephoning 209.946.4440. Thank you.

**From:** Lowe, Brett <BLowe@milbank.com>
**Sent:** Wednesday, November 20, 2024 1:44 PM
**To:** Catherine Moss <moss@lmklaw.net>
**Subject:** RE: 99 Cents Bankruptcy Case

Hi Ms. Moss,

I will try to call you back on this shortly.

Brett Lowe | Milbank | Associate
1850 K Street, NW, Suite 1100 | Washington D.C. 20006
T: +1 202.835.7533
BLowe@milbank.com | milbank.com

**From:** Catherine Moss <moss@lmklaw.net>
**Sent:** Tuesday, November 19, 2024 3:28 PM
**To:** Lowe, Brett <BLowe@milbank.com>
**Subject:** [EXT] 99 Cents Bankruptcy Case

Hello Mr. Lowe,

I just left you a voicemail and wanted to follow up with you via e-mail. I am an attorney representing a client who has a claim against 99 Cents Only Stores. When you have a

chance, please give me a call at 209-986-9715.

Thank you.

Best,

Catherine Renee Moss
**The Law Office of Lawrence M. Knapp**
250 Dorris Place
Stockton, CA 95204
Office: (209) 946-4440
Facsimile: (209) 466-1170
Cell: (209) 986-9715

This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2512 and is legally privileged. If you received this e-mail message in error, please immediately notify the sender by replying to this e-mail message or by telephoning 209.946.4440. Thank you.

**From:** Moreno, Yessenia <ymoreno@milbank.com>
**Sent:** Tuesday, November 19, 2024 12:18 PM
**To:** Catherine Moss <moss@lmklaw.net>
**Cc:** Peretz, Tuvia <tperetz@milbank.com>
**Subject:** 99 Cents Bankruptcy Case

Catherine,

Just tried your phone and was sent to voicemail. I'm one of the attorneys representing 99 Cents in their bankruptcy case. Let me know if another time works best for a call, and also happy to answer any questions you have via email.

Thank you.

Yessenia Moreno | Milbank | Associate
Pronouns: she/her/hers
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5546
ymoreno@milbank.com | milbank.com

# EXHIBIT 2

## Customer Incident Report (Page 1 of 2)

The Customer Incident Report (Report) is to be filled out by the Manager on Duty for any reported Customer incident. The Report is prepared at the direction of the attorneys for 99 Cents Only Stores LLC in anticipation of litigation, and is subject to attorney work product privilege.

Store Name: San Jose          Store Number: 270
Store Address: 1915 W. San Carlos   City: Sunjose   State: CA   Zip: 95128
MOD Name: Sandra Arliaga          Emp ID: 858127

### CUSTOMER INFORMATION

Customer Name: Josmin          Lopez

### INCIDENT INFORMATION

Date of Incident: 10/7/22          Exact time incident happened: 8:50          AM / PM

Indicate exactly where the incident happened (aisle number, etc.): Produce area

What did Customer say happened? Customer slipped on water

FAX COMPLETED FORM TO (323) 729-3494
THIS FORM IS CONFIDENTIAL - DO NOT GIVE A COPY OF THIS FORM TO ANYONE

Confidential Information. Property of 99 Cents Only Stores LLC. Distribution limited to authorized personnel.          Page 1 of 2

# EXHIBIT 3

REDACTED

# EXHIBIT 4

REDACTED

# EXHIBIT 5

REDACTED

# EXHIBIT 6

REDACTED

# EXHIBIT 7

REDACTED

# EXHIBIT 8

REDACTED