IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| **99 Cents Only Stores, LLC,** | : | |
| | : | Case No. 24-10721 (JKS) |
| *Post-Confirmation Debtor* | : | |
| | : | Objection Deadline: Nov. 12, 2025 |
| | : | Hearing Date:     Dec.  3, 2025 |
| | : | |
| | : | Re: D.I. 200, 227 |

**LIMITED OBJECTION AND
RESERVATION OF RIGHTS OF BRENDA DENISE PORTER
IN OPPOSTION TO LIQUIDATING TRUST'S MOTION
TO FIX PERSONAL INJURY CLAIMS APPLICABLE TO
DEBTOR'S SELF INSURANCE RETENTION**

Brenda Denise Porter, ("Ms. Porter") a creditor of the Debtor, 99 Cents Only Stores, LLC, having filed a Proof of Claim number 2082 on July 9, 2024, through her counsel, hereby presents this Limited Objection and Reservation of Rights effectively opposing the relief being requested by the Liquidating Trust in the *99 Cents Creditors' Liquidating Trust's Motion for Entry of an Order, pursuant to 11 U.S.C.§105(a)and §502(c) authorizing (I) fixing personal injury claims, and (II) lifting the Plan Injunction to allow Personal Injury Claimants to Liquidate Claims, [D.I. 200] ("the Motion"),* and in support thereof responds as follows:

1. Ms. Porter has filed a Proof of Claim with this Court which is subjected to a pending Objection by the Liquidating Trustee under this Fourth Omnibus Motion to Object to certain claims pursuant to 11 U.S.C. §502(a) and Bankruptcy Rule 3007(d) as a result of being submitted one day late. Ms. Porter's completed Proof of Claim was deposited in the U.S. Mail on July 3, 2024, properly addressed, but was not received until July 9, 2024, one day beyond the established bar date. Ms. Porter has timely opposed the Liquidating Trustee's efforts to object to

1

the Claim [D.I.227] and the matter is before the Court for adjudication. For the reasons more fully set forth in her Response, the circumstances behind the expeditious scheduling and requirements for filing claims, and the unfortunate delays in mail delivery both with Debtors serving the Notice of the bar date and Ms. Porter's state court counsel mailing the Proof of Claim over a holiday period represents circumstances supporting this request for permitting the late filed claim consistent with Bankruptcy Rule 9006(b)(1).

2. The Liquidating Trust, by this current Motion now requests the Bankruptcy Court to fix some 453 Personal Injury claims and actions which are or were pending against the Debtor entities prior to the filing of the Petitions. Ms. Porter had instituted her lawsuit for damages against the Debtor 99 Cents Only Stores on August 17, 2021. The litigation matter had been pending in the trial court in the State of California for more than two years prior to the commencement of the bankruptcy proceeding in Delaware on April 7, 2024.

3. The Liquidating Trust brings this Motion seeking this Court's relief due to the Debtor having self-insured its liability claims for the first $300,000 of damages. The Liquidating Trust seeks the Court to Fix claims related to these 453 pending lawsuits and claims potentially against the Debtor as a consequence of this self-insured retention obligation.

4. To the extent that personal injury damage claims of injured individuals exceed the $300,000 threshold, the Liquidating Trust should be obligated to establish a fund and retain the full sum of $300,000 for each potential claim as a reserve against subsequent recoveries.

5. Ms. Porter does not oppose the relief sought pursuant to the Motion to enable all claimants to be granted relief from the Plan Injunction in order to pursue damages in excess of the $300,000 against the Debtor's insurance carrier.

6.      Ms. Porter opposes the Liquidating Trust's request to terminate all defense counsel engaged by the Debtor to defend recently pending actions, unless the Liquidating Trust stipulates to post the full SIR reserve on account of Ms. Porter's claim.

7.      Ms. Porter further reserves the right to supplement and modify the relief sought under this Limited Response in Opposition once the breadth of the relief sought by this Motion is fully understood. There is no estimation presented as to the viability of the Estate which would enable a claimant such as Ms. Porter or her State Court counsel to make an informed decision as to the relief sought by this Motion and its effect on her potential recovery for damages alleged unde the pre-petition personal injury litigation and claims.

WHEREFORE, Brenda Denise Porter respectfully prays this Court deny the relief presently sought by the Liquidating Trust through this Motion until such time as more definitive information is provided to permit affected claim holders to make informed decisions into the relief being sought.

Respectfully submitted,

Dated: November 12, 2025

**OFFIT KURMAN, P.A.**

By: **/S/ Brian J. McLaughlin**
BRIAN J. MCLAUGHLIN
(DE Bar Id. No. 2462)
OFFIT KURMAN, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801
Telephone: (302) 351-0916
E-mail: brian.mclaughlin@offitkurman.com

By: **/s/ P.J. Winterhalter**
**PAUL J. WINTERHALTER**
*( Pro Hac Vice pending)*
401 Plymouth Road, Suite 100
Plymouth Meeting, PA 19462
Telephone: (267) 338-1370
E-mail: pwinterhalter@offitkurman.com
*Attorneys for Brenda Denise Porter*