1
*Scott A. VanWagenen  #182211*
*Law Offices of*
2
**DAVIS & VANWAGENEN**
*5703 North West Avenue, Suite 100*
3
*Fresno, CA  93711*
*Telephone:  (559) 438-1030*
4
*Facsimile:  (559) 438-1362*

5
Attorney for Creditor, GLORIA CRUZ

2025 NOV 13  A 11: 16

6

7
IN THE UNITED STATES BANKRUPTCY COURT
8
FOR THE DISTRICT OF DELAWARE
9

10
| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) Case No.: 24-10721 (JKS) |
| 99 Cents Only Stores LLC, et al. | ) |
| | ) **RESPONSE TO CREDITORS' THIRD** |
| Debtor. | ) **OMNIBUS OBJECTION (NON-** |
| | ) **SUBSTANTIVE) TO CERTAIN CLAIMS** |
| | ) **(LATE FILED PERSONAL INJURY** |
| | **CLAIMS)** |

15          The 99 Cents Creditors' Liquidating Trust (the

16 "TRUST"), filed a Third Omnibus Objection (Non-Substantive) to

17 Certain Claims (Late Filed Personal Injury Claims) and are

18 seeking entry of an order disallowing and expunging the Late

19 Filed PI Claims listed in **Schedule 1** of their motion, which

20 includes Claimant, GLORIA CRUZ, Claim #2537.

21          COMES NOW, Claimant, GLORIA CRUZ, by and through her

22 attorney, Scott A. VanWagenen, of the Law Offices of Davis &

23 VanWagenen to respond to this Third Omnibus Objection and that

24 Claimant, GLORIA CRUZ, did file her Proof of Claim, it should be

25 deemed timely, and due to the late notice given to Claimant's

26 counsel and should be allowed.

27 / / /

28 / / /

## FACTUAL BACKGROUND

That on June 25, 2023, Claimant, GLORIA CRUZ, was a customer in Debtor's business, The 99 Cents Only Store, located at 1520 N. 1st Street, in Fresno, California. As she was walking through the store, shopping, she was caused to slip and fall due to a dangerous condition in the store causing injuries and damages to her body for which she sought medical treatment. She immediately reported the incident and injuries that same day to the Debtor, The 99 Cents Only Store, through the Supervisor on duty, Robert Lee, and was assisted by Security Guard, Jay Atrian who then called an ambulance for her and she was transported from the store to the hospital. After a few weeks of trying to communicate with the store to get insurance information, Claimant, GLORIA CRUZ, contacted Counsel to assist her on this claim. On August 14, 2023, a letter of representation (Exhibit "A", attached to this Response) was sent to Debtor's insurance administer, Athens Program Insurance Services, advising of her claim and injuries, which was acknowledged by Coleen Sallusti, claims examiner II at Athens Administrators, on August 16, 2023 (Exhibit "B", attached to this Response). Claimant, GLORIA CRUZ, continued her treatment and once she was released from care, her attorneys of record forwarded all medical documentation to Coleen Sallusti with a demand on March 4, 2025 (Exhibit "C", attached to this Response). On March 31, 2025, the undersigned, as attorney for Claimant, GLORIA CRUZ, received a letter from Coleen Sallusti (Exhibit "D", attached to this Response) in response to our demand advising of the Bankruptcy proceedings, the automatic stay and the information to submit a Proof of

1  Claim, <u>for the first time</u>. My office took immediate action and

2  provided the information requested and filed an Electronic Proof

3  of Claim on April 2, 2025. On Friday, October 24, 2025, the

4  undersigned, as attorney of record for Claimant, GLORIA CRUZ,

5  received in the mail The 99 Cents Creditors' Liquidating Trust's

6  Third Omnibus Objection (non-substantive) to Certain Claims

7  (Late Filed Personal Injury Claims) paperwork advising of their

8  objection.

