IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| 99 Cents Only Stores LLC | § | |
| | § | CASE NO. 24-10721 (JKS) |
| Post-Confirmation Debtor[1] | § | |
| | § | |
| | § | |
| | § | |

### CREDITOR MARINA JONES' MOTION FOR LEAVE TO ALLOW LATE-FILED PROOF OF PERSONAL INJURY CLAIM

NOW COMES, Marina Jones (hereinafter "Movant" or and/or "Creditor"), appearing by and through the assistance of the undersigned counsel of record, and files her Motion For Leave to Allow Late-Filed Proof of Personal Injury Claim. In support thereof, Movant respectfully shows the Honorable Court as follows:

### I.
### JURISDICTION & VENUE

1.1.    The United States Bankruptcy Court for the District of Delaware has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.

1.2.    Venue is appropriate in the District of Delaware pursuant to 28 U.S.C. §§ 1408 and 1409.

1.3.    This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 156(b)(5).

### II.
### FACTUAL & PROCEDURAL HISTORY

2.1.    99 Cents Only Stores LLC ("99 Cents Only Stores") and its affiliates ("Debtors") filed petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware on April 7, 2024. The case was docketed and jointly administered as Case

---

[1] The last four digits of the reorganized debtor's tax identification number are 9147. Movant's motion relates to 99 Cents Only Stores LLC (1605)

1

No. 24-10721 (JKS). On January 24, 2025 the Court confirmed the Further Revised Joint Chapter 11 Plan of Debtors (the "Plan") which became effective on January 31, 2025. Thereafter, The 99 Cents Creditors' Liquidating Trust (the "Trust") was created in order to among other things, reconcile general unsecured claims against Debtors and to make distributions to holders of allowed unsecured claims.

2.2.    Prior to approval of the Plan, the Court set July 8, 2024 as the deadline for all creditors to file proof of claims.

2.3.    Prior to the commencement of the Chapter 11 proceeding by Debtors, Movant was injured at a Houston-area The 99 Cents Only Store due to a slip and fall which occurred on June 20, 2023. Movant sustained severe and disabling injuries to her left leg, neck, right shoulder, and lower back.

2.4.    On July 5, 2023, Movant's counsel provided notice of her representation to 99 Cents Only Stores.[2] The letter requested that 99 Cents Only Stores refrain from further contact with Movant and instead direct all claim-related correspondence and inquiries to Movant's counsel.[3] Ms. Coleen Sallusti, a claims adjustor with Athens Program Insurance Services, LLC, who insured 99 Cents Only Stores, acknowledged receipt of the letter of representation through an acknowledgement letter dated July 13, 2023.[4]

2.5.    Neither Movant nor her counsel had any subsequent contact with 99 Cents Only Stores until Movant's counsel submitted a settlement demand on October 3, 2023 as a substantial amount of time was needed for Movant to complete treatment and for Movant's counsel to assemble her medical and billing records. The settlement demand was sent via e-mail and certified mail to the attention of Ms. Sallusti.[5] An initial settlement offer was later extended.

---

[2] See Exhibit A
[3] Id.
[4] See Exhibit B.
[5] See Exhibit C (Portions Addressing Medical Treatment Redacted).

2.6.    On July 29, 2024, another adjuster assisting Ms. Sallusti, Mr. Kevin Anderson, sent an e-mail to Movant's counsel advising that 99 Cents Only Stores had filed for bankruptcy on April 7, 2024.[6] Neither Movant nor her counsel had any notice of the bankruptcy proceeding prior to receiving Mr. Anderson's e-mail. The e-mail from Mr. Anderson did not provide the date for the filing of a proof of claim nor advise that the proof of claim deadline had been set and had already expired.

2.7.    Movant filed her Proof of Claim electronically on September 30, 2025.[7]

## III.
## ARGUMENT & AUTHORITIES

3.1.    Rule 9006(b)(1) allows the Court to extend a time period for acting if the movant is able to establish cause and the absence of excusable neglect. With regard to the latter, the congressional intent of Rule 900(b)(1) was to empower courts to accept late filings caused by intervening circumstances beyond the moving party's control. Whether a late filing is properly attributable to excusable neglect is an equitable inquiry which is to be determined by all relevant circumstances concerning the party's omission. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc, Ltd. P'ship*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed2d 74 (1993); *In re Wooten*, 620 B.R. 351, 356 (D. N.M. 2020) (citing and applying Rule 9006(b)(1) as well as *Pioneer*). Relevant factors include the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith. *See Pioneer*, 507 U.S. at 395.

