RECEIVED
2025 NOV 19 AM 8: 49
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br>99 Cents Only Stores, LLC<br>　　　　Post-Confirmation Debtor | Chapter 11<br>Case No. 24-10721 (JKS)<br>Objections Due: November 12, 2025<br>Hearing Date:　December 3, 2025<br>Re: D.I. 201 |

**CLAIMANT LEILA ANTHONY'S OBJECTION TO 99 CENTS CREDITORS' LIQUIDATING TRUST'S THIRD OMNIBUS OBJECTION TO LATE FILED CLAIMS**

**NOW COMES** LEILA ANTHONY ("Claimant"), by and through her undersigned counsel, The Paris Firm, and hereby files this Objection to the 99 Cents Creditors' Liquidating Trust's (the "Trust") Third Omnibus Objection (Non-Substantive) to Certain Claims (Late Filed Personal Injury Claims) [Docket No. 201] (the "Omnibus Objection") with respect to Claim No. 2535, and respectfully states as follows:

### I.　INTRODUCTION

1.　On or about early June 2024, approximately one month before the Claims Bar Date, Claimant timely submitted a proof of claim in connection with her personal injury claim arising from a slip and fall incident that occurred on September 2, 2022, at 99 Cents Only Store located at 24899 Alessandro Blvd., Moreno Valley, California.

2.　Despite timely filing, Claimant never received confirmation that the claim was filed and recorded on the Claims Register, despite being informed telephonically by Kroll Restructuring Administration LLC (the "Claims Agent") that confirmation would be provided within 30 days.

3.　After waiting and receiving no confirmation, Claimant, acting in good faith and in an abundance of caution, submitted additional claim documentation on March 31, 2025, to ensure her claim was preserved and to supplement her earlier timely filing.

1

4. The Trust now seeks to disallow Claim No. 2535 in its entirety based solely on the March 31, 2025, filing date reflected in the Claims Register, without addressing or acknowledging Claimant's earlier, timely filing.

5. Moreover, the Trust and Claimant have been engaged in ongoing discussions regarding a potential resolution of this claim outside of Bankruptcy proceedings. The Trust's decision to include Claim No. 2535 in this Omnibus Objection, despite these settlement discussions, is inconsistent with the parties' good faith efforts to resolve this matter and would undermine the progress made toward an amicable resolution.

6. This omnibus objection complies with the requirements Local Rule 3007-1 of the United States Bankruptcy Court for the District of Delaware.

## II. BACKGROUND

### A. The Claims Bar Date, Claimant's Timely Filing, and Lack of Confirmation

7. The Claims Bar Date was July 8, 2024, by 11:59 P.M. (Eastern Standard Time) if submitted via an electronic proof of Claim on Kroll's website, as acknowledged by the Trust in the Omnibus Objection [Docket No. 201].

8. In approximately mid-June 2024, approximately two-to-three weeks before the Claims Bar Date on July 8, 2024, Claimant's counsel submitted a proof of claim to the Claims Agent via the electronic filing portal on the Claims Agent's website.

9. At the time of the June 2024 filing, Claimant's counsel attempted to upload comprehensive supporting documentation and evidence with the proof of claim. However, the Claims Agent's electronic filing system imposed a technical limitation that restricted uploads to a maximum of 100 documents per submission.

10. Because Claimant's claim documentation exceeded 100 documents, the electronic filing system may have rejected, truncated, or failed to properly process the submission. Claimant's counsel had no way of knowing at the time of submission that this technical limitation would cause the claim filing to fail or be incompletely processed.

11. At the time of submission, Claimant's counsel contacted the Claims Agent telephonically to confirm receipt and was advised that it would take approximately 30 days to receive written confirmation that the claim had been filed and recorded.

12. Despite assurances provided, Claimant never received any written confirmation, acknowledgment, or claim number indicating that the proof of claim had been received, processed, or recorded on the Claims Register.

13. Claimant's counsel made diligent efforts to follow up on the status of the claim, but was unable to obtain any confirmation from the Claims Agent regarding the filing.

