## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores LLC,<br><br>Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS)<br><br>**Re: Docket Nos. 200, 201, 202** |

**Objections Due:  November 12, 2025 at 4:00 p.m. (ET)**
**Hearing Date:  December 3, 2025 at 2:30 p.m. (ET)**

### OMNIBUS REPLY OF THE 99 CENTS CREDITORS' LIQUIDATING TRUST REGARDING ESTIMATION MOTION, THIRD OMNIBUS OBJECTION, AND FOURTH OMNIBUS OBJECTION

The 99 Cents Creditors' Liquidating Trust (the "Trust") files this reply (the "Reply") in support of: (a) the *Motion of the 99 Cents Creditors' Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* [Docket No. 200] (the "Estimation Motion"); (b) *The 99 Cents Creditors' Liquidating Trust's Third Omnibus Objection (Non-Substantive) to Certain Claims (Late Filed Personal Injury Claims)* [Docket No. 201] (the "Third Omnibus Objection"); and (c) *The 99 Cents Creditors' Liquidating Trust's Fourth Omnibus Objection (Non-Substantive) to Certain Claims (Late Filed Personal Injury Claims)* [Docket No. 202] (the "Fourth Omnibus Objection").

### REPLY

1.      The Trust received formal and informal responses to the Estimation Motion, Third Omnibus Objection, and Fourth Omnibus Objection. After review and discussion with such

---

[1]    The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is c/o META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

parties, the Trust has determined that it will withdraw the requested relief as to certain responses and submit revised orders (with revised exhibits) as to certain other responses. The status of each of the responses is set forth below:

A.    **Withdrawal of Requested Relief**

| Claimant | Claim No. | Claim Amount | Response Docket No. | Related Pleading |
|---|---|---|---|---|
| Adina Sepe | 2475 | $250,000 | 220 | 4th Omnibus Objection [Dkt. No. 202] |
| Arsalan Azizollah | 2269 | $1,000,000 | 243 | 4th Omnibus Objection [Dkt. No. 202] |
| Brenda Porter | 2082 | $5,000,000 | 227 | Estimation Motion [Dkt No. 200] |
| Brenda Porter | 2082 | $5,000,000 | 228 | 4th Omnibus Objection [Dkt. No. 202] |
| Diana Bravo | 2276 | $2,000,000 | 243 | 4th Omnibus Objection [Dkt. No. 202] |
| Gloria Miller | 1809 | $1,000,000 | N/A | 4th Omnibus Objection [Dkt. No. 202] |
| Gloria Miller | 2036 | $10,000 | N/A[2] | Estimation Motion [Dkt No. 200] |
| Ludivina De La Torre | 2259 | $250,000 | 226 | 3rd Omnibus Objection [Dkt. No. 201] |
| Marina Jones | 2386 | Unliquidated | 242 | 3rd Omnibus Objection [Dkt. No. 201] |
| Mario Perry | 2358 | $400,000 | 221 | 4th Omnibus Objection [Dkt. No. 202] |
| Nicole Vance | 2272 | $250,000 | 243 | 4th Omnibus Objection [Dkt. No. 202] |
| Sky McCloud | 2277 | $250,000 | 243 | 4th Omnibus Objection [Dkt. No. 202] |
| Yazmin Lopez Alvarez | 2453 | $121,178.62 | 224 | 3rd Omnibus Objection [Dkt. No. 201] |

2.      The remaining responses for which the Trust is not withdrawing its requested relief are set forth below. As further noted in this Reply, these claimants were timely served with the Bar Date Notice and there has been no valid basis articulated for allowing such claims as late filed. A copy of the relevant pages of the affidavit of service reflecting proper service of the Bar Date

---

[2] Claimant's response was received by Counsel for the Trust and is in the process of being docketed.

