# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores LLC,<br><br>Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS)<br><br>Re: Docket No. 275 |

**ORDER GRANTING THE 99 CENTS CREDITORS' LIQUIDATING TRUST'S MOTION FOR (I) LEAVE FROM LOCAL RULE 3007-1(e) RELATED TO THE FILING OF SUBSTANTIVE OMNIBUS CLAIM OBJECTIONS AND (II) RELATED RELIEF**

Upon consideration of *The 99 Cents Creditors' Liquidating Trust's Motion for an Order (I) Granting Leave From Local Rule 3007-1(e) Related to the Filing of Substantive Omnibus Claim Objections and (II) Granting Related Relief* (the "**Motion**"),[2] filed by the Trust, by and through META Advisors LLC, as the appointed trustee, for entry of an order (this "**Order**"): (i) granting relief from certain of the requirements of Local Rule 3007-1(e) to permit (but not require) the Trust to exceed certain Claims limits and file omnibus Claim objections raising common legal issues to multiple Claims; and (ii) granting related relief; and the Court having reviewed the Motion; and the Court finding that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; (ii) venue is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order on this matter under Article III of the U.S. Constitution; (iv) notice of the Motion was sufficient under the circumstances and no other or further notice is necessary; and (v) the relief

---

[1] The Post-Confirmation Debtor in the Remaining Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

[2] Capitalized terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4931-1464-8710.2 00168.00003

requested in the Motion is in the best interests of the Debtors' estates, their creditors, the Trust, and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Trust (or any other party-in-interest) is granted leave from Bankruptcy Rule 3007 and Local Rules 3007-1(e)(i), (ii) and (iv) as set forth herein.

3. The Trust (or any other party-in-interest) may file more than three (3) omnibus Claim objections per month and may exceed the one hundred (100) claim limit per substantive omnibus objection, provided that the total number of claims objected to per month shall not exceed 900 claims.

4. Omnibus substantive objections are not required to raise all substantive objections to each Claim in the initial omnibus substantive Claim objection.

5. Nothing in the Motion or this Order shall be deemed or construed: (a) as an admission as to the validity of any claim or interest against the Trust and/or the Debtors' estates; (b) as a waiver of the Trust's rights to dispute or otherwise object to any Claim or proof of Interest on any grounds or basis; or (c) to waive or release any right, claim, defense, or counterclaim of the Trust, or to estop the Trust from asserting any right, claim, defense, or counterclaim (including setoff).

6. This order is without prejudice to the right of the Trust to seek further relief with respect to Claims objection procedures.

7. The Trust is authorized to take all actions necessary to effectuate the relief granted in this order in accordance with the Motion.

8. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: January 8th, 2026**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE