To: Delaware Bankruptcy Court, and presiding judges
From: Rodney Miguel Davis
Regard: Declining of my claim against 99 Cents Only Stores LLC
Date: Saturday, 01/17/2026

RECEIVED
2026 JAN 21 A 10: 06
CLERK

Dear and honorable judge/ judges, I, Rodney Davis is a claimant against 99 Cents Only Stores LLC which they/I settled with them for $15,000 that they agreed upon. Then came the Chapter 11 proceedings well after they settled with me. While I can go through all the nuances of this case, 'roller coaster ride', I was assured I'd be paid for my claim over the years receiving paperwork from your offices as well.

A week ago, I receive legal paper work finally giving me the impression justice finally was coming to me by being awarded what I deserve, my $15,000 payout. Only to be upset again when I was told for the first time that I would not receive my payout because my forms were submitted 1-DAY late past the do date by law firm Trust, Pachulski Stang & Jones; Jason S. Pomerantz Cia H. Mackle. Due date was July 8, 2024, but my attorneys submitted on July 9,2024. In the accompanying letter the attorneys say," The delay resulted from an inadvertent calendaring error and was not intentional, strategic, or undertaken in bad faith." Also, "Federal Rule of Bankruptcy Procedure 9006(b)(1) permits the Court, in its discretion, to enlarge a time period after its expiration where the failure to act timely was the result of **excusable neglect**.

In **Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership**, 507 U.S. 380 (1993), the Supreme Court established that excusable neglect is an equitable determination requiring consideration of: "Courts in this District routinely permit late-filed claims where the delay is minimal and does not prejudice the estate.

Judges, I am 65-years old on SSDI with cancer, that money which I deserve and was promised would really help me now since I have medical bills and live off a fixed/ low income, so would the court please, in the name of God and all that is right. This claimant, Rodney Davis, # 2417 urgently yet respectfully, beg, request, ask's, that the court enter an order deeming me the Claimant's Proof of timely filed pursuant to the Federal Rule of Bankruptcy Procedure 9006(b)(1), and granting and granting such other and further relief as the court deem just and proper. I still suffer from my slip and fall, happened because of stores negligence, they had a colorless slick of liquid on floor for at least 45-mintes, 15-20 feet long with no warning for customers.

Thank you for your time, contact info, rd127234@gmail.com, 916-668-9652, 1820 Capitol Ave, #208, Sacramento, Ca 95811

Shaun sent Rodney a bankruptcy document arguing for a claim filed one day late due to excusable neglect.

- The motion requests the Court deem the Proof of Claim timely filed under Rule 9006(b)(1) based on minimal prejudice and good faith.

*Please overturn and allow July 9, 2024 included as file date that would really help me and my family*

*Thank You!*
*Rodney Davis*

 Gmail	Rodney Davis <rd127234@gmail.com>

## BANKRUPTCY LETTER YOU CAN TRY TO USE TO CURE THE ONE DAY LATE ISSUE
1 message

**Shaun Bauman** <Shaun@bauman.law>	Thu, Jan 15, 2026 at 12:53 PM
To: "rd127234@gmail.com" <rd127234@gmail.com>
Cc: "RodneyDavisZ11369398@baumanlaw.filevineapp.com" <RodneyDavisZ11369398@baumanlaw.filevineapp.com>

**COPY OF YOUR CASE FILE**
https://baumanlaw.filev.io/r/s/26240d7JK5avagvA5tyU3sP8sekDPG
TBaKLdYhcxgzRwwk7VTMmdsVFj

**MOTION OF [CREDITOR NAME] FOR ENTRY OF AN ORDER DEEMING PROOF OF CLAIM TIMELY FILED PURSUANT TO FED. R. BANKR. P. 9006(b)(1)**

[Proposed Order Follows]

## INTRODUCTION

[Creditor Name] ("Claimant") respectfully moves for entry of an order deeming its Proof of Claim timely filed pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1). The Proof of Claim was filed **one day after** the general claims bar date due to excusable neglect. The brief delay caused no prejudice to the Debtors or their estates, had no impact on the administration of these cases, and was the result of an inadvertent, good-faith calendaring error. Under controlling Supreme Court and Third Circuit precedent, relief is appropriate.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

4. On April 7, 2024, the Debtors commenced these Chapter 11 cases.

5. By order of this Court, **July 8, 2024** was established as the bar date for filing proofs of claim by general, non-governmental creditors.

6. Claimant holds a personal injury claim arising from events occurring prior to the Petition Date.

7. Claimant filed its Proof of Claim on **July 9, 2024**, **one day after** the general bar date.

8. The delay resulted from an inadvertent calendaring error and was not intentional, strategic, or undertaken in bad faith.

9. Upon discovery of the error, Claimant acted promptly to address the issue and seek appropriate relief from this Court.

