**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
:
In re                                                          :    Chapter 11
:
99 Cents Only Stores LLC,                                      :
:    Case No. 24-10721 (JKS)
:
Post-Confirmation Debtor.[1]                                   :
:
:    Re: Dkt No. 333
---------------------------------------------------------------x

**OBJECTION OF SAFETY NATIONAL CASUALTY CORPORATION AS TO THE MOTION OF LAURA GRACIELA AGUILERA NAVARRO TO (I) SET ASIDE, SOLELY AS TO HER CLAIM, THE ORDER GRANTING THE TRUST'S MOTION TO FIX CERTAIN PERSONAL INJURY CLAIMS; (II) PERMIT A LATE-FILED OBJECTION TO THE TRUST'S MOTION; AND (III) RECOGNIZING NAVARRO'S PROOF OF CLAIM TO BE AMENDED TO REFLECT HER AMENDED AMOUNT**

Safety National Casualty Corporation ("Safety National"), by and through the undersigned counsel, submits this limited objection (the "Objection") to the *Motion of Laura Garciela Aguilera Navarro to (I) Set Aside, Solely as to Her Claim, the Order Granting the Trust's Motion to Fix Certain Personal Injury Claims; (II) Permit a Late-Filed Objection to the Trust's Motion; and (III) Recognizing Navarro's Proof of Claim to be Amended to Reflect her Amended Amount* [Dkt. No. 333] (the "Motion"). In support of this Objection, Safety National respectfully states as follows:

1. As this Court is aware, Safety National provided general liability insurance coverage to Debtors pursuant to certain insurance policies and related documents (the "Safety National Insurance Policies") subject to a $300,000 Self-Insured Retention Limit per occurrence

---

[1] The Post-Confirmation Debtors in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 1000.

1

(the "SIR"). As such, Debtors are self-insured for all amounts under $300,000 per occurrence. As is typical, the Safety National Insurance Policies obligate Debtors to defend or resolve claims until the same reach the SIR.

2. On July 2, 2024, Laura Garciela Aguilera Navarro ("Movant") filed a proof of claim designated Claim Number 1243 (the "Original Claim"). Under the penalty of perjury, Movant lists the value of her claim as $150,000. *See* Claims Register, Dkt. No. 1243, Question 7.

3. As this Court has already found in several final orders in this Case, Debtor holds no insurance for general liability claims under the Safety National Insurance Policies below $300,000 due to the SIR. *See* Dkt. No. 1720, *Further Revised Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates*, at Section IV.E; *see also* Dkt. No. 284, *Order Granting Motion of the 99 Cents Creditors' Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* (the "Estimation Order").

4. After being told by undersigned counsel and the Trustee that her initial Original Claim fell below the SIR, Movant filed an amended proof of claim designated Claim Number 2566 (the "Amended Claim"), increasing the asserted value to $450,000, again under penalty of perjury. *See* Claims Register, Dkt. No. 2566, Question 7.

5. Movant's filing of the Amended Claim, after recognizing her Original Claim was below the SIR, raises several good faith concerns that – although not relevant here, must be addressed at a later date.

6. Regardless, the Motion fails because neither the 99 Cents Creditors' Liquidating Trust's (the "Trust") *Motion for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c),*

*Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* [Dkt. No. 284] (the "<u>Estimation Motion</u>") nor the Estimation Order identify the Amended Claim. Both identify the Original Claim—at the Trust's discretion—on Schedule 1-A as a claim below the SIR.

7. The Trust, in its discretion and with input from the Court and various parties-in-interest who timely engaged the Trust regarding the treatment of their respective claim(s), moved for and was granted the relief set forth in the Estimation Order to administer the remaining bankruptcy estate. Movant simply failed to timely request that her Amended Claim be included in the Estimation Order.

8. There were clear deadlines associated with the Estimation Motion, and Movant's failure to comply with those deadlines cannot now be remedied. That is, Movant does not have the authority to place herself on Schedule 1-B of the Estimation Order. Safety National objects to any attempt to do so.

**WHEREFORE** the reasons set forth above, Safety National respectfully requests the Motion be denied, or in the alternative, that any relief order as to the Motion reserves all of rights, claims, counterclaims, defenses, and remedies as described herein.

Dated: February 13, 2026              Respectfully Submitted:

HOGAN♦McDANIEL

*/s/ Garvan F. McDaniel*
Garvan F. McDaniel (DE Bar No. 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
Email: gfmcdaniel@dkhogan.com

And

HUSCH BLACKWELL LLP

Caleb T. Holzaepfel (*Admitted Pro Hac Vice*)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423.266.5500
Facsimile: 423.266.5499
Email: caleb.holzaepfel@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*