**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| 99 Cents Only Stores LLC, | Case No. 24-10721 (JKS) |
| Post-Confirmation Debtor.[1] | **Re: Docket Nos. 200, 284, 325, 340** |
| | Hearing Date: **March 5, 2026 at 2:30 p.m. (ET)** |

**RESPONSE OF THE 99 CENTS CREDITORS' LIQUIDATING TRUST REGARDING
LETTER REQUEST OF RODNEY M. DAVIS TO ALLOW LATE FILED CLAIM**

The 99 Cents Creditors' Liquidating Trust (the "Trust") files this reply (the "Reply") in support of: (a) the *Motion of the 99 Cents Creditors' Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* [Docket No. 200] (the "Estimation Motion"); and (b) *Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* [Docket No. 284] (the "Estimation Order"); and in response to the *Letter Request of Rodney M. Davis to Allow Late Filed Claim* [Docket No. 325] (the "Davis Letter").

**RELEVANT BACKGROUND**

1.      On July 9, 2024, Rodney M. Davis ("Claimant") filed a general unsecured claim in the amount of $1,000,000 on account of a personal injury litigation action, which claim is identified as Claim No. 1799 on the Claims Register ("Claim No. 1799").

---

[1]    The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is c/o META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

2.      On October 16, 2025, Claimant filed a general unsecured claim, amending Claim No. 1799, in the amount of $15,000 on account of medical expenses, which claim is identified as Claim No. 2417 on the Claims Register ("Claim No. 2417").

3.      On October 22, 2025, the Trust filed the Estimation Motion.  Mr. Davis was served with the Estimation Motion.  *See* Docket No. 203 (Certificate of Service).

4.      On December 5, 2025, the Court entered the Estimation Order.  Claim No. 1799 was listed on Schedule 2-B in the Estimation Order and Claim No. 2417 was listed on Schedule 2-A in the Estimation Order.

5.      Pursuant to the Estimation Order, Claim No. 1799 and Claim No. 2417 were both expunged as being late filed.

6.      On January 22, 2026, Claimant filed the Davis Letter requesting the Court to reconsider the Estimation Order, though it is unclear exactly which claim Claimant is seeking to be reconsidered.  The Davis Letter references a "$15,000 payout" (which appears to refer to Claim No. 2417) but also asks for relief, including "[p]lease overturn and allow July 9, 2024 included as file date" (which appears to refer to the filing date of his original Claim No. 1799).

7.      The Trust has offered to stipulate with Claimant for allowance of Claim No. 2417 in the amount asserted of $15,000; however, Claimant has not agreed to that offer.

8.      The Trust offered to schedule the Davis Letter for a hearing (subject to the Claimant and the Court's availability) so that Claimant could make any arguments he intended to make before the Court regarding his claims and any issues he has with the relief in the Estimation Order.  Claimant confirmed by email he was available for a hearing on March 5, 2026 at 2:30 p.m. (ET), and counsel for the Trust provided Claimant with registration instructions to participate in the hearing via Zoom.

**ARGUMENT**

9.    Although Claimant is proceeding pro se, the Trust has interpreted his letter as seeking reconsideration of the Estimation Order.

**A.    Reconsideration is Not Appropriate**

10.    To the extent Davis Letter is a motion for reconsideration, the relief should be denied because it does not satisfy any of the narrow circumstances under which a motion for reconsideration may be granted.  To alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure,[2] a party must demonstrate that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018) (citations omitted).

11.    The Davis Letter does not identify any circumstances that meet this standard. Claimant does not argue that the Court patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (citations omitted).

12.    In addition, Claimant never timely responded to the Estimation Motion, and the Court has already considered and rendered a decision following argument at the prior December 3, 2025 hearing on the Estimation Motion, at which Claimant did not appear or participate in any way.  Courts have routinely rejected the grounds that are the basis for the Davis Letter, namely "a

---

[2]    Rule 59(e) of the Federal Rules of Civil Procedure is incorporated by reference in Rule 9023 of the Federal Rules of Bankruptcy Procedure.

request that [the] court rethink a decision already made[.]" *See Smith v. Meyers*, No. 09-cv-00814, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009) (denying a motion for reconsideration where the plaintiff failed to meet the standard imposed by Rule 59(e)); *see also Intel Corp. v. Future Link Sys., LLC*, No. 14-cv-00377, 2017 U.S. Dist. LEXIS 14352, at *2 (D. Del. Jan. 27, 2017) (denying appellant's motion for reconsideration because appellant "simply repeats arguments that were previously raised . . . and does not add anything that could not have been presented to the Court before"). "[R]epetition of arguments that were or should have been presented to the court previously" are not proper grounds to reconsider. *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom. United States v. Carper*, 22 F.3d 303 (3d Cir. 1994). Though Claimant made no arguments here in the first place before filing the Davis Letter well after the Estimation Order was entered.

