IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores, LLC,<br><br>Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS)<br><br>**Hearing Date: March 5, 2026 at 2:30 p.m. (ET)**<br><br>Re: D.I. 200, 284, 333, 343, 352 |

**REPLY OF LAURA GRACIELA AGUILERA NAVARRO IN SUPPORT OF HER MOTION TO (I) SET ASIDE, SOLELY AS TO HER CLAIM, THE ORDER GRANTING THE TRUST'S MOTION TO FIX CERTAIN PERSONAL INJURY CLAIMS; (II) PERMIT A LATE-FILED OBJECTION TO THE TRUST'S MOTION; AND (III) RECOGNIZING NAVARRO'S PROOF OF CLAIM TO BE AMENDED TO REFLECT HER AMENDED CLAIM AMOUNT**

Movant, Laura Graciela Aguilera Navarro ("**Navarro**"), by and through undersigned counsel, respectfully submits this Reply to the Objection of Safety National Casualty Corporation ("**Safety National**") [D.I. 343] to Navarro's Motion [D.I. 333] (the "**Motion**") and states as follows:

1.  Safety National's Objection should be overruled. It fails to engage with the central issue raised by the Motion: the Trust's undisputed failure to properly serve Navarro or her counsel with the PI Motion,[2] which denied Navarro constitutionally adequate notice and the opportunity to be heard before entry of the PI Order. Rather than address this due process deficiency, Safety National pivots to arguments about deadlines that Navarro could not have met precisely because she was never served.

---

[1] The Post-Confirmation Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in Navarro's Motion.

2. The record establishes, without contradiction, that: (1) the Trust served the PI Motion on Navarro's California counsel at a former address on Raymond Avenue, despite the amended proof of claim—filed nearly three months earlier—providing the updated Los Robles Avenue address; (2) the PI Order schedules themselves list Navarro with the updated Los Robles address, confirming the Trust's actual knowledge of the correct address; and (3) the Trust failed entirely to serve Navarro's Delaware bankruptcy counsel, Pierson Ferdinand LLP, despite counsel's docket appearance in June 2025 and ongoing email correspondence among counsel for all parties—including Safety National's own counsel—regarding Navarro's claim in the months preceding the PI Motion.

3. Safety National does not dispute any of these facts, does not argue that the Trust properly served Navarro, and does not contend that Navarro received actual notice before the hearing. As the Supreme Court held in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." The Trust's service was not so calculated, and no after-the-fact argument about deadlines can cure that deficiency. Tellingly, the Trust itself—the party that bore responsibility for proper service—has not objected to the Motion, a tacit acknowledgment that service was deficient. The Trust is in the best position to defend its own service practices; Safety National cannot step into its shoes.

4. Safety National contends that the "Motion fails" because Navarro "simply failed to timely request that her Amended Claim be included in the Estimation Order." (Obj., ¶ 7.) This confuses cause and effect. Navarro missed no deadlines through lack of diligence; she missed them because the Trust mailed the PI Motion to the wrong address and failed to serve her Delaware

counsel. Her California counsel did not receive the PI Motion papers until January 9, 2026—over a month after the December 3, 2025 hearing. A party cannot be penalized for failing to comply with deadlines of which she had no notice. The excusable neglect analysis under *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), confirms as much: where the delay is entirely attributable to circumstances beyond the movant's control, the neglect is excusable. Safety National makes no attempt to apply the *Pioneer* factors.[3]

5. Safety National identifies no prejudice from granting the Motion, and there is none. The PI Order would remain in full force as to all other claimants. Navarro seeks only to restore her opportunity to be heard and to have the schedules corrected to reflect the amended claim on file months before the PI Motion was filed. Safety National's true concern appears to be insurance exposure if Navarro's claim is recognized above the $300,000 SIR. But the desire to avoid potential insurance obligations is not cognizable prejudice and cannot justify denying due process. The PI Order is expressly "insurance neutral" and does not modify coverage obligations; Safety National's rights under the Insurance Policies are fully preserved.

6. Finally, amendment of proofs of claim is liberally permitted. *See In re Ben Franklin Hotel Assocs.*, 186 F.3d 301, 309 (3d Cir. 1999); *In re Maxus Energy Corp.*, 2023 WL 5543612, at *5 (Bankr. D. Del. Aug. 28, 2023). Navarro's Amended Claim does not assert a new claim; it corrects the amount for the same underlying personal injury to conform to the pre-bankruptcy demand letter. The Amended Claim was filed on July 24, 2025—nearly three months before the

---

[3] Safety National suggests that Navarro's Amended Claim "raises several good faith concerns" because it was filed after Navarro learned her Original Claim fell below the SIR. (Obj., ¶ 5.) This is unfounded. The record shows Navarro's claim was always $450,000: on July 19, 2023—more than a year before the bankruptcy petition—her counsel submitted a demand letter to the Debtors' insurer seeking that amount. The Original Claim of $150,000 was filed through inadvertence. The Amended Claim corrected this error to conform to the amount long since demanded. Safety National itself acknowledged these concerns are "not relevant here." (*Id.*)

PI Motion on October 22, 2025 and well before the November 12, 2025 objection deadline. Safety National offers no legal basis for disregarding it.

## **CONCLUSION**

For the foregoing reasons, Navarro respectfully requests that the Court enter an order:

1. Setting aside and vacating the PI Order solely as to Navarro's claim to restore her opportunity to be heard;

2. Permitting Navarro to file, within seven (7) days of entry of the order on this Motion, her objection to the PI Motion;

3. Recognizing and granting leave, to the extent necessary, for Navarro's amended proof of claim (filed July 24, 2025) in the amount of $450,000;

4. Directing that any revised claim schedules or estimation matrices used in connection with the PI Motion reflect Navarro's amended claim as above the SIR, and that Navarro be provided with the procedures available to claimants on Schedule 1-B for seeking relief from the Plan Injunction and pursuing recovery from insurance proceeds; and

5. Granting such other relief as is just and proper.

## **NO PRIOR REQUEST**

No prior request for the relief sought in this Motion has been made to this Court or any other court.

Dated: March 2, 2026                             PIERSON FERDINAND LLP

                                                  /s/ *Carl D. Neff*
                                                 Carl D. Neff (No. 4895)
                                                 Maura L. Burke (No. 5313)
                                                 CSC Station
                                                 112 S. French Street
                                                 Wilmington, Delaware 19801
                                                 Telephone: (302) 482-4244
                                                 carl.neff@pierferd.com
                                                 maura.burke@pierferd.com

                                                 *Counsel to Movant,*
                                                 *Laura Graciela Aguilera Navarro*