UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

In re:
99 Cents Only Stores, LLC, et al.,

Debtors.

Chapter 11
Case No. 24-10721 (JKS)

**OBJECTION TO PROPOSED DISALLOWANCE OF CLAIM NO. 2543**

I, Ryon Peck ("Claimant"), appearing pro se, hereby submit this Objection to the proposed disallowance of my personal injury claim (Claim No. 2543), and respectfully state as follows:

1. Claimant timely pursued his rights and has acted in good faith throughout these proceedings.

2. To the extent the Court determines that Claim No. 2543 was filed after the applicable bar date, such delay constitutes excusable neglect under Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).

3. The delay resulted from circumstances outside of Claimant's control, including attorney abandonment, lack of communication, and confusion regarding representation and the status of the claim.

4. Claimant reasonably relied on prior counsel, who failed to properly file or advise regarding the bankruptcy bar date, despite being informed of the bankruptcy proceedings.

5. There is no prejudice to the estate or the Trust in allowing Claimant's claim, particularly where personal injury claims have not yet been fully reconciled.

6. The length of delay is not substantial under the circumstances, and Claimant acted promptly upon discovering the issue.

7. Claimant has acted at all times in good faith and has continuously attempted to preserve and pursue his claim.

8. Disallowance of Claim No. 2543 would result in substantial and inequitable prejudice to Claimant by eliminating any avenue of recovery without a determination on the merits.

9. Additionally, any disallowance order should not be construed to adjudicate the underlying liability or damages associated with Claimant's personal injury claim.

**WHEREFORE**, Claimant respectfully requests that the Court:

A. Allow Claim No. 2543 pursuant to the excusable neglect standard set forth in Pioneer;

B. In the alternative, enter an order expressly providing that any disallowance of Claim No. 2543:

(i) Is procedural in nature only;

(ii) Does not constitute an adjudication on the merits;

(iii) Does not impair, limit, or preclude Claimant's right to pursue recovery against any applicable liability insurance policies;

C. Grant such other and further relief as the Court deems just and proper.

Dated: 2/24/26

Respectfully submitted,

*Ryon Peck*
Ryon Peck
1738 Canyon Drive #210
Los Angeles, CA 90028
323-443-5765
ryonpeck@mac.com
Pro Se Claimant

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF DELAWARE**

In re:
99 Cents Only Stores, LLC, et al.,

Debtors.

Chapter 11
Case No. 24-10721 (JKS)

**CERTIFICATE OF SERVICE**

I, Ryon Peck, hereby certify that on 2/24/26, I caused a true and correct copy of the following document:

"Objection to Proposed Disallowance of Claim No. 2543"

to be served by United States Mail, first-class postage prepaid, upon the following parties:

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801

Counsel to the Debtors

and

Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017

Counsel to the Debtors

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: Feb. 24, 2026

Ryon Peck
Pro Se Claimant

**Ryon Peck**

1738 Canyon Drive #210

Los Angeles, CA 90028

323-443-5765

ryonpeck@mac.com

Date: Feb. 24 2026

Clerk of the Court

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, DE 19801

**Re:** In re 99 Cents Only Stores, LLC, et al.

**Case No. 24-10721 (JKS)**

**Chapter 11**

Dear Clerk of the Court:

Please find enclosed for filing my Objection to Proposed Disallowance of Claim No. 2543 in the above-referenced case.

I am a pro se claimant and respectfully request that the enclosed documents be filed and entered on the docket.

Enclosed please find:

1. Objection to Proposed Disallowance of Claim No. 2543

2. Certificate of Service

Please return a file-stamped copy to me using the enclosed self-addressed stamped envelope.

Thank you for your assistance.

Respectfully submitted,

_____
Ryan Peck

Pro Se Claimant