# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

J. KATE STICKLES
JUDGE



824 NORTH MARKET STREET
WILMINGTON, DELAWARE
302-252-3820

March 6, 2026

<u>**VIA CM/ECF**</u>

Peter J. Keane, Esquire
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
pkeane@pszjlaw.com

Brian J. McLaughlin, Esquire
Offit Kurman, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801
brian.mclaughlin@offitkurman.com

Jason S. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones LLP
1700 Broadway 36th Floor
New York, NY 10019
jspomerantz@pszjlaw.com

Paul J. Winterhalter, Esquire
Offit Kurman, P.A.
2000 Market Street, Suite 2700
Philadelphia, PA 19103
pwinterhalter@offitkurman.com

   RE: *99 Cents Only Stores LLC*, Post-Confirmation Debtor[1]
      Case No. 24-10721 (JKS)[2]
      <u>Related to D.I. 283, 284, 297 and 324</u>

Dear Counsel:

  Before the Court is Catarina Cux Chan's motion[3] (the "<u>Motion</u>") seeking to reconsider, or alternatively, clarify this Court's Order Sustaining the 99 Cents Creditors' Liquidating Trust's Third Omnibus Objection (Non-Substantive) to Certain Claims (Late Filed Personal Injury

---

[1] The Post-Confirmation Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is c/o META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

[2] The Debtors, Numbers Holdings, Inc., et al., Case No. 24-10719 (JKS), emerged from chapter 11 on January 31, 2025. On February 21, 2025, the Court entered an order closing five of the Debtors chapter 11 cases and modifying the case caption to reflect the name of the Post-Confirmation Debtor in the remaining open case of *99 Cents Only Stores LLC*, Case No. 24-10721. *See* D.I. 13 (Order (I) Closing Certain Chapter 11 Cases; (II) Modifying Case Caption and Directing Administration in the Remaining Case; (III) Modifying 2002 Service List; and (IV) Granting Related Relief).

[3] D.I. 297 (Motion for Reconsideration or Alternatively for Clarification of Court Orders Striking Certain Late Filed Claims and Procedures Order for Relief from Plan Injunction). The Motion was filed on behalf of multiple claimants, but resolved prior to the hearing as to all claimants except Ms. Chan.

*99 Cents Only Stores LLC*
Case No. 24-10721 (JKS)
March 6, 2026
Page 2

Claims) (the "*Order Disallowing Claims*")[4] and Order Granting Motion of the 99 Cents Creditors' Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§105(a) and 502(c), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims (the "*Procedures Order*").[5] The Motion seeks reconsideration under Fed. R. Bankr. P. 9024.[6] Safety National Casualty Corporation ("*Safety National*")[7] opposes the Motion arguing that it is both legally and procedurally deficient and should be denied.[8]

For the reasons set forth herein, the Motion is denied.[9]

### ***Order Disallowing Claims***

The Order Disallowing Claims disallowed proof of claim 2227, asserted by Caterina Cux Chan ("*Ms. Chan*" or "*Movant*"), against Debtor 99 Cents Only Stores LLC, in the amount of $500,000, as late filed.

Movant seeks reconsideration of the Order Disallowing Claims based on the "excusable neglect" provision of Fed. R. Civ. P. 60.[10] Movant does not dispute receipt of the notice of claims bar date (the "*Bar Date Notice*" or "*Notice*"),[11] but argues that the Notice bearing the *Numbers Holding, Inc.* case caption, and not the *99 Cents Only Stores LLC* ("*99 Cents Stores*")

---

[4] D.I. 281.

[5] D.I. 284.

[6] Fed. R. Bankr. P. 9024 states that Fed. R. Civ. P. 60 applies in a bankruptcy case with certain exceptions. Reconsideration of interlocutory orders may be sought under Fed. R. Civ. P. 59(a), made applicable to bankruptcy cases under Fed. R. Bankr. P. 9023. Under Fed. R. Civ. P. 59(a), a court may grant a motion for reconsideration if the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Movant did not seek relief under Fed. R. Bankr. P. 9023, nor assert any of the foregoing grounds as a basis to alter or amend the judgment.

