# **Exhibit B**

4930-9447-9524.3 00168.00003

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores LLC,<br><br>    Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS) |

**DECLARATION OF DANA P. KANE IN SUPPORT OF THE 99 CENTS CREDITORS'
LIQUIDATING TRUST'S EIGHTH OMNIBUS OBJECTION (NON-SUBSTANTIVE)
PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND LOCAL RULE 3007-1
TO CERTAIN (I) LATE-FILED CLAIMS; (II) AMENDED/SUPERSEDED CLAIMS;
(III) DUPLICATE CLAIMS; AND (IV) EQUITY CLAIMS**

I, Dana P. Kane, hereby declare as follows:

1.      I am the Chief Compliance Officer for META Advisors LLC in its capacity as the Trustee (the "**Trustee**") of the 99 Cents Creditors Liquidating Trust (the "**Trust**"). The Trust was established pursuant to the confirmed *Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates* (including any exhibits and schedules thereto, the "**Plan**").[2] I am generally knowledgeable about and familiar with the Debtors' businesses and financial affairs.

2.      I submit this declaration (the "**Declaration**") in support of *The 99 Cents Creditors' Liquidating Trust's Eighth Omnibus Objection (Non-Substantive) Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Local Rule 3007-1 to Certain (I) Late-Filed Claims; (II) Amended/Superseded Claims; (III) Duplicate Claims; and (IV) Equity Claims* (the "**Objection**") and the Disputed Claims,[3] filed contemporaneously herewith.

---

[1]      The Post-Confirmation Debtor (as defined in the Objection) in the Remaining Chapter 11 Case (as defined in the Objection), along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

[2]      *See* Docket No. 1733.

[3]      Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Objection.

3.      As part of my current position in assisting with the Trust's responsibilities under the Plan, I am responsible for certain claims management and reconciliation matters. I am generally familiar with the Debtors' Books and Records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date.

4.      Except as otherwise indicated, the statements in this Declaration are based on: (a) my personal knowledge; (b) my review of the Books and Records of the Debtors that reflect the amounts owed to their creditors as of the Petition Date, and the Schedules; (c) my review of the register of claims (the "**Claims Register**") prepared and provided by the Claims and Noticing Agent; (d) my review of the Proofs of Claim filed in these Chapter 11 Cases; (e) my review of the Disputed Claims and any supporting documentation attached thereto, if any; (f) my review of the Objection; (g) information provided to me by, or discussions with, the Debtors and by others at the Debtors' request; (h) information provided to me by professionals retained by the Debtors or the Trust; and (i) my general experience and knowledge. As to matters regarding state and federal law, including bankruptcy law, I have relied on the advice of counsel.

5.      In this regard, I, or another person at my direction, participated in the review of both the Claims Register and the Books and Records and identified certain Disputed Claims that are objectionable on non-substantive grounds, i.e., the Late-Filed Claims, the Amended/Superseded Claims, the Duplicate Claims and the Equity Claims.

6.      To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry and investigation of the Books and Records, the Proofs of Claim, and all documentation submitted with the Proofs of Claim, each of the Claims listed on **Schedule 1**, **Schedule 2**, **Schedule 3**, and **Schedule 4** attached to the Proposed Order represent Disputed Claims that should be disallowed in full and expunged.

4938-8438-4932.2 00168.00003

7.      I am authorized to submit this Declaration in support of the Objection. If called upon to testify, I can and would testify competently as to the facts set forth herein. All of the statements below are made to the best of my knowledge, information and belief, and based on the information and the Books and Records available to me.

A.      **Late-Filed Claims**

8.      The Trust has determined that the Proofs of Claim reflected on **Schedule 1** to the Proposed Order were filed after the applicable Bar Date, and that there is no basis to nevertheless accept the Late-Filed Claims as timely. Indeed, such Claims: (a) arose prior to the Petition Date; (b) were subject to the requirement that Proofs of Claim be filed no later than the applicable Bar Date; and (c) were nonetheless filed after the applicable Bar Date, as indicated by the dates identified in the column headed "Date Claim Filed" on **Schedule 1** to the Proposed Order.