9  **LEGAL ARGUMENT**

10      The objection as it relates to Claimant, GLORIA CRUZ,

11  should be denied and Claimant's Proof of Claims should be deemed

12  valid despite creditor's claim the submission was tardy due to

13  "excusable neglect", within the meaning of Rule 9006(b)(1), and

14  due to inadequate notice. Further, the Supreme Court in *Pioneer*

15  *Investment Services Co.* v. *Brunswick Associates Ltd.*

16  *Partnership, (1993)* 507 U.S. 380, held that "a party may claim

17  excusable neglect only if the failure to timely perform was due

18  to circumstances beyond its reasonable control". Lastly, on

19  Appeal the Court of Appeals later agreed with the District Court

20  that "excusable neglect" was not limited to cases where the

21  failure to act was due to circumstances beyond the movant's

22  reasonable control. In the case of Claimant, GLORIA CRUZ, the

23  tardiness of the Proof of Claim was due to "excusable neglect"

24  and was due to circumstances beyond her control. Debtor was

25  timely notified through their Insurance Administrator of

26  Claimant, GLORIA CRUZ's, potential claim and timely provided all

27  pertinent contact information for her attorney of record, Scott

28  A. VanWagenen. The claim was acknowledged and assigned a claim

1    number and it wasn't until March 31, 2025, when the creditors

2    emailed Counsel for Claimant, GLORIA CRUZ, of the pending

3    Bankruptcy filed by their insured. Counsel for Claimant, GLORIA

4    CRUZ, immediately took action and submitted a Proof of Claim on

5    April 2, 2025.

6          The Sixth Circuit of the Court of Appeals, followed "a

7    more liberal approach" to evaluate a party's conduct against

8    several factors, including "(1)**whether granting the delay will**

9    **prejudice the debtor; (2)the length of the delay and its impact**

10   **on efficient court administration; (3)whether the delay was**

11   **beyond the reasonable control of the person whose duty it was to**

12   **perform; (4)whether the creditor acted in good faith; and**

13   **(5)whether clients should be penalized for their counsel's**

14   **mistake or neglect**" (*In Re Dix*, 95 B.R. 134, 138 (CA9 Bkrtcy.

15   Appellate Panel 1988)(Italics added)  The Court of Appeals also

16   agreed with the district Court that the five "*Dix* factors" were

17   helpful, although not necessarily exhaustive guides and was

18   later reduced down to four (4) factors as set forth below:

19                    <u>Dix Factor 1 – Reason for Delay</u>

20         The reason for the delay in Claimant, GLORIA CRUZ,

21   filing her Proof of Claim is due to inadequate notice on the

22   part of Creditor. Debtor was aware of her potential claim and

23   all contact information of her counsel of record through their

24   normal course of business and claims process and furthermore was

25   aware of the claim since the day of the incident. They had

26   acknowledged that claim as detailed above and is therefore

27   excusable under the law.

28   / / /

1

## Dix Factor 2 - Length of Delay

2          The delay in this case is short and Counsel for

3 Claimant acted promptly once made aware of the deadline. In

4 fact, once notified, a Proof of claim was filed within two (2)

5 days of that notice, well within the one year limitation.

6 (*Klapprott v. United States*, 335 U.S. 601, 613-614 (1949))

7

## Dix Factor 3 - No Prejudice to Debtor

8          Debtor and/or the other creditors in this proceeding

9 will not be prejudiced by the allowance of this claim as this

10 claim had already been processed and the debtor had been aware

11 of Claimant, GLORIA CRUZ's claim since the date of the incident.