3.2.    An analysis of the Pioneer factors weighs in favor of granting leave to Movant to file a late-filed claim. There would be no recognizable prejudice to the reorganized Debtor by allowing

---

[6] See Exhibit D.
[7] See Exhibits E & F (Supporting Documents Submitted With The Proof of Claim Omitted)

Movant to proceed with her claim as the Trust is still in the process of evaluating and paying non-secured claims. Even if some sort of prejudice on the part of the reorganized Debtor could be identified, it is trumped by the prejudice which would be inflicted on Movant if the current motion is denied. Should Movant not be allowed to file a claim, she would be left with no remedy at all against 99 Cents Only Stores despite suffering serious injuries and damages due to the premises liability and negligence of 99 Cents Only Stores. Furthermore, there was no intentional delay or neglect on Movant's part as she was not informed of the bankruptcy action's existence until after the expiration of the claims bar deadline. It would be highly inequitable to leave Movant with no tort remedy whatsoever when the missed claims bar deadline was beyond her control with 99 Cents Only notifying her of the bankruptcy action after the deadline had already passed.

3.3.    The remainder of the *Pioneer* factors all support permitting the late-filed claim. Movant was not responsible for the delays, the delays were not her fault, and has acted in good faith once she did receive late notice.

3.4.    Authorities are clear that the "cause" standard may be satisfied by showing delayed or deficient notice of the bar date. *See, e.g., In re Herd*, 840 F.2d 757, n.2 (10th Cir. 1988); *In re First Magnus Fin. Corp.*, 415 B.R. 416, 422 (Bankr. D. Ariz. 2009). Movant has demonstrated cause as she did not receive timely notice of the bar date or the bankruptcy case in general. She respectfully prays for discretionary relief by the Court in granting her motion and permitting a late-filed claim.

**IV.**
**CONCLUSION & PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Movant Marina Jones respectfully prays that the Honorable Court grant her Motion to Allow Late-Filed Proof of Personal Injury Claim thereby declaring her notice of claim as to 99 Cents Only Stores LLC to be timely filed. Finally, Movant

Marina Jones prays for such additional relief, at either law or equity, to which she may prove herself to be justly entitled.

Respectfully Submitted,

THE BAIRD LAW FIRM

/s/ Kenneth R. Baird, Esq.
Kenneth R. Baird
Texas Bar No. 24036172
Federal Court Id No. 34601
2323 South Voss Road, Suite 325
Houston, Texas 77057
(713) 783-1113
(281) 677-4227 (facsimile)
E-Service: bairdlawfirm@hotmail.com
E-MAIL SERVICE IS ONLY VALID
UNDER RULE 21A IF SENT TO
bairdlawfirm@hotmail.com
*Counsel for Movant/Creditor Marina Jones*

## CERTIFICATE OF SERVICE

I, the undersigned counsel of record for Creditor/Movant Marina Jones, hereby certify that I was unable to us the ECF system for filing so it was filed in person on this the 12th day of November, 2025. Service was also made as follows:

*Via Facsimile: (302) 658-3989*
*& Certified Mail – RRR*
Robert J. Dehney, Sr.
Matthew O. Talmo
Jonathan M. Weyand
Erin L. Williamson
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, 16th Floor
Wilmington, DE 19899-1347
*Counsel for Debtor*

*Via Certified Mail – RRR*
*& Via Facsimile: (212) 530-5219*
Dennis F. Dunne
Lauren C. Doyle
Michael W. Price
Milbank LLP
55 Hudson Yards

New York, NY 10001
*Counsel for Debtor*

*Via Facsimile: (302) 652-4400*
*& Certified Mail - RRR*
Bradford J. Sandler
Colin R. Robinson
Edward A. Corma
Jason S. Pomemerantz
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801
*Counsel for 99 Cents Creditors' Liquidating Trust*

*Via Facsimile: (212) 561-7777*
*& Certified Mail - RRR*
Robert J. Feinstein
Paul J. Labov
Shirley S. Cho
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
*Counsel for 99 Cents Creditors' Liquidating Trust*

*Via Certified Mail – RRR*
*& Via Facsimile: (302) 573-6497*
Office of the US Trustee
844 King Street
Suite 2207
Wilmington, DE 19801

*Via Certified Mail – RRR & Regular Mail*
Clerk of Court
United States Bankruptcy Court
District of Delaware
824 Market Street North
3rd Floor
Wilmington, DE 19801