**B. The March 31, 2025 Submission**

14. On March 31. 2025, after months of unsuccessful attempts to confirm the status of the original filing, and out of an abundance of caution to protect Claimant's rights, Claimant's counsel submitted a comprehensive claim package to the Claims Agent, including medical records, billing information, and a detailed letter outlining Claimant's injuries and damages.

15. This March 31, 2025 submission was not intended as an initial filing, but rather as supplemental documentation and a protective refiling to ensure Claimant's claim would not be lost due to the administrative failure to confirm the earlier, timely submission.

16. The Claims Agent appears to have treated the March 31, 2025 submission as the initial filing date, resulting in Claim No. 2535 being classified as a late-filed claim.

**C. Ongoing Settlement Discussions with the Trust**

17. Following the filing and service of Claimant's state court lawsuit in August 2024, Claimant's counsel and representatives of the Trust have engaged in ongoing discussions regarding the merits of Claimant's personal injury claim and potential resolution outside of the Bankruptcy process. These discussions have been conducted in good faith by both parties and have included substantive exchanges regarding liability, damages, insurance coverage, and potential settlement frameworks.

18. The Trust's participation in settlement demonstrates its actual knowledge of an acknowledgment of Claimant's claim, notwithstanding any purported deficiency in the timing or form of the proof of claim filing.

19. The Trust's participation in settlement negotiations is inconsistent with its current position that Claim No. 2535 should be disallowed and expunged in its entirety. Disallowing Claim No. 2535 at this juncture would undermine the parties' good faith settlement efforts and waste the time and resources both parties have invested in working toward an amicable resolution.

## D. Claimant's Underlying Personal Injury Claim

20. Claimant's claim arises from a slip and fall incident on September 2, 2022, at Debtor's 99 Cents Only Store located at 24899 Alessandro Blvd., Moreno Valley, California.

21. Claimant suffered significant injuries, including a traumatic brain injury, cerebral concussion, post-concussion syndrome symptoms, and cervical and lumbosacral sprains.

22. Claimant has filed a personal injury lawsuit in the Superior Court of California, County of Riverside, Case No. CVRI2404783, which remains pending.

### III.    ARGUMENT

## A. The Court Should Allow Claimant's Proof of Claim Based on Equitable Principles

23. Federal Rules of Bankruptcy Procedure Rule 9006(b)(1) permits a Bankruptcy court to extend the time for filing a proof of claim where "the failure to act within that period resulted from excusable neglect." (Fed. R. Bankr. P. 9006(b)(1)(B)). The Supreme Court has held that "excusable neglect" under Rule 9006(b)(1) is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." (Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). A court should consider "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." (Id.). The Supreme Court further noted that "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting a tardy claim." (Id. at 398).

24. Under the Pioneer factors, Claimant's original timely filing should be recognized, or alternative, the March 31, 2025 filing should be deemed timely under principles of excusable neglect and equitable tolling.

### 1. There is No Prejudice to the Debtor or Trust

25. There is no prejudice to the Debtor or the Trust resulting from allowing Claimant's claim. The Trust has been aware of Claimant's underlying lawsuit filed in August 2024, as evidenced by the pending state court action in Riverside Superior Court.

26. Moreover, the Trust has engaged in substantive settlement discussions with Claimant's counsel, demonstrating actual knowledge of the claim, its factual basis, and its alleged

4

value. The Trust cannot be prejudiced from a purportedly late filing when it has been actively negotiating with Claimant regarding the dame claim.

27. Claimant's injury occurred on September 2, 2022, well before the Debtor's bankruptcy petition, and the Debtor had full notice and opportunity to investigate the claim through both the state court litigation and ongoing settlement negotiations.

28. Allowing the claim will not disrupt the administration of the bankruptcy estate, particularly given that the Trust's own motions contemplate procedures for personal injury claims to be liquidated in state court and paid from insurance proceeds rather than estate assets.

29. To the contrary, disallowing the claim would disrupt the orderly resolution of this matter by eliminating the basis for the ongoing settlement discussions and forcing the parties to litigate issues they have been working cooperatively to resolve.