Notice on each of the below Claimants is attached as **Exhibit A** hereto and incorporated herein by reference.

| Claimant | Claim No. | Claim Amount | Response Docket No. | Related Pleading | No. of Days Late | Bar Date Notice Service |
|---|---|---|---|---|---|---|
| Carolyn Smith | 2351 | $100,000 | 225 | 4th Omnibus Objection [Dkt. No. 202] | 62 | *See* AOS; Dkt. No. 861; pg. 859 of 881 |
| Gloria Cruz | 2537 | $95,000 | 229 | 3rd Omnibus Objection [Dkt. No. 201] | 269 | *See* AOS; Dkt. No. 861; pg. 828 of 881 |
| Isabel Aparicio-Mendez | 2291 | $47,250 | 222 | 3rd Omnibus Objection [Dkt. No. 201] | 31 | *See* AOS; Dkt. No. 861; pg. 818 of 881 |
| Leila Anthony | 2535 | $300,000 | 245 | 3rd Omnibus Objection [Dkt. No. 201] | 267 | *See* AOS; Dkt. No. 861; pg. 817 of 881 |
| Ryon Peck | 2543 | Unliquidated | 219 | 4th Omnibus Objection [Dkt. No. 202] | 283 | *See* AOS; Dkt. No. 861; pg. 570 of 881 |
| Willie Walker | 2108 | $100,000 | 244 | 4th Omnibus Objection [Dkt. No. 202] | 3 | *See* AOS; Dkt. No. 861; pg. 784 of 881 |

B.    **Claims for Which the Trust Seeks Expungement Due to Late Filed**

3.    For the above-noted responses and applicable filed claims, the Claimants have not provided sufficient justification for relief from the Bar Date.

4.    As explained in the Third Omnibus Objection and Fourth Omnibus Objection, bar dates serve the important purposes of "finality and debtor rehabilitation." *In re PT-1 Communs., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007) (quotation and marks omitted); *see Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice."); *In re Grand Union Co*., 204 B.R. 864, 871 (Bankr. D. Del. 1997) ("[T]he claims bar date operates as a federally created statute of limitations, after which the claimant loses all of her right to bring an action against the 'debtor.'")

5.    To avoid the effects of a bar date and to permit a late filed claim, the Claimants must demonstrate excusable neglect. In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnerships*, 507 U.S. 380, 395 (1993), the Supreme Court held that the "excusable neglect"

standard applies to late filings of claims in chapter 11 cases. The party seeking the relief bears the burden of proving excusable neglect by a preponderance of the evidence. *See Jones v. Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir. 2000); *In re Cable & Wireless USA, Inc., et al.*, 338 B.R. 609, 613 (Bankr. D. Del. 2006). Further, the Claimants have not met the excusable neglect standard. If they had, the Claimants would have the burden to show that: (a) there is no danger of prejudice; (b) the length of delay has no potential impact on the judicial proceedings; (c) the reason for delay in filing the claims was not within the claimant's reasonable control; and (d) whether the claimant acted in good faith. *See In Pioneer Inv. Services Co.*, 507 U.S. at 395 (the analysis "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission"); *see also In re American Classic Voyages Co.*, 405 F.3d 127, 133 (3d Cir. 2005) ("all factors must be considered and balanced; no one factor trumps the others."). None of those factors are met here.

6.      For these reasons, the Trust submits that such claims should be disallowed and expunged in their entirety.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, the Trust respectfully requests entry of the revised proposed orders for each of the Estimation Motion, Third Omnibus Objection, and Fourth Omnibus Objection, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  November 26, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*

Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:    bsandler@pszjlaw.com
              pkeane@pszjlaw.com

-and-

Shirley S. Cho (admitted *pro hac vice*)
Beth E. Levine (admitted *pro hac vice*)
Jason S. Pomerantz (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:    scho@pszjlaw.com
              blevine@pszjlaw.com
              jspomerantz@pszjlaw.com

*Counsel to the 99 Cents Creditors' Liquidating Trust*