## LEGAL STANDARD

10. Federal Rule of Bankruptcy Procedure 9006(b)(1) permits the Court, in its discretion, to enlarge a time period after its expiration where the failure to act timely was the result of **excusable neglect**.

11. In **Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership**, 507 U.S. 380 (1993), the Supreme Court established that excusable neglect is an equitable determination requiring consideration of:

- the danger of prejudice to the debtor,
- the length of the delay and its potential impact on judicial proceedings,
- the reason for the delay, including whether it was within the reasonable control of the movant, and
- whether the movant acted in good faith.

12. Courts in this District routinely permit late-filed claims where the delay is minimal and does not prejudice the estate.

## ARGUMENT
### A. The One-Day Delay Causes No Prejudice to the Debtors or the Estate

13. The Proof of Claim was filed only **one day late**.

14. The Debtors are engaged in a claims reconciliation process involving thousands of claims. Allowing this claim will not disrupt that process or impair estate administration.

15. There is no evidence of prejudice, surprise, or reliance by the Debtors on the absence of Claimant's Proof of Claim.

### B. The Length of Delay Was Minimal and Had No Impact on These Proceedings

16. Courts consistently find that delays of days—and even weeks—favor a finding of excusable neglect.

17. Here, the delay was **de minimis** and had no effect on case milestones, plan negotiations, or distributions.

### C. The Delay Resulted from Inadvertence, Not Bad Faith

18. The late filing was the result of an inadvertent calendaring error.

19. There was no intent to disregard the Court's deadline, gain a tactical advantage, or delay these proceedings.

20. Claimant acted in good faith and promptly sought relief upon discovering the issue.

### D. Equity Strongly Favors Allowing the Claim

21. Disallowing a personal injury claim based solely on a **one-day delay** would be unduly harsh and inconsistent with the equitable principles underlying Rule 9006(b)(1).

22. Allowing the claim ensures resolution on the merits rather than through a technical forfeiture.

## CONCLUSION

For the foregoing reasons, Claimant respectfully requests that the Court enter an order deeming Claimant's Proof of Claim **timely filed** pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1), and granting such other and further relief as the Court deems just and proper.


Sincerely,

**Shaun Bauman**
**BAUMAN LAW APLC**
Tel: (818) 285-0222 - Option 3
Fax: (818) 285-0224

NOTICE: This email transmission and any documents, files or previous email messages attached to it are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to, this email transmission is strictly prohibited. If you have received this transmission in error, please notify Shaun J. Bauman and delete the message and any/all attachments from your computer

Schedule 2-B  Late Filed PI Claims >$300k

| | Claim Number | Claim Date Filed | Debtor | Name | Address | Asserted General Unsecured Amount | Total Current Claim Amount |
|---|---|---|---|---|---|---|---|
| 10 | 2433 | 11/4/2024 | 99 Cents Only Stores Texas, Inc. | Batou, Eyong | Denicks Legal PLLC<br>7324 Southwest Fwy<br>Ste 370<br>Houston, TX 77074 | $440,642.00 | $440,642.00 |
| 11 | 2320 | 8/13/2024 | Number Holdings, Inc. | BEY, JAMIE | Address Redacted | $2,000,000.00 | $2,000,000.00 |
| 12 | 2560 | 6/25/2025 | 99 Cents Only Stores LLC | Branch, Steven | c/o Pacific West Injury Law<br>8180 Rafael Rivera Way #200<br>Las Vegas, NV 89113 | $404,328.68 | $404,328.68 |
| 15 | 2542 | 4/15/2025 | 99 Cents Only Stores LLC | Corona, Victoria | Sepulveda Sanchez Law, PC<br>3530 Wilshire Blvd, Suite 1515<br>Los Angeles, CA 90010 | $2,000,000.00 | $2,000,000.00 |
| 16 | 2464 | 12/16/2024 | Number Holdings, Inc. | Corona, Victoria | Sepulveda Sanchez Law, PC<br>3530 Wilshire Blvd, Suite 1515<br>Los Angeles, CA 90010 | $2,000,000.00 | $2,000,000.00 |
| 17 | 2227 | 7/22/2024 | 99 Cents Only Stores LLC | Cux Chan, Catarina | c/o Viciti Law<br>13743 Ventura Boulevard<br>Suite 240<br>Sherman Oaks, CA 91423 | $500,000.00 | $500,000.00 |
| 18 | 1799 | 7/9/2024 | 99 Cents Only Stores LLC | Davis, Rodney | Bauman Law APLC<br>1820 Capital Ave<br>#208<br>Sacramento, CA 95811 | $1,000,000.00 | $1,000,000.00 |
| 19 | 2132 | 7/11/2024 | 99 Cents Only Stores LLC | Del Valle, Cynthia | Wells Call, A Professional Corporation<br>c/o Benjamin W. Scott<br>620 Great Jones Street<br>Fairfield, CA 94533 | $500,000.00 | $500,000.00 |
| 20 | 2372 | 9/22/2024 | Number Holdings, Inc. | Fain, Gloria Eileen | Address Redacted | $1,000,000.00 | $1,000,000.00 |