13.     The Davis Letter also does not comply with Federal Rule of Civil Procedure 59(e). Federal Rule of Civil Procedure 59(e) states that motions to "alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Davis Letter (to the extent it seeks reconsideration relief) does not comport with this rule because it was filed on January 21, 2026, 47 days after the entry of the December 5, 2025 Estimation Order. While pleadings submitted by parties appearing *pro se* are held to "less stringent standards than formal pleadings drafted by lawyers," litigants still must "abide by the same rules that apply to all other litigants." *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Accordingly, any reconsideration relief should be denied.

## B.     <u>Claimant Has Not Demonstrated Excusable Neglect</u>

14.     In addition, the Davis Letter also appears to seek permission to file a late claim under the excusable neglect standard.

15.     Bankruptcy Rule 9006(b)(1) provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect*.

Fed. R. Bankr. P. 9006(b)(1) (emphasis added).

16.     Claimant has failed to meet the high burden of demonstrating excusable neglect. *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996) ("Excusable neglect is not easily demonstrated, nor was it intended to be.") (internal quotations omitted). Courts typically look to the following factors: (a) the danger of the prejudice to the debtor; (b) the length of delay and its potential impact on judicial proceedings; (c) the reason for delay, including whether it was within the reasonable control of the movant; and (d) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 385 (1993). For the reasons set forth below, Claimant has fallen short of meeting his burden.

17.     First, allowing Claimant to file a late claim in any amount more than the asserted $15,000 would prejudice the Trust.  While the Trust sympathizes with Claimant's asserted injuries, the Trust has no ability to expand the size of available funds established under the Plan for general unsecured claimants.  The Trust only has a limited pool of funds, and claimants are not free to inflate the size of their claims to get a bigger distribution or belatedly expand upon filed claims well after the Bar Date or well after relief is granted by the Court adjudicating the claim on grounds that the Trust objects to.

18.     Second, allowing Claimant to redo the relief in the Estimation Order at this stage – and be allowed to file late claims – simply gives other creditors the false belief that this Court's orders are not as final as they are.  That, in turn, exposes the Trust to other potential claimants coming forward who may decide to chance seeking to overturn the Estimation Order and get a

bigger recovery.  That outcome would delay distributions from the Trust.  Bankruptcy courts have considered such a delay in distribution to weigh against a finding of "excusable neglect."  *See, e.g., In re AMF Bowling Worldwide, Inc.*, 520 B.R. 185, 196 (Bankr. E.D. Va. 2014) ("The balance of equities strongly supports a finding that AMF's reorganization will be far better served by not further delaying distribution to over 1,000 general unsecured creditors in favor of . . . one creditor.").  Here, the delay in seeking relief impacts this case in many ways and could delay distributions from the Trust.  Claimant has failed to state any cognizable reason for the Court to find that his failure to timely file its claim was the result of excusable neglect.

19.    Moreover, Claimant does not offer any evidence addressing the good-faith standard.  While the Trust cannot conclude that Claimant acted in bad faith, Claimant has clearly failed to satisfy any of the other factors set forth in *Pioneer*.

20.    Finally, there is no indication that Claim No. 2417 was intended to cover separate damages and nothing in the supporting documentation provides any basis for which to give Claimant some sort of separate and independent allowed general unsecured claim and not for more than the asserted $15,000.  And Claimant should not be allowed to reconsider and restate his $1,000,000 asserted damages from Claim No. 1799 when Claimant affirmatively and unilaterally amended Claim No. 1799 by filing Claim No. 2417 in the amount of $15,000.  Accordingly, the Trust remains willing to vacate the Estimation Order, solely as to Claimant and Claim No. 2417, and stipulate to allow Claim No. 2417 in the amount of $15,000.

## CONCLUSION

WHEREFORE, the Trust respectfully requests the Court deny the requested relief in the Davis Letter.

Dated:  February 26, 2026            **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*

Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:    bsandler@pszjlaw.com
           pkeane@pszjlaw.com

-and-

Shirley S. Cho (admitted *pro hac vice*)
Beth E. Levine (admitted *pro hac vice*)
Jason S. Pomerantz (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:    scho@pszjlaw.com
           blevine@pszjlaw.com
           jspomerantz@pszjlaw.com

*Counsel to the 99 Cents Creditors' Liquidating Trust*