[7] Safety National provided general liability insurance coverage to Debtors pursuant to certain insurance policies subject to a $300,000 Self-Insured Retention limit per occurrence ("*SIR*").

[8] D.I. 324 (Objection of Safety National Casualty Corporation as to Motion for Reconsideration or Alternatively for Clarification of Court Orders Striking Certain Late Filed Claims and Procedures Order for Relief from Plan Injunction).

[9] Because this letter is for the benefit of the parties, the Court recounts only the facts relevant to the instant Motion.

[10] Fed. R. Civ. P. 60(b)(1) states, in part, "[o]n motion …, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect."

[11] *See* Case No. 24-10719, D.I. 784 (Order Establishing (I) Bar Dates for Filing Proofs of Claim, Including Section 503(B)(9) Claims, (II) an Amended Schedules Bar Date and Rejection Damages Bar Date, (III) an Initial Administrative Claims Bar Date, (IV) Approving the Form and Manner of Filing of Claims, (V) Approving Notices of Bar Dates, and (VI) Granting Related Relief (the "*Bar Date Order*") Ex. 1 Proof of Claim Form; Ex. 2 Bar Date Notice; Ex 3. Publication Notice).

*99 Cents Only Stores LLC*
Case No. 24-10721 (JKS)
March 6, 2026
Page 3

case caption, was deficient and attributed to the late filed claim. At the hearing on the Motion, counsel argued that Ms. Chan did not have adequate or reasonable due process to understand that the notice applied to her (who asserts an injury against 99 Cents Stores).

The claims bar date is a "drop-dead date" absent excusable neglect.[12] The moving party "bears a heavy burden" to establish that relief under Fed. R. Civ. P. 60(b) is appropriate.[13]

"Whether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'"[14] "[D]ue process requires notice that is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[15] As Judge Walsh explained in *Grand Union Co.,* "the notice must be such that it would reasonably inform the interested parties that the matter is pending and would reasonably allow the parties to 'choose for [themselves] whether to appear or default, acquiesce or contest.'"[16] Absent reasonable notice of the bar date, a claimant "is not bound by the legal effects of the confirmation of the plan and should be allowed to file a late proof of claim."[17]

Importantly, no evidence was presented in support of Movant's request for reconsideration. Neither Ms. Chan, nor the law firm that filed the untimely proof of claim on her behalf, provided any evidence to support the assertion that the Bar Date Notice was misleading and attributed to the late filed claim.[18] Also, Ms. Chan did not respond to the objection to her claim.[19]

---

[12] *In re New Century TRS Holdings, Inc.,* 465 B.R. 38, 46 (Bankr. D. Del. 2012). *See also In re Grand Union Co.,* 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citations omitted) ("[T]he claims bar date operates as a federally created statute of limitations, after which the claimant loses all of her right to bring an action against the debtor.").

[13] *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).

[14] *In re Grand Union Co.*, 204 B.R. at 871 (citing *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.),* 863 F.2d 393, 396 (5th Cir. 1989)).

[15] *In re Grand Union Co.*, 204 B.R. at 871 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950)).

[16] *Id.* at 871 (citation omitted).

[17] *Id.*

[18] The law firm that filed and argued the instant Motion is not the same law firm that filed Ms. Chan's proof of claim.

[19] D.I. 201 (99 Cents Creditors Liquidating Trust's Third Omnibus Objection (Non-Substantive) to Certain Claims (Late Filed Personal Injury Claims)).

*99 Cents Only Stores LLC*
Case No. 24-10721 (JKS)
March 6, 2026
Page 4

      The Court finds that the Bar Date Notice, as well as the accompanying Proof of Claim form,[20] apprised recipients of the claims bar date, the name of each Debtor to which the bar date applied (including 99 Cents Stores), the significance of the bar date, and the consequences for not filing a timely claim. Specifically, the record reflects that:

- The Bar Date Notice is consistent with the form of notice routinely approved in jointly administered chapter 11 cases in this district.