9.      Furthermore, none of the claimants identified on **Schedule 1** to the Proposed Order have sought —much less obtained—relief from the Court pursuant to Bankruptcy Rule 9006 to file a late Proof of Claim or otherwise demonstrated excusable neglect, despite that the applicable Bar Date occurred nearly one year ago and they were properly served with the Bar Date Notice.

10.     Accordingly, the Late-Filed Claims are untimely under the Bar Date Order, the Plan and/or the Confirmation Order and should be disallowed in their entirety and expunged pursuant to Bankruptcy Code section 502(b)(9).

11.     Moreover, permitting the Late-Filed Claims would hinder the bankruptcy process and the Plan because parties that filed late Claims could receive a recovery to which they are not entitled to the detriment of holders of properly filed allowed Claims if such Late-Filed Claims were ultimately allowed.

4938-8438-4932.2 00168.00003

### B.      Amended/Superseded Claims

12.      The Trust has reviewed the Proofs of Claim listed on **Schedule 2** to the Proposed Order and determined that they have been amended and superseded by a later-filed Claim, filed by the same claimant asserting a Claim for the same liability (each, a "**Surviving Claim**"). The Trust therefore seeks to disallow in full and expunge the Amended/Superseded Claims, which have been superseded by the later-filed Surviving Claim, also identified on **Schedule 2** to the Proposed Order.

13.      Unless the Amended/Superseded Claims are disallowed, the claimants listed on **Schedule 2** to the Proposed Order will receive a duplicative recovery from the Debtors' estates. The claimants affected by the Objection will not be prejudiced if the Amended/Superseded Claims are disallowed in full and expunged because each will retain the corresponding Surviving Claim that is identified on **Schedule 1** to the Proposed Order.

### C.      Duplicate Claims

14.      During the Trust's review of the Proofs of Claim, the Trust determined that the Proofs of Claim identified as Duplicate Claims on **Schedule 3** to the Proposed Order are identical to other Proofs of Claim filed by the same claimant asserting a Claim for the same liability, and in the same amount and priority.

15.      In light of the "Deemed Consolidation" provisions of the Plan and Confirmation Order, the Trust notes that the claimants listed on **Schedule 3** to the Proposed Order will not be prejudiced if the Duplicate Claims are disallowed and expunged, because the claimants will retain their respective Remaining Claim, also identified on **Schedule 3** to the Proposed Order

16.      Accordingly, the Trust seeks entry of the Proposed Order disallowing in full and expunging each of the Duplicate Claims listed on **Schedule 3** to the Proposed Order.

4938-8438-4932.2 00168.00003

**D.     Equity Claims**

17.     The Equity Claim(s) identified on **Schedule 4** to the Proposed Order were filed by claimants asserting rights to a distribution in the Chapter 11 Cases based upon ownership of Equity Interests and/or stock in one of the Debtors.

18.     An equity interest in a debtor, such as stock, is not considered a "claim" under the Bankruptcy Code.

19.     Moreover, consistent with Local Rule 3007-1(c)(v), none of the Equity Claims listed on **Schedule 4** to the Proposed Order that assert ownership of Equity Interests allege damages associated therewith.

20.     Further, pursuant to the Plan, all Class 8 Equity Interests in the Debtors were deemed cancelled and extinguished as of the Effective Date and are not entitled to receive a recovery under the Plan.

21.     The allowance of such Equity Claims would unjustifiably elevate the position of equity security holders to that of creditors, to the detriment of legitimate creditors in the Chapter 11 Cases.

22.     Accordingly, the Trust objects to the Equity Claims, and requests entry of the Proposed Order disallowing in full and expunging the Equity Claims as set forth on **Schedule 4** to the Proposed Order.

**E.     Conclusion**

23.     Accordingly, based upon my review of the Claims Register and the Books and Records, I believe that granting the relief requested in the Objection is in the best interest of the Trust, the Debtors' estates and their creditors.

5

24.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  April 24, 2026

/s/ Dana P. Kane
Dana P. Kane
Chief Compliance Officer
META Advisors

6

4938-8438-4932.2 00168.00003