12 Further, no plan has been confirmed in this proceeding.

13

## Dix Factor 4 - Good Faith

14          Counsel for Claimant, GLORIA CRUZ, and Claimant,

15 GLORIA CRUZ, herself have acted in good faith at all times

16 herein mentioned in the representation and presentation of her

17 claim to debtor. Claimant notified debtor's store manager

18 immediately the day of the incident where she was injured and

19 the manager summoned for the ambulance for Claimant, GLORIA CRUZ

20 from the store. When Claimant, GLORIA CRUZ, was unable to get in

21 contact with anyone to discuss her claim, she contacted the Law

22 Offices of Davis & VanWagenen and hired their law firm to take

23 over the handling of her claim. The Law Offices of Davis &

24 VanWagenen immediately notified and sent a letter of

25 representation to debtor's insurance administrator who

26 subsequently acknowledged Claimant, GLORIA CRUZ'S claim on

27 August 16, 2023. Once Claimant finished her treatment and was

28 released from care, all of her medical records and billings were

1  forwarded to Creditor's insurance administrator on March 4,

2  2025. On March 31, 2025, Scott A. VanWagenen, counsel of record

3  for Claimant, GLORIA CRUZ, received an email reply from the

4  insurance administrator advising, for the first time, of the

5  bankruptcy proceedings, the automatic stay, and given the

6  information and instructions to file a Proof of Claim. Counsel

7  for Claimant, GLORIA CRUZ, immediately filed the Proof of Claim

8  and submitted it two (2) days later, on April 2, 2025. Both

9  Claimant, GLORIA CRUZ, and her attorney of record acted in good

10  faith at all times and were cooperative, responsive and open in

11  providing information with debtor's insurance administrator.

12      Lastly, as stated in *Pioneer Investment Services Co v.*

13  *Brunswick Associates, LTD. Partnership* the Court confirms that

14  Rule 9006(b)(1) does empower the Bankruptcy Court to permit a

15  late filing if the movant's failure to comply with an earlier

16  deadline "was the result of excusable neglect." It further

17  distinguishes this power between Chapter 7 and Chapter 11 cases

18  as the Chapter 7 "goal" is to liquidate and promptly close and

19  distribute, whereas Chapter 11 aims to reorganize to

20  rehabilitate the debtor and avoid forfeitures by creditors. (See

21  *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203 (1983))

22  This distinguishing goal affords a more flexible timeline for

23  Chapter 11 cases. As this case stems from a Chapter 11 filing,

24  the Court is further provided the flexibility to extend the time

25  frame and allow for a late claims to be accepted.

26  / / /

27  / / /

28  / / /

6

## **CONCLUSION**

For all these reasons it is hereby requested that the Court deny the debtor's objection and allow the claim as filed be accepted and included in these proceedings.

Dated: November 3, 2025        LAW OFFICES OF DAVIS & VANWAGENEN

BY: _____
Scott A. VanWagenen
Attorney for Creditor

RESPONSE TO CREDITORS' THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS (LATE FILED PERSONAL INJURY CLAIMS)

PROOF OF SERVICE

I, the undersigned, declare as follows:

I am over the age of eighteen (18) and not a party to this action; my business address is 5703 North West Avenue, Suite 100, Fresno, California, 93711, which is located in the county where the mailing described below took place.

On November 1, 4 2025, at Fresno, California, I served ___ the original  X  a true copy of the **RESPONSE TO CREDITORS' THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS (LATE FILED PERSONAL INJURY CLAIMS)** in a sealed envelope addressed as follows to the parties to the within action described as:

| | |
|---|---|
| Bradford J. Sandler | Office of the United States Trustee |
| Peter J. Keane | Attn: Rosa Sierra-Fox |
| Jason S. Pomerantz | Email: rosa.sierra-fox@usdoj.gov |
| Shirley S. Cho | |
| Beth E. Levin | |
| Pachulski Stang Ziehl & Jones LLP | |
| Emails: bsandler@pszjlaw.com; | |
| pkeane@pszjlaw.com; | |
| jspomerantz@pszjlaw.com; | |
| scho@pszjlaw.com; | |
| blevine@pszjlaw.com | |
| ***Attorneys to the 99 Cents*** | |
| ***Creditors' Liquidating Trust*** | |

Clerk of the Court
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801
(electronically Filed with PACER)

| | |
|---|---|
| Placed for Mailing: | I am readily familiar with the practice for collection and processing of correspondence for mailing with the United States Postal Service of the firm. The practice is to deposit correspondence with the United States Postal Service the same day it is placed for mailing in the ordinary course of business. I placed the envelope(s), with postage prepaid, [___ marked Express Mail] for collection and processing for mailing following said practice. (Code Civ. Proc., § 1013, et seq.) |
| Personally Mailed: | I deposited the envelope(s), with postage prepaid, [___ marked Express Mail] with the United States Postal Service. (Code Civ. Proc., § 1013, et seq.) |
| Personal Service: | I delivered said envelope(s) by hand to the address(es) listed above. (Code Civ. Proc., § 1011.) |
| x  Electronic Service: | By court order or by agreement of the parties to accept service by electronic transmission, I electronically served the above mentioned document(s) to the interested parties, as indicated, at the electronic service address(es) listed above through my electronic |

1           service address of Shannon.haas@davisvanwagenenlaw.com,
(Code of Civ. Proc., § 1010.6(a)(2))

2

Facsimile:   I served said document via facsimile transmission to
3           the number(s) listed above.   (Code Civ. Proc., § 1013,
et seq.)