/s/ Kenneth R. Baird, Esq.
Kenneth R. Baird



**The Baird Law Firm**
2323 South Voss Road,
Suite 325
Houston, Texas 77057

**Kenneth R. Baird**
Managing Partner
Attorney At Law
kbaird@bairdlawfirm.net
Phone:(713) 783-1113
Facsimile:(281) 677-4227

houstonslipandfallattorney.com

July 5, 2023

*Via Certified Mail-RRR*
*& Regular Mail*
99 Cents Only Stores
C/o C T Corporation System
1999 Bryan St, Ste 990
Dallas, TX 75201-3136 USA

*Via Certified Mail-RRR*
*& Regular Mail*
99 Cents Only Stores LLC
4000 E. Union Pacific Avenue
City Commerce CA 90023 USA

*Via Regular Mail*
99 Cents Only Stores
18873 Bissonnet St
Houston, TX 77099

|  |  |
|---|---|
| Re: Our Client: | Marina Jones |
| Responsible Party: | 99 Cents Only Stores |
| Date of Loss: | June 20, 2023 |
| BLF File No: | Unknown/Unassigned |
| Claim No: | Unknown/Unassigned |

### LETTER OF REPRESENTATION

To Whom it May Concern:

Please be advised that The Baird Law Firm has been retained to represent Ms. Marina Jones in connection with the serious personal injuries she sustained after as the result of a premises liability accident that occurred at 99 Cents Only Stores on or about June 20, 2023. Please respect our representation by refraining from direct contact with Ms. Jones and instead directing all future claim related correspondence and inquires to our office.

As Ms. Jones is in the beginning stages of her post-accident treatment, the full extent of her monetary damages is unknown. Once treatment is complete and there is sufficient information available to evaluate her future prognosis and the full extent of her monetary damages, we will forward a demand package with the hope that this claim can be resolved amicably without the need for extended and costly litigation.



99 Cents Only Stores
Letter of Representation
July 5, 2023
Page 2

Please acknowledge our representation in writing at your convenience so that we will be assured that Ms. Jones claim has been appropriately reported.

In the event 99 Cents Only Stores has commercial general liability or other insurance applicable to Ms. Jones claims and/or has tort claims adjusted by a third-party administrator, please forward this correspondence to the appropriate carrier and request that a claims professional contact our office in due course.

Please note that if our representation is not acknowledged within the next thirty (30) days by either 99 Cents Only Stores or a claims professional acting on its behalf, it will be construed as an intent on the part of 99 Cents Only Stores not to cooperate and we will proceed to file suit in the county courts of Harris County without further notice.

In addition to advising of our representation of Ms. Jones, this correspondence shall serve as a request that 99 Cents Only Stores immediately take appropriate steps to preserve any documentary or physical evidence related to the accident, including but expressly not limited to photographs, witness statements, and/or any surveillance videotape which captured all or a part of the accident in question. Failure to comply will lead to a jury instruction concerning spoliation of evidence should this matter ultimately proceed to trial.

In the event there is videotaped footage of the incident in question, please forward a complete, unedited copy of the tape to our office so that it can be reviewed as part of our investigation into this matter.

As a final matter, please be advised that neither Ms. Jones or The Baird Law Firm authorize 99 Cents Only Stores to make payments on Ms. Jones behalf to any of her medical providers and/or entities holding a lien or subrogation interest for her accident-related medical bills. All unpaid medical bills, liens, and/or subrogation interests must be negotiated through The Baird Law Firm. 99 Cents Only Stores does not have authority to enter into any such negotiations unilaterally without prior written approval from our office.

If payments for unpaid medical bills, medical liens, and/or medical subrogation interests be paid by anyone other than The Baird Law Firm or Ms. Jones herself despite the express admonishment against such payments set forth herein, such payments will be construed as gratuitous payments which will not transfer any subrogation interest, right to an offset, and/or an assignment against Ms. Jones tort recovery to 99 Cents Only Stores. Furthermore, any such payments will be considered a tortious interference with our contract with Ms. Jones which will be pursued by our office in the context of a personal injury suit by Ms. Jones and/or subsequent litigation. Based on *Ertvas v. State Farm Mutual Auto Insurance Co.*, 141 S.W.3d 671 (Tex. App. — El Paso, 2004) and related authorities, The Baird Law Firm will assert a claim for attorney's fees on the original value of any such payments at either one-third or 40 percent depending upon whether the claim is in litigation at the time the unauthorized payments are made.