### 2. Any Delay Was Not Within Claimant's Reasonable Control

30. Claimant exercised reasonable diligence by filing her proof of claim form with supporting documentation approximately two-to-three weeks before the Claims Bar Date.

31. The failure to have the claim recorded on the Claims Register was entirely outside of Claimant's control and resulted from an apparent administrative error or failure by the Claims Agent.

32. Claimant relied on the Claims Agent's telephonic representation that confirmation would be provided within 30 days, and reasonably believed that such confirmation would be produced.

33. When Claimant realized no confirmation had been received, she acted promptly and in good faith to supplement the initial filing by submitting an additional claim package on March 31, 2025.

### 3. Claimant Acted in Complete Good Faith

34. Claimant demonstrated good faith throughout this process by: (a) filing approximately two-to-three weeks before the Claims Bar Date deadline; (b) making telephonic inquiry to confirm submission; (c) waiting the advised 30-day period; (d) making follow-up efforts); (e) submitting protective documentation when confirmation was not received; (f) filing a

formal lawsuit in Superior Court of California, County of Riverside, to provide additional notice to the Debtor; and (g) engaging in good faith settlement discussions with the Trust.

35. Claimant had no intent to circumvent the Claims Bar Date and took all reasonable steps to ensure timely filing and to keep the Trust informed of her claim.

36. The Trust's own willingness to engage in settlement negotiations confirms that it does not question Claimant's good faith or the legitimacy of her underlying claim.

### C. The Court Should Apply Equitable Tolling to Excuse Any Untimeliness in the Claim Submission

37. In the alternative, the Court should apply the doctrine of equitable tolling to excuse any technical untimeliness of the March 31, 2025 submission.

38. Equitable tolling is appropriate where "(1) [the individual] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented untimely filing." (Menominee Indian Tribe of Wis. v. U.S., 577 U.S. 250, 255 (2016) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)).

39. Here, the claimant has been pursuing her rights diligently and extraordinary circumstances exist. Claimant timely filed the claim, contacted the Claims Agent for confirmation, was told to wait 30 days, never received confirmation, and the Claims Agent failed to record or acknowledge the original timely filing. These circumstances were entirely beyond Claimant's control and made it impossible for Claimant to know that the original filing had not been processed.

### D. Due Process Requires Notice of Deficiency

40. The Fifth Amendment Due Process Clause requires at a minimum that "in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (Mullane v. Central Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).

41. If there was any deficiency in Claimant's original June 2024 filing, whether due to technical limitation of the Claims Agent's electronic filing system, incomplete submission, or transmission failure, fundamental due process requires the Claims Agent to provide Claimant with notice of such deficiency and a meaningful opportunity to cure it.

42. The Claims Agent provided no such notice. Claimant nor Claimant's counsel received any confirmation that the June 2024 filing was successfully received and recorded; any error message, rejection notice, or system alter indicating that the filing had failed; any notification of possible deficiencies in the submission; any follow-up communication after the promised 30-day confirmation period elapsed; or any opportunity to cure any alleged deficiency before the Claims Bar Date passed.

43. Therefore, Claimant had no way of knowing whether the filing had been successfully submitted and was awaiting processing; the filing had been rejected due to technical issues; the filing had been received but was pending review for deficiencies; or the filing had never been received at all.

44. Claimant reasonably relied on the Claims Agent's telephonic representation that confirmation would be provided within 30 days. When no confirmation arrived, Claimant also received no deficiency notice, which would have triggered immediate corrective action.

45. Had the Claims Agent provided timely notice of any deficiency, whether through an automated error message at the time of electronic submission, a deficiency letter during the 30-day review period, or a follow-up communication when no claim appeared on the register, Claimant could have easily cured any problem.

46. Allowing Claimant's claim to be disallowed and expunged based on a deficiency of which she received no notice, and which she therefore had no opportunity to cure, would violate the most basic principles of due process and fairness.