4914-8794-6622.2 00168.00003

Schedule 2-A Late Filed PI Claims <$300k

| | Claim Number | Claim Date Filed | Debtor | Name | Address | Asserted General Unsecured Amount | Total Current Claim Amount |
|---|---|---|---|---|---|---|---|
| 19 | 2241 | 7/24/2024 | 99 Cents Only Stores LLC | Cornejo, Elizabeth | c/o Law Offices of Harlan B. Kistler Attn: Nolan Bartlett Kistler 4193 Flat Rock Drive, Suite 300 Riverside, CA 92505 | $100,000.00 | $100,000.00 |
| 21 | 2417 | 10/16/2024 | 99 Cents Only Stores LLC | Davis, Rodney | Bauman Law APLC 1820 Capital Ave #208 Sacramento, CA 95811 | $15,000.00 | $15,000.00 |
| 23 | 2297 | 8/8/2024 | 99 Cents Only Stores Texas, Inc. | Delgado, Maria | c/o Law Office of Domingo Garcia Attn: John Terrelle Bynum 12929 Gulf Freeway Houston, TX 77034 | $96,980.00 | $96,980.00 |
| 24 | 2183 | 7/12/2024 | 99 Cents Only Stores LLC | DEYVID, HERNANDEZ | C/O: LAW OFFICES OF SERGIO F. BENEDETTO ATTN: SERGIO F. BENEDETTO, ESQ. 535 NORTH BRAND., SUITE 700 GLENDALE, CA 91203 | $80,000.00 | $80,000.00 |
| 25 | 2179 | 7/15/2024 | 99 Cents Only Stores LLC | Diaz, Martha | Law Offices of Ramin Younessi Jeffrey Ronaldo Pineda 3435 Wilshire Blvd. Suite 2200 Los Angeles, CA 90010 | $150,000.00 | $150,000.00 |
| 26 | 2465 | 12/23/2024 | 99 Cents Only Stores LLC | Dordulian Law Group Attorneys for Cherylyn Ramos | William Wilson - Dordulian Law Group 550 N. Brand Blvd Ste 1990 Glendale, CA 92103 | $150,000.00 | $150,000.00 |

# KAISER PERMANENTE. thrive

**BHINDER, PRABHJOT (M.D.)**
6600 BRUCEVILLE ROAD
SACRAMENTO CA 95823-4671
916-688-2000

**Patient Name:** Davis,Rodney M
**Encounter Date:** 2/29/2024

Please see below for this health care provider's directives and information relating to this encounter.

## Work Status Report

**Date onset of condition:**
**Next Appointment Date:**

**Modified Work (Applies to work and home)**
The patient has permanent restrictions as listed below:

*If modified activity is not accommodated by the employer then this patient is considered temporarily and totally disabled from their regular work for the designated time and a separate off work order is not required.*

**Other needs and/or restrictions:**
Patient is placed on permanent disability.

This form has been electronically signed and authorized by BHINDER, PRABHJOT (M.D.)

*This form contains your private health information that you may choose to release to another party; please review for accuracy.*

# KAISER PERMANENTE. thrive

**CHAUDHRY, TAHIR M (D.O.)**
6600 BRUCEVILLE ROAD
SACRAMENTO CA 95823-4671
916-688-2000

**Patient Name:** Davis, Rodney M
**Encounter Date:** 3/19/2024

Please see below for this health care provider's directives and information relating to this encounter.

## Work Status Report

**Date onset of condition:**
**Next Appointment Date:**

**Modified Activity (Applies to work and home)**
This patient is placed on modified activity at work and at home from 3/19/2024 to 4/30/2024

*If modified activity is not accommodated by the employer then this patient is considered temporarily and totally disabled from their regular work for the designated time and a separate off work order is not required.*

**This patient's activity is modified as follows:**
- Stand: Occasionally (up to 25% of shift)
- Walk: Not at all
- Bend at the waist: Not at all
- Torso/spine twist: Not at all
- Climb stairs: Not at all
- Climb ladders: Not at all
- Use of scaffolds/work at height: Not at all
- Lift/carry/push/pull no more than 0 pounds

**Other needs and/or restrictions:**
Advise to avoid exertion
Needs bathroom breaks as needed

This form has been electronically signed and authorized by CHAUDHRY, TAHIR M (D.O.)