- The Bar Date Notice contains the court-approved jointly administered case caption, including a footnote (which appears on the first page) identifying the six Debtors.[21]

- The Bar Date Notice is directed "To: all holders of potential claims against the Debtors (as listed below)" and contains a chart that conspicuously identifies each Debtor, its case number, and the last 4 digits of its federal tax identification number. The Notice also explains that the bankruptcy cases are jointly administered.

- The Bar Date Notice contains a text box with bold text stating: "YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE."

- The Bar Date Notice provides, among other things, the deadline and instructions for filing a claim, when and where to file a claim, and the consequences for failing to file a claim by the applicable bar date.[22]

---

[20] The form of Bar Date Notice was attached to the Bar Date Order, separately docketed (Case No. 24-10719, D.I. 793), and posted on the Claims and Noticing Agent's website. The Notice of the Bar Date was also published in *The Los Angeles Times* and *The New York Times* (Case No. 24-10719, D.I. 846).

[21] The following Debtors filed chapter 11 petitions: (i) Number Holdings, Inc.; (ii) 99 Cents Only Stores LLC; (iii) 99 Cents Only Stores Texas, Inc.; (iv) 99 Cents PropCo LLC; (v) 99 Cents HoldCo LLC; and (vi) Bargain Wholesale LLC. As is typical in chapter 11 cases with multiple debtors, the cases were consolidating for procedural purposes only and jointly administered under Numbers Holdings, Inc., et al., Case No. 24-10719 (JKS), with a docket entry in the other cases noting Case No. 24-10719 (JKS) should be consulted for all matters affecting the case. *See* Case No. 24-10721, D.I. 4 (Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief).

[22] Case No. 24-10719, D.I. 784 (Bar Date Order), Ex. 2 (Bar Date Notice).

*99 Cents Only Stores LLC*
Case No. 24-10721 (JKS)
March 6, 2026
Page 5

      In addition, the Proof of Claim Form, which was served with the Notice of Bar Date, prominently lists, at the top of the form, the name of each Debtor, with the corresponding case number, and a box to check the appropriate Debtor against whom a claim is filed.[23]

      The Court finds that the names of the Debtors are clearly and conspicuously identified and placed on the Bar Date Notice and Proof of Claim form. Notice was such that it reasonably informed interested parties that (i) the Debtors cases were pending and the name of each Debtor; (ii) the deadline to file a claim; (iii) the deadline applied to each Debtor; and (iv) the consequences for failure to file a claim. Absent evidence to the contrary, the Court disagrees with the unsubstantiated argument that the Bar Date Notice was defective, misleading, ambiguous, or did not provide adequate or reasonable due process.

      No other grounds or evidence were set forth to support an excusable neglect finding for reconsideration.[24] Based on these facts, Movant has not met her heavy burden, and the request to reconsider disallowance of the claim is denied.

### ***Procedures Order***

      Movant next requests reconsideration or clarification of the Procedures Order so that she can seek relief from the Plan Injunction to pursue a claim against the insurer for amounts above the SIR. Specifically, Movant wants to pursue a claim in state court against Safety National for the $200,000 surplus above the $300,000 SIR. Movant maintains she is not seeking anything against the Debtors' estates, which she cannot, because, as discussed above, she does not have a claim against the Debtors and their estates.

      Safety National opposes reconsideration, arguing, in part, that Movant waived the right to seek reconsideration because she failed to oppose the relief sought in the initial Procedures Motion[25] or raise the issue at the hearing. The Court finds that Movant (care of counsel) was served with a copy of the Procedures Motion and proposed Procedures Order[26] and neither she,

---

[23] Case No. 24-10719, D.I. 784 (Bar Date Order), Ex. 1 (Proof of Claim Form) and D.I. 861 (Affidavit of Service), Ex. C (Proof of Claim Form).

[24] The Motion does not address any additional grounds under Fed. R. Civ. P. 60(b) or the four factors identified by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993), to establish excusable neglect to permit a late filed claim (i.e. (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith).

[25] D.I. 200 (Motion of the 99 Cents Creditors' Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims) (the "Procedures Motion").

[26] Case No. 24-10721, D.I. 203 (Certificate of Service).