4

State:   I declare under penalty of perjury under the laws of
5           the State of California that the foregoing is true &
correct.

6

x   Federal:   I declare that I am employed in the office of a member
7           of the bar of this court at whose direction service was
made.

8

   Executed on November 7, 2025.
9

10

                Shannon Haas
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO CREDITORS' THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS (LATE FILED
PERSONAL INJURY CLAIMS)

# EXHIBIT "A"

*Law Offices of*
## DAVIS & VANWAGENEN
*5703 North West Avenue, Suite 100*
*Fresno, California 93711*

*Craig A. Davis, Retired*
*Scott A. VanWagenen*

*Phone: (559)438-1030*
*Facsimile: (559)438-1362*
*Website: davisvanwagenenlaw.com*

August 14, 2023

**VIA EMAIL TO AVOID DELAY: netclaim@athensadmin.com**
Athens Administrators

|       | Re:  | Our Client    | : | Gloria Cruz          |
|-------|------|---------------|---|----------------------|
|       |      | Your Report No.: | | 134786745         |
|       |      | Incident Loc. | : | 99 Cents Only Stores |
|       |      |               | : | 1520 N. First St.    |
|       |      |               | : | Fresno, CA  93703    |
|       | Date of Injury : | |  | June 25, 2023        |

TO WHOM IT MAY CONCERN:

Our office represents the above named concerning injuries sustained in this incident. Enclosed herewith is a signed Designation of Attorney form as required by California law. It is our understanding that you are the insurance carrier for the other party involved in this same incident. It is respectfully requested that you confirm in writing that you do have the insurance coverage in this case. My office will be taking over the handling of the bodily injury claim.

Due to the complex nature of the claim, we are hereby demanding that you preserve all data stored by any electronic medium (with metadata intact) and that all deletion programs be suspended immediately. Said data shall be maintained, until such time as our expert and our office is provided the opportunity to inspect, photograph and examine said electronic data. Failure to comply with this demand, will be tantamount to conduct subject to sanctions pursuant to by Civil Code of Procedure section 2023.10, et seq.

Please forward copies of any reports, witness information or photographs of the accident scene, along with copies of transcripts of any witness statements, and copies of any and all medical records, reports and billings in your possession.

I will contact you again after I have more definite information as to the nature and extent of the injuries and damages involved.

*Law Offices of*
# DAVIS & VANWAGENEN

Athens Administrators
Report No.: 134786745
August 14, 2023
Page 2


      Thank you for your cooperation and assistance.

              Sincerely,

          Scott A. VanWagenen

SAV/tl

**Teri Little**

| | |
|---|---|
| **From:** | Teri Little |
| **Sent:** | Monday, August 14, 2023 2:14 PM |
| **To:** | 'netclaim@athensadmin.com' |
| **Cc:** | Shannon Haas |
| **Subject:** | Report No. 134786745 Gloria Cruz |
| **Attachments:** | ATHENS 8-14-23 LOR 3rd.pdf |

Please find attached the signed Designation of Attorney for Gloria Cruz for a slip and fall incident on June 25, 2023 at the 99 Cents Only Stores located at 1520 N. First St. in Fresno, California.

Please contact our office at your earliest convenience to provide a claim number and adjuster contact information. The paralegal assigned to this case is Shannon Haas and I have included her in this email.