99 Cents Only Stores
Letter of Representation
July 5, 2023
Page 3

Should you have any questions regarding our representation of Ms. Jones and/or any other facet of this claim, please do not hesitate to contact our office.

Very Truly Yours,

Kenneth R. Baird

KRB/ym
No. MJ 12



07/13/2023

The Baird Law Firm
2323 South Voss Rd.  Ste. 325
Houston, TX  77057
Attn:  Gisselle Tweedy

SENT VIA EMAIL:  gtweedy@bairdlawfirm.net

| Re | My Client: | The 99 Cents Only Store |
|----|------------|-------------------------|
|    | Claimant: | Marina Jones |
|    | Date of Loss: | 06/20/2023 |
|    | Claim Number: | NN240335 |

Dear Ms. Tweedy:

Thank you for your letter of representation dated July 5, 2023.   We are in the process of obtaining additional information from our client to determine whether the store would be liable for Ms. Jones's incident.   We cannot commit to payment of any current or future medical bills for your client at this time. We will notify you of our liability position as soon as we have received and reviewed all requested information.   If you have any questions, please feel free to contact us.

Sincerely,

Coleen Sallusti
Claims Examiner II P&C
(973) 637-2043
csallusti@athensadmin.com

Athens Program Insurance Services, LLC.
on behalf of The 99 Cents Only Store





The Baird Law Firm
2323 South Voss Road,
Suite 325
Houston, Texas 77057

Lennell J R Baird
Managing Partner
Attorney At Law
kbaird@bairdlawfirm.net
Phone:(713) 783-1113
Facsimile:(281) 677-4227

houstonslipandfallattorney.com

October 3, 2023

*Via E-mail: csallusti@athensadmin.com*
*& Certified Mail- RRR*
Coleen Sallusti
Claims Examiner II P&C
Athens
P.O. Box 4111
Concord, CA 94524

| Re: | Our Client: | Marina Jones |
|---|---|---|
| | Insured: | The 99 Cents Only Store |
| | Date of Loss: | June 20, 2023 |
| | BLF File No: | Unknown/Unassigned |
| | Claim No: | NN240335 |

## DEMAND PACKAGE[1]

Dear Ms. Sallusti:

As you know from prior correspondence, our office represents Ms. Marina Jones in connection with the serious personal injuries she sustained as a result of an incident at The 99 Cents Only Store on June 20, 2023. As Ms. Jones recently completed her post-accident medical treatment, we are now in possession of sufficient information to assess the value of her personal injury claim and take this opportunity to extend the following settlement demand. The settlement demand is extended for the purpose of facilitating an amicable pre-suit resolution of Ms. Jones' claims thereby allowing all parties involved to avoid the expenses and hassles associated with protracted litigation.

---

[1] This settlement demand is submitted for the express purpose of facilitating a pre-litigation resolution of the above-referenced claim. In the event that litigation is ultimately necessary to resolve this matter, neither this correspondence or any of the statements or representations contained herein shall be admissible at trial or any pre-trial evidentialy shearing pursuant to Rule 408 of the Texas Rules of Evidence.



Coleen Sallusti
Athens
Demand Package
October 3, 2023
Page2

## I.
## FACTS WHICH ENGENDERED THE
## PRESENT CLAIM

Although the facts of this matter are well-known to all parties, we take this opportunity to provide a brief factual summary so that our demand is placed into proper context. On June 20, 2023, Ms. Jones had just entered The 99 Cents Only Store and was headed towards the milk section located at the back of the store. As she walked through the produce section, she suddenly slipped and fell, landing on her left side. When Ms. Jones was able to get up with the help of nearby customers, she realized that the produce table was leaking. After letting the manager know of her fall, the manager informed her that she had already wiped clean the area a few times before Ms. Jones fell but didn't know how to turn off the water hose. The manager further informed her that the produce table was in the process of getting worked on and the property manager was also aware of the issue. Ms. Jones suffered severe and disabling injuries to her left leg, neck, right shoulder and lower back due to the failure of your insured to provide a safe premises.

## II.
## LIABILITY & COMPARATIVE FAULT

As Ms. Jones was a customer at the store when the incident occurred, she is classified as an invitee for purposes of premises liability jurisprudence and was owed a full duty of reasonable care by your insured. As an invitee, the elements of Ms. Jones' premises liability claim are: (1) the existence of a condition which posed an unreasonable risk of harm; (2) actual or constructive knowledge of the condition on the part of the property owner; (3) the property owner failed to exercise reasonable care to either reduce or eliminate the unreasonable risk of harm; and (4) injuries as a proximate result of the failure to use reasonable care. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97 (Tex. 2000); *Zook v. Brookshire Grocery Co.*, 302 S.W.3d 452 (Tex. App. — Dallas 2009, no pet.).