**E. Judicial Economy and Policy Balance in Claimant's Favor**

47. General principles of judicial economy strongly favor allowing this claim to proceed. The Trust and Claimant have invested significant time and resources in settlement discussions that could lead to an efficient, negotiated resolution.

48. Expunging the claim would force the parties to abandon their settlement efforts and potentially litigate issues that could otherwise be resolved amicably, wasting both party and judicial resources.

49. The Bankruptcy Code favors efficient administration and agreed resolution of claims. Allowing Claimant's claim to proceed serves these policy objectives.

## PRAYER FOR RELIEF

**WHEREFORE,** Claimant Leila Anthony respectfully requests that this Court:

1. **OVERRULE** the Trust's Objection to Claim No. 2535;

2. **ALLOW** Claim No. 2535 to proceed as a timely filed claim;

3. In the alternative, **GRANT** Claimant relief from the Claims Bar Date under Federal Rules of Bankruptcy Procedure 9006(b)(1) based on excusable neglect, equitable tolling, or the Due Process Clause;

4. **ALLOW** Claimant to amend or supplement Claim No. 2535 to reflect a filing date consistent with the original timely submission;

5. **STAY** or **CONTINUE** the hearing on the Omnibus Objection with respect to Claim No. 2535 to allow the parties to continue their settlement discussions and potentially resolve this matter; and

6. Grant such other and further relief as the Court deems just and proper.

DATED: November 12, 2025

THE PARIS FIRM

*/s/ Eric D. Paris/*

ERIC D. PARIS, ESQ. (CA Bar No. 147836)
15335 Fairfield Ranch Rd., Ste. 150
Chino Hills, CA 91709
Telephone: 909-469-5127
Facsimile: 909-469-5126
Email: LitigationGroup@theparisfirm.com

Attorneys for Claimant,
**LEILA ANTHONY**

# CERTIFICATE OF SERVICE

I, Cindy Chu, hereby certify:

I am over 18 years of age and not a party to this action. My business address is 15335 Fairfield Ranch Rd., Ste. 150, Chino Hills, CA 91709.

I served a copy of the **Response of Leila Anthony in Opposition to Liquidating Trustee's Objection to Claim No. 2535**, together with all attachments, exhibits, and supporting papers on the persons and in the manner described below.

On **November 12, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, potage prepaid and addressed as follows.

<u>Clerk of the Court</u>: 824 North Market Street, 3rd Floor, Wilmington, DE 19801

| <u>Counsel to the Trust</u> | <u>Counsel to the Trust</u> | <u>Office of the United States Trustee</u> |
|---|---|---|
| Bradford J. Sandler, Esq.<br>Peter J. Keane, Esq.<br><br>**Pachulski Stang Ziehl & Jones LLP**<br>919 N. Market Street, 17th Fl<br>Wilmington, DE 19801 | Shirley S. Cho, Esq.<br>Beth E. Levine, Esq.<br>Jason S. Pomerantz, Esq.<br><br>**Pachulski Stang Ziehl & Jones LLP**<br>780 Third Avenue, 34th Fl<br>New York, NY 10017 | Rosa Sierra-Fox, Esq.<br><br>**Office of the United States Trustee**<br>844 King Street, Ste 2207<br>Wilmington, DE 19801 |

On **November 12, 2025**, I also served the following persons and/or entities by email.

| Counsel to the Trust | Bradford J. Sandler, Esq. | bsandler@pszjlaw.com |
|---|---|---|
| | Peter J. Keane, Esq. | pkeane@pszjlaw.com |
| | Shirley S. Cho, Esq. | scho@pszjlaw.com |
| | Beth E. Levine, Esq. | blevine@pszjlaw.com |
| | Jason S. Pomerantz, Esq. | jspomerantz@pszjlaw.com |
| Office of the United States Trustee | Rose Sierra-Fox, Esq. | rosa.sierra-fox@usdoj.gov |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| NOVEMBER 12, 2025 | CINDY CHU | /s/ Cindy Chu |
|---|---|---|
| Date | Printed Name | Signature |