*This form contains your private health information that you may choose to release to another party; please review for accuracy.*

**This letter was originally viewed by Rodney M Davis on 3/21/2024 5:38 PM.**

CHAUDHRY, TAHIR M (D.O.)
6600 BRUCEVILLE ROAD
SACRAMENTO CA 95823-4671
916-688-2000

**Patient Name:** Davis, Rodney M
**Encounter Date:** 3/19/2024

Please see below for this health care provider's directives and information relating to this encounter.

## Work Status Report

**Date onset of condition:**
**Next Appointment Date:**

### Modified Activity (Applies to work and home)
This patient is placed on modified activity at work and at home from 3/19/2024 to 4/30/2024

*If modified activity is not accommodated by the employer then this patient is considered temporarily and totally disabled from their regular work for the designated time and a separate off work order is not required.*

### This patient's activity is modified as follows:
- Stand: Occasionally (up to 25% of shift)
- Walk: Not at all
- Bend at the waist: Not at all
- Torso/spine twist: Not at all
- Climb stairs: Not at all
- Climb ladders: Not at all
- Use of scaffolds/work at height: Not at all
- Lift/carry/push/pull no more than 0 pounds

### Other needs and/or restrictions:
Advise to avoid exertion
Needs bathroom breaks as needed

This form has been electronically signed and authorized by CHAUDHRY, TAHIR M (D.O.)

*This form contains your private health information that you may choose to release to another party; please review for accuracy.*

*This letter was originally viewed by Rodney M Davis on 3/21/2024 5:38 PM.*

# KAISER PERMANENTE. thrive

SUN, DAVID HANPING (M.D.)
6600 BRUCEVILLE ROAD
SACRAMENTO CA 95823-4671
916-688-2000

**Patient Name:** Davis, Rodney M
**Encounter Date:** 4/19/2024

Please see below for this health care provider's directives and information relating to this encounter.

## Work Status Report

**Date onset of condition:**
**Next Appointment Date:**

**Modified Activity (Applies to work and home)**
This patient is placed on modified activity at work and at home from 5/18/2024 through 11/18/2024.

*If modified activity is not accommodated by the employer then this patient is considered temporarily and totally disabled from their regular work for the designated time and a separate off work order is not required.*

**This patient's activity is modified as follows:**
- Stand: Occasionally (up to 25% of shift).
- Walk: Not at all.
- Torso/spine twist: Not at all.
- Climb stairs: Not at all.
- Climb ladders: Not at all.
- Lift/carry/push/pull no more than 0 pounds.

**Other needs and/or restrictions:**
Advise to avoid exertion
Needs bathroom breaks as needed

This form has been electronically signed and authorized by SUN, DAVID HANPING (M.D.)

*This form contains your private health information that you may choose to release to another party; please review for accuracy.*

Printed By: VUE, KATHY on 4/19/2024 at 11:32:44 AM

 **CALIFORNIA BLACK CHAMBER OF COMMERCE**
Dedicated To Economic Empowerment

Jay King
President & CEO
California Black Chamber of Commerce
1600 Sacramento Inn Way #232
Sacramento, CA 95815
president@calbcc.org
4/30/2024

Subject: Character Reference for Mr. Rodney Davis

Dear Your Honor,

My name is Jay King, and I serve as the President and CEO of the California Black Chamber of Commerce. I am writing this letter to provide a character reference for Mr. Rodney Davis, whose commitment and involvement at our Chamber, as well as in the community, I have personally observed and can vouch for.

Mr. Davis has volunteered with us at various events targeted towards supporting small businesses, where his dedication and hard work have made a noticeable impact on their success. His ability to interact positively with people from diverse backgrounds and his eagerness to offer his time and skills have been invaluable to our operations and objectives.

In addition to his volunteer work, Rodney has been an active member of the Greater Sacramento Financial Literacy Group for the past three years. His involvement in this organization is a testament to his commitment to community service and his desire to make a meaningful contribution to improving financial literacy and stability among our community members.

It has come to my attention that Mr. Davis is currently facing a legal challenge. Given my experience with Rodney, his actions have consistently reflected his strong ethical values and his dedication to making a positive difference in the community. His character and the integrity he has shown in his professional and volunteer engagements speak volumes of his overall conduct and his respect for society's well-being.

I respectfully request that this information about Mr. Davis's character and his positive contributions to our community be taken into consideration in his ongoing legal proceedings. It is my belief that Rodney is a valuable member of our community with much to offer, and any support that can be offered to him during this time would be just and beneficial.

Should you require any further information, please do not hesitate to contact me directly.

Sincerely,
*Jay King*
Jay King
President & CEO
California Black Chamber of Commerce
916-467-8878

Rodney M. Davis
1820 Capitol Ave, #208
Sacramento, CA 95811

SACRAMENTO CA 957
17 JAN 2026 PM 3 L

Delaware Bankruptcy Court
824 Market St, 3rd Floor
Wilminton, Delaware 19801

19801-302499