*99 Cents Only Stores LLC*
Case No. 24-10721 (JKS)
March 6, 2026
Page 6

nor her counsel, opposed the relief sought in the motion or the proposed Procedures Order.[27] Even if the Court finds that Ms. Chan did not abandon the argument, the Court finds the argument insufficient to merit reconsideration or clarification.

"A motion for reconsideration is not an appropriate vehicle to reargue issues that the court has already considered and decided."[28] A motion for reconsideration is allowed to "correct manifest errors of law or fact or to present newly discovered evidence."[29] Here, the Motion fails to state any grounds or legal argument for reconsideration of the Procedures Order. Because no circumstances are presented for the Court's consideration, Movant has failed to meet her burden and the request to reconsider the Procedures Order is denied.

The Court next considers Movant's request for clarification of the Procedures Order. "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend. Requests to 'alter ... previous rulings' or to 'make findings of fact' are not proper bases for a motion for clarification."[30]

The Procedures Order (1) estimates personal injury claims, (2) sets up a process whereby claimants can assert a claim amount for estimation purposes, and (3) provides a process by which certain categories of claims can seek relief from the Plan Injunction. Movant argues it is unclear whether she, whose late claim was disallowed, is permitted to pursue the claim against available insurance —the amount above the self-insured retention or SIR.

Ms. Chan's claim was disallowed as late filed.[31] As a result, Movant does not have a claim against the Debtor's estate. Pursuant to the Procedures Order, "a Claimant shall be barred from moving to lift the Plan Injunction if … (iii) Claimant's Claim is disallowed in its entirety." This provision requires no clarification. Simply stated, if a claim is disallowed, the party

---

[27] At the hearing, the Court specifically asked whether anyone wanted to be heard with respect to the Procedures Motion or the proposed form of Procedures Order. No one opposed the relief requested, including counsel for the Movant, and the Court entered the unopposed Procedures Order. The record reflects that different counsel entered an appearance on Ms. Chan's behalf prior to the hearing on the Procedures Order, and that counsel was present at the hearing on the Procedures Motion. *See* D.I. 260 (Notice of Appearance and Request for Service of Notices and Papers) and D.I. 270 (December 3, 2025 Hearing Sign-In Sheet). Despite notice of the Procedures Motion, and appearing at the hearing, the Movant did not oppose the relief, nor seek to be heard on the Procedures Motion or proposed Procedures Order.

[28] *Tolliver v. Highmark BCBSD, Inc.*, Civ. A. No. 18-797-RGA, 2019 WL 2082486, at *1 (D. Del. May 13, 2019); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (Motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers.").

[29] *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[30] *Jackson v. NuVasive, Inc.,* Civ. A. No. 21-53-RGA, 2024 WL 3534820, at *1 (D. Del. July 25, 2024) (internal citations omitted; cleaned-up).

[31] *See* D.I. 281 (Order Disallowing Claims).

*99 Cents Only Stores LLC*
Case No. 24-10721 (JKS)
March 6, 2026
Page 7

asserting the disallowed claim does not have a claim against the estate and is barred from lifting the Plan Injunction to proceed with litigation against the Debtors.

The Procedures Order, however, also incorporate Section IV.E of the Plan regarding "Insurance Matters" and states, in part:

> This Order is and shall be insurance neutral, neither modifying the coverage obligations of any Insurer (as defined in the Plan) or the Liquidating Trustee, if any, nor modifying or affecting any Claimant's rights, if any, under any Insurance Contract or applicable law. For the avoidance of doubt, all parties' rights, defenses, and arguments are reserved herein, specifically including under Section IV.E. of the Plan, in any Original Court Action.[32]

As set forth in the Order, any rights Movant has against the insurer are preserved and she is not precluded from pursuing the insurer in state court. The Court lacks subject matter jurisdiction over any state law contract claim Movant may have against the insurer above the SIR. That is a claim between two non-debtors involving state law.[33]

For the reasons set forth above, the Motion is denied, and an order will be issued.

Very truly yours,

J. Kate Stickles
United States Bankruptcy Judge

---

[32] D.I. No. 284.

[33] *See In re Oldco Tire Distribs., Inc.*, Case No. 24-12391 (CTG), 2025 WL 3130700, at *8 (Bankr. D. Del. Nov. 7, 2025).