Thank you,


*Teri Little*
Assistant to Scott A. VanWagenen
**Law Offices of Davis & VanWagenen**
5703 N. West Ave., Suite 100
Fresno, CA 93711
Phone: (559) 438-1030, ext 112
Facsimile: (559) 438-1362
My Office Hours: Monday through Thursday 9:00 am – 3:00 pm (PST)

**CONFIDENTIAL NOTICE:** The information contained in this e-mail is intended only for the personal and confidential use of the recipient's named above and is legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this e-mail in error, please notify us by telephone to (559) 438-1030 and destroy the original transmission without reading or saving it in any manner. Thank you.

**FOR YOUR PROTECTION:** You should carry out your own virus check before opening any attachment. We accept no liability for any loss or damage that may be caused by software viruses or interception/interruption of this e-mail.

**EMAIL COMMUNICATIONS:** Please be advised that important notices and time sensitive materials may not be presumed to have been received or reviewed by our office. You should always confirm proper deliver and attention to each e-mail by talking directly to the responsible attorney on each matter.

# EXHIBIT "B"



08/16/2023

Law Offices of Davis & VanWagenen
5703 North West Ave.  Ste 100
Fresno, CA  93711
Attn:  Scott VanWagenen/Teri Little

SENT VIA EMAIL:  teri.little@davisvanwagenenlaw.com

| **Re** | **My Client**: | The 99 Cents Only Store |
|---|---|---|
| | Claimant: | Gloria Cruz |
| | Date of Loss: | 06/25/2023 |
| | Claim Number: | NN240534 |

Dear Mr. VanWagenen:

Thank you for your letter of representation dated August 14, 2023.   In order for us to better understand Gloria Cruz's claim, we will need the following information and documentation:

1.  Your client's full name(s), aliases, address, date of birth, and Social Security Number.

2.  A complete description of your client's injuries.

3.  Photos of your client's injury (if applicable).

4.  Does your client receive Medicare or Medicaid benefits?

5.  Does your client have private health insurance benefits?

6.  A current W-9 for your firm so that I may add your firm to our system

We look forward to receiving this information. We are in the process of obtaining additional information from our client to determine whether the store would be liable for Ms. Cruz's incident.   We cannot commit to payment of any current or future medical bills for your client at this time.   We will notify you of our liability position as soon as we have received and reviewed all requested information.   If you have any questions, please feel free to contact us.

Sincerely,

Coleen Sallusti
Claims Examiner II P&C
(973) 637-2043
csallusti@athensadmin.com

Athens Program Insurance Services, LLC.
on behalf of The 99 Cents Only Store

MAILING ADDRESS:
PO BOX 4111 | CONCORD, CA | 94524-4111

CA LICENSE 2743958
PHONE: 1.800.677.7896

# EXHIBIT "C"

*Law Offices of*
# DAVIS & VANWAGENEN
**5703 North West Avenue, Suite 100**
*Fresno, California 93711*

*Craig A. Davis, Retired*
*Scott A. VanWagenen*

*Phone: (559)438-1030*
*Facsimile: (559)438-1362*
*Website: davisvanwagenenlaw.com*

March 4, 2025

File No. 8975

Coleen Sallusti
Claims Examiner
Athens Administrative
PO Box 4111
Concord, CA 94524

> Re:  Our Client      :    Gloria Cruz
>      Your Client     :    The 99 Cents Only Store
>      Claim Number    :    NN240534
>      Date of Loss    :    June 25, 2023

Dear Ms. Sallusti:

This letter shall serve as a settlement demand concerning the above-referenced matter. Enclosed herein please find any and all medical reports, bills, invoices and information relative to Gloria Cruz.

## BACKGROUND

Ms. Cruz is 79 years old and resides in Fresno, California. She is a very pleasant, cooperative, hard working individual and makes an excellent witness on her own behalf.

This unfortunate incident occurred on June 25, 2023, at approximately 4:00 pm, at The 99 Cents Only Store located at 1520 N. 1st Street, in Fresno, California. Ms. Cruz entered the store and had been shopping for about 15-20 minutes when she was caused to slip and fall to the floor injuring her left ankle and hitting her head. After she fell she called out for help but no one came for several minutes until a security guard noticed her on the floor and came to her aid. He assisted her from the floor to a chair and called for an ambulance. As she sat there, she noticed that she had slipped on some blueberries that were on the floor.