All of the aforementioned elements of Ms. Jones' premises liability claim will be easily satisfied if this matter is tried in court. It is clear that a produce table that leaks onto a highly trafficked walkway is an unreasonably dangerous condition capable of causing the exact injuries Ms. Jones suffered. As noted above, the manager admitted knowing about the defective table, therefore establishing actual notice, but failed to remedy the dangerous condition. Finally, there is no question that Ms. Jones' physical injuries and resulting monetary damages were the proximate result of the dangerous condition and your insured's failure to make the premises reasonably safe.

As Ms. Jones had no reason to suspect that the produce table would be leaking water onto the walkway and committed no wrongdoing other than assuming that your insured would provide a reasonably safe premises, she will not be assigned any comparative negligence by a Harris County jury. As a result, your insured will be held responsible for the full amount of her monetary damages without the benefit of any offset for comparative responsibility.

Coleen Sallusti
Athens
Demand Package
October 3, 2023
Page 3

## III.
## MEDICAL TREATMENT



Coleen Sallusti
Athens
Demand Package
October 3, 2023



## IV.
## DAMAGES



**B. Future Medical Expenses**



**C. Non-Economic Damages**

Coleen Sallusti
Athens
Demand Package
October 3, 2023
Page 5



**V.**
**LIABILITY SETTLEMENT DEMAND**

      Based upon the aforementioned analysis of Ms. Jones' monetary damages and the fact that liability is clear, we have been authorized to extend a settlement demand in the amount of $95,000 which is offered in exchange for a full release of all 1911 claims related to the accident. In the event of an acceptance, Ms. Jones is also willing to provide your insured with full indemnity against any existing liens or subrogation interests.

      The aforementioned settlement demand will remain open for thirty days. If it is not accepted at that point, it will automatically lapse on its own terms and we will proceed to litigation based upon the factual and legal theories outlined in this correspondence.

**VI.**
**MEDICARE ISSUES**

      Ms. Jones is not a Medicare beneficiary and is not age eligible therefore no report to CMS is necessary. The enclosed safe harbor form verifies her lack of Medicare status.

Coleen Sallusti
Athens
Demand Package
October 3, 2023
Page 6

## VII.
## DEMAND FOR MEDICAL PAYMENTS COVERAGE

Separate and apart from the liability demand of $95,000, we hereby request the release of any medical payments benefits available to Ms. Jones on the policy in question. Based upon the enclosed medical and billing records, we request that a check be released for either ██████ or the upper limit of the medical payments coverage in the event Marina Jones' bills exceed the amount of coverage available. The check should be made payable to ██████████████

Please note that the demand for medical payments coverage is separate and apart from the aforementioned settlement demand of $95,000 with the latter being directed solely towards the liability coverage under the policy. Please also note that we will not be offsetting any portion of the medical payments benefits from our liability demand.

We look forward to a timely response. In the interim, please let us know if anything else is needed in order to evaluate the settlement demand.

Very Truly Yours,

Kenneth R. Baird

KRB/gt
Enc. as stated
No. MJ40

**From:** Kevin Anderson <l<eanderson@athensadmin.com>
**Sent:** Monday, July 29, 2024 8:48 AM
**To:** Kenneth Baird <J<baird@bairdlawfirm.net>
**Cc:** Kevin Anderson <keanderson@athensadmin.com>
**Subject:** FW. 99 Cents Only Claim----- Marina Jones (Claim No. NN240335)

Good Morning Kenneth,

I'm supporting my examiner Coleen with this loss.

Athens Program Insurance Services operates as the claim administrator for 99 Cents
Only Stores.

Please be informed, the 99 Cents Only Stores, filed for Chapter 11 bankruptcy April 7,
2024.  As a result of this bankruptcy filing, there is an automatic stay in place that stays
the commencement of or continuation of lawsuits against the company.

Claims that are not covered by insurance, will be administered in the Chapter 11 cases.

Information about the bankruptcy and submitting a proof of claim can be found on the
website of the company's claims and noticing agent  Kroll
at  https://cases.ra.J<roll.corn/99only/.

If you have additional questions regarding what this means for your client please
contact the claims agent Kroll LLC at  99onMnto@ra.kmll.co_m or by calling toll-free in
the U.S. or Canada (844) 712-1933 or +1 (646) 777-2513 for calls originating outside of
the U.S.