## LIABILITY

Based upon our evaluation and investigation of this matter, it is apparent that your insured was 100 percent at

*Law Offices of*
## DAVIS & VANWAGENEN

Coleen Sallusti
Athens Administrative
Claim #NN240534
March 4, 2025
Page 2

fault by failing to remove or warn of the dangerous condition that caused Ms. Cruz to slip and fall.

The general rule stated in California Civil Code section 1714 cited by <u>Rowland v. Christian</u> (1968) 69 Cal.2d 108, is that every person is responsible for injuries caused by their failure to use ordinary care or skill in the management of their property. Furthermore, California cases have time and again awarded damages for injuries caused on business premises due to having either actual notice or constructive notice of a dangerous or defective condition, or in the alternative, by failing to make adequate inspections. <u>Bridgeman v. Safeway Stores</u> (1960) 53 Cal.2d 443; <u>Frazier v. Yourway Market, Inc.</u> (1960) 185 Cal.App.2d 390.

The frequency of inspections and the time intervals between such inspections is an important consideration. As an example, it has been held that a lack of inspection for a 15 minute period of time may be sufficient to infer negligence. <u>Hail v. Safeway Stores</u> (1954) 129 Cal.App.2d 124. Other examples include <u>Stanton v. W. G. Grant Co.</u> (1959) 172 Cal.App.2d 89 [patron stepped on a spool of thread -- no inspection for a period of 20 minutes]; <u>Louis v. Hagstrom Food Stores, Inc.</u> (1947) 81 Cal.App.2d 601 [patron slipped in pool of syrup -- no inspection for between 15 to 25 minutes].

With respect to your anticipated defense that Ms. Cruz should have been placed on notice because of the obviousness of the dangerous condition, it has little significance under the facts of this dispute. The court in <u>Osborn v. Mission Ready Mix</u> (1990) 224 Cal.App.3d 104, 122 addressed the issue of when the obviousness of a danger alleviates or nullifies the duty of a landowner. The <u>Osborn</u> court stated at page 122:

> Thus, although the obviousness of a danger may obviate the duty to warn of its existence, if it is foreseeable that the danger may cause injury despite the fact that it is obvious, there may be a duty to remedy the danger, and a breach of that duty may in turn form the basis for liability, if the breach of duty was the proximate cause of the injury.

Furthermore, the mere fact that someone has not slipped or fallen before on the day in question in the

*Law Offices of*
**DAVIS & VANWAGENEN**

Coleen Sallusti
Athens Administrative
Claim #NN240534
March 4, 2025
Page 3

particular area is not enough to prevent liability on the part of your insured.   The court in <u>Weirum v. RKO General, Inc.</u> (1975) 15 Cal.3d 40 at page 47 states:

> The mere fact that a particular kind of accident has not happened before does not . . . show that such accident is one which might not reasonably have been anticipated (cite omitted).   Thus, the fortuitous absence of prior injury does not justify relieving defendant from responsibility for the foreseeable consequences of its acts.

Based on the above facts and law, liability is clear in this case, Ms. Cruz was not negligent in any manner, nor could she have taken any precautions to avoid the blueberries on the floor and did not notice until after she had slipped and fell.   In light of the above conditions and circumstances, it is clear that your insured did not exercise ordinary care in the management of their property.

Furthermore, your insured's failure to use ordinary care in the management of their property is the direct and proximate cause of the slip and fall that resulted in Ms. Cruz's injuries.

Therefore, this settlement demand will be based on our assumption of no comparative fault.

### INJURIES AND MEDICAL TREATMENT

As a result of this accident, Ms. Cruz sustained personal injuries primarily consisting of:

1. Head pain;
2. Concussion;
3. Left ankle pain with numbness and tingling;
4. Left ankle Avulsion Fracture; and
5. Right ankle/foot numbness and tingling.

Paramedics arrived on the scene and found Ms. Cruz sitting upright in a chair.   Ms. Cruz explained that she had slipped and fallen in the store hitting her head and injuring

*Law Offices of*
*DAVIS & VANWAGENEN*

Coleen Sallusti
Athens Administrative
Claim #NN240534
March 4, 2025
Page 4

her left ankle but denied any loss of consciousness. Ms. Cruz
was then transported to Fresno Community Hospital for evaluation
and treatment of her complaints.