Best,

Kevin





**Kevin K Anderson**

P&C Claims Supervisor

PO Box 4111

Concord, CA 94524

Athens Program Insurance Services, LLC

p: 4.07..3.95,02221 f: 407.386.8551

e: keanderson@athensadmJn.comlw:www.athensadmin.c.om

Athens Program Insurance Service-CA License Number 2L60159

 Outlook

---

**Electronic Proof of Claim is Signed and Filed! Your confirmation ID is 3620-1-ONGBN-959300343.**

---

**From** noreply.efiling@ra.kroll.com <noreply.efiling@ra.kroll.com>

**Date** Mon 9/30/2024 11:05 PM

**To**    Kenneth Baird <kbaird@bairdlawfirm.net>

📎 2 attachments (7 MB)

Electronic Proof of Claim - 3620-1-ONGBN-959300343.pdf; MJ 47 - Docs Submitted With Bankruptcy Claim - 9-27-24_Redacted.pdf;

You have completed your submission of Electronic Proof of Claim_3620-1-ONGBN-959300343. Please see the attached for your completed proof of claim form and submitted supporting documentation.

Thank you for your electronic submission. Please do not send a duplicate of this submission by any other method of return.

*Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. All emails sent by Kroll Restructuring Administration LLC will now have the domain @Kroll.com. We recommend that you update your email permissions for "@Kroll.com" to continue receiving messages from us. Emails sent to the domain @primeclerk.com will continue to be received. Please be assured that your information remains secure and is only being used by Kroll Restructuring Administration LLC in connection with the purpose for which it is held.



**United States Bankruptcy Court, District of Delaware**

Fill in this information to identify the case (Select only one Debtor per claim form):

Debtor: 99 Cents Only Stores Texas, Inc.

Case Number: 24-10722

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Marina  Jones<br>Name of the current creditor (the person or entity to be paid for this claim)<br>Other names the creditor used with the debtor   N/A |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (If different) |
|---|---|
| Address 1:   c/o The Baird Law Firm | Address 1: |
| Address 2:   2323 South Voss Road, Suite 325 | Address 2: |
| Address 3: | Address 3: |
| Address 4: | Address 4: |
| City:   Houston | City: |
| State:   TX | State: |
| Postal Code:   77057 | Postal Code: |
| Country: | Country: |
| Contact phone   713-783-1113 | Contact phone |
| Contact email   kbaird@bairdlawfirm.net | Contact email |

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known)_____    Filed on ____/____/____<br>                                                                              MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |



Proof of Claim

page 1

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. How much is the claim? | $ _Unliquidated Personal Injury Damages_    Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

### Personal Injury - Slip & Fall

_____

**9. Is all or part of the claim secured?**

☑ No<br>
☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $ _____

Amount of the claim that is secured:    $ _____

Amount of the claim that is unsecured:    $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $ _____

Annual Interest Rate (when case was filed) _____ %

☐ Fixed<br>
☐ Variable

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| | | Amount entitled to priority |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No | |
| | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $_____ |
| **14. Is all or part of the claim being asserted entitled to administrative priority arising from unpaid rent for the period following the Petition Date through the end of the month of April 2024?** | ☑ No | |
| | ☐ Yes. Indicate the amount of such claim. | $_____ |

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Kenneth Richard Baird, Esq.*                    10/01/2024

_____
Electronic Signature                                      Date

**Name of the person who is completing and signing this claim**

Name          **Kenneth Richard Baird, Esq.**
              _____
              First name          Middle name                    Last name

Title/Company **Attorney For Marina Jones/The Baird Law Firm**
              _____
              Identify the corporate servicer as the company if the authorized agent is a servicer.

Address       **2323 South Voss Road**

              **Suite 325**
              _____
              Number       Street

              **Houston**              **TX**              **77057**
              _____
              City                      State            ZIP Code        Country

Contact phone  **713-783-1113**                      Email    **kbaird@bairdlawfirm.net**

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**

- [x] Yes
- [ ] No

Attachment Filename:

MJ 47 - Docs Submitted With Bankruptcy Claim - 9-27-24_Redacted.pdf

KROLL

Electronic Proof of Claim Confirmation: **3620-1-ONGBN-959300343**

Claim Electronically Submitted on (UTC): **2024-10-01T04:05:19.909Z**

Submitted by: **Marina Jones**
**kbaird@bairdlawfirm.net**

**KROLL**