Upon her arrival at the emergency department of Fresno
Community Hospital, Ms. Cruz advised that she had left ankle
pain and was unable to bear weight and that, although she hit
the back of her head during the fall, she did not lose
consciousness and there was no lump. During her physical
examination the physician's assistant noted tenderness to
palpation proximal to the left lateral malleolus. Based on her
complaints, x-rays were taken of the ankle which confirmed an
avulsion fracture of the distal end of her left tibia. Ms. Cruz
ankle was then wrapped in ace bandage and placed in an air cast.
She was advised that she was being discharged but was given
instructions to take NSAIDs at home for pain and to follow up
with her primary care physician for further care.

As instructed, Ms. Cruz followed up with her primary
care clinic at Clinica Sierra Vista on June 29, 2023. At that
time, she advised that she had been taking Tylenol for pain and
was unable to continue using the air cast because it was so
cumbersome. Dr. Sanirudh examined her ankle and although she found
her gross sensations intact and she was able to wiggle her toes,
she gave Ms. Cruz a referral for Orthopedic Surgery evaluation and
further care.

On July 31, 2023, Ms. Cruz presented to Sierra Pacific
Orthopedics and met with Devin Mangold, MD. At that time, Ms. Cruz
advised Dr. Mangold of the incident and stated she was currently
experiencing moderate aching and throbbing pain over her anterior
ankle that was becoming worse with activity. Additionally, she
also reported occasional numbness and tingling in the bilateral
lower extremities. Dr. Mangold then performed his examination and
had x-rays taken of her foot and ankle. After reviewing the x-
rays, Dr. Mangold recommended Ms. Cruz continue nonoperative
management of her injuries to include physical therapy and
possible steroid injections if pain persisted.

On August 17, 2023, Ms. Cruz presented to Rebecca
Labandeira, RPT, to begin her course of physical therapy, which
was scheduled for twice a week for the next 6 weeks and then they
would reevaluate her progress. Her treatment included therapeutic
exercises, ice/heat and proprioceptive training. Ms. Cruz was

*Law Offices of*

# DAVIS & VANWAGENEN

Coleen Sallusti
Athens Administrative
Claim #NN240534
March 4, 2025
Page 5

compliant with the program however, when her pain failed to improve she returned to Dr. Mangold who then referred her out for an MRI of the left ankle.

The MRI was completed on November 30, 2023, and confirmed bone marrow edema along the medial talar with high-grade overlying chondral cartilage changes. As such, based on these findings, Dr. Mangold recommended a steroid injection. Ms. Cruz agreed and it was performed that day at her visit and she was also given an ASO ankle brace to stabilize the ankle.

On April 2, 2024, Ms. Cruz returned to Dr. Mangold for follow up of her ongoing symptoms. At that time, she reported that the injection improved her symptoms by 50%. Dr. Mangold examined Ms. Cruz and then discussed with her that this should be treated with arthroscopic surgery but he would recommend trying at least 1 more injection before going that route. On June 4, 2024, when she returned to Dr. Mangold, she reported no changes in her symptoms since the last visit. As such, Dr. Mangold performed another injection.

On July 9, 2024, Ms. Cruz again met with Dr. Mangold and advised that her symptoms had completely resolved following the last injection for about a week or 2 but have now returned. The surgical option was again discussed with no guarantees being made. At that time, it was recommended that she undergo a left ankle arthroscopy with possible debridement medial talar, however, due to Ms. Cruz' other health conditions and age, she has not scheduled that surgery. Ms. Cruz continues to experience left ankle pain that comes and goes with cold weather and now has to wear an ankle brace and use a cane.

As a result of the subject accident, Ms. Cruz has incurred the following bills and medical expenses:

| | |
|---|---|
| American Ambulance | $ 2,491.00 |
| Fresno Community Hospital | $ 3,026.20 |
| University Faculty Associates | $   354.00 |
| Community Medical Imaging | $    35.00 |
| Clinica Sierra Vista (estimate) | $   250.00 |
| Sierra Pacific Orthopedics | $ 3,808.00 |
| Sierra Pacific Orthopedics-PT | $ 3,735.00 |
| Pacific Medical (estimate) | $    50.00 |
| Total | $13,749.20 |

*Law Offices of*
**DAVIS & VANWAGENEN**

Coleen Sallusti
Athens Administrative
Claim #NN240534
March 4, 2025
Page 6

Future Arthroscopy Surgery          $5,000 to $7,500

Also, as a result of this accident, Ms. Cruz was and continues to be extremely limited in her activities which affect her ability to care for her duties and responsibilities around the home and to continue with her volunteer work. Clearly, the injuries she sustained severely restricted her activities and disrupted her quality of life.

At the time of this loss, Ms. Cruz was 77 years old. As you know, it is well documented in medical literature that older individuals are more prone to injury, since they have decreased reserve capacity, decreased bone strength, decreased organ sinew, less adaptable brain tissue, and decreased blood vessel flexibility. (Lishman, W.A., *Physiogenesis and psychogenesis in the 'post-concussional syndrome'*, Br. J. Psychiatry, 1988; 153:460-469. And see Pike, J.A., *"The Elderly and Vehicle-Related Injury"*, Paper 881753 in SP-762, Effects of Aging on Driver Performance, Society of Automotive Engineers, (Warrendale, PA, 1988)). Given her age, and with the preceding medical literature in mind, it would be reasonable to expect that Ms. Cruz would have greater adverse symptoms from a fall of this nature.

### SETTLEMENT DEMAND

Based upon the foregoing outline of general and special damages sustained by our client, we hereby offer the following as a full, final and complete settlement of all claims:

    Gloria Cruz                    $95,000.00

We believe the foregoing sum is reasonable in light of the facts contained herein and the apparent clear liability. Once you have had the opportunity to review this matter in greater detail, please contact me such that we can discuss this matter in the hopes of an amicable resolution serving the best interests of all concerned.

Since we have supplied you with a copy of all records and/or made them available to you for evaluation of this claim, we believe that you are in a position to act promptly upon this demand and ask that you respond to this demand within thirty (30) days.

*Law Offices of*
## DAVIS & VANWAGENEN

Coleen Sallusti
Athens Administrative
Claim #NN240534
March 4, 2025
Page 7

Sincerely,

Scott A. VanWagenen

SAV/sh
Enclosures

# EXHIBIT "D"



03/31/2025

The Law Offices of Davis & VanWagenen
5703 North West Ave. Ste. 100
Fresno, CA 93711
ATTN: Scott VanWagenen

SENT VIA EMAIL: scott.vanwagenen@davisvanwagenenlaw.com

**Re**      **My Client**: The 99 Cents Only Store
              Claimant:  Gloria Cruz
      Date of Loss:  06/25/23
      Claim Number:  NN240534

Dear Mr. VanWagenen:

This correspondence will serve as a response to the time limit demand received on March 28, 2025 for the above named matter. Athens Program Insurance Services operated as the claim administrator for 99 Cents Only Stores. Please be informed that 99 Cents Only Stores filed for Chapter 11 bankruptcy April 7, 2024. As a result of this bankruptcy filing, there is an automatic stay in place that stays the commencement of or continuation of lawsuits against the company.

99 Cents Only Stores LLC's commercial insurance policy covering this date of loss is subject to a Self-Insured Retention (SIR), which is required by the policy to be satisfied by the named insured before any coverage is triggered. To date, 99 Cents has not met this coverage requirement.

Information about the bankruptcy and submitting a proof of claim can be found on the website of the company's claims and noticing agent at https://cases.ra.kroll.com/99only/

If you have additional questions regarding what this means for your client, please contact the claims agent Kroll LLC at 99onlyinfo@ra.kroll.com or by calling the toll-free in the U.S. or Canada (844)712-1933 or 1 +(646) 777-2513 for calls originating outside of the U.S.

Sincerely,

Coleen Sallusti
Claims Examiner II P&C
(973) 637-2048
csallusti@athensadmin.com

Athens Program Insurance Services, LLC.
on behalf of The 99 Cents Only Store