**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| 99 Cents Only Stores LLC, | Case No. 24-10721 (JKS) |
| Post-Conformation Debtor. | |

**POMWONDERFUL LLC'S RESPONSE TO THE 99 CENTS CREDITORS'
LIQUIDATING TRUST'S OBJECTION TO CLAIM NO. 2409**

POMWONDERFULL LLC  submits this response to the 99 Cents Creditors' Liquidating Trust's objection to claim No. 2409 and states as follows:

1. POMWONDERFUL LLC timely filed Proof of Claim No. 2409 on October 9, 2024 in the amount of $20,862.24.
2. The objection asserts that Claim No. 2409 should be disallowed because after reviewing the Debtors' Books and Records the Trust determined that no amounts were owed to [POM] and the Proof of the Claim did not include sufficient supporting information or documentation.
3. Concurrently with this response, POMWONDERFULL LLC has filed an Amended Form 410, amending Claim No. 2409, to supplement the documentation supporting the same claim previously asserted. The amended proof of claim does not assert a new claim, a different transaction, or a materially different basis for liability.  It is intended to clarify and support the original timely filed claim.
4. The amended proof of claim attaches the invoice and Bill of Lading.
5. Federal Rule of Bankruptcy Procedure 3001 requires a proof of claim to conform substantially to the appropriate Official Form and requires supporting writings when a claim is based on a writing. Rule 3007 governs objections to claims and recognizes service at the address listed on POMWONDERFULL LLC's Amended Proof of Claim amending Claim No. 2409. Section 502 provides that a filed claim is deemed allowed unless objected to, and if an objection is made, the court determines the amount of the claim after notice and a hearing.
6. Because the amended proof of claim supplements and clarifies the same claim originally filed, POMWONDERFULL LLC respectfully requests that the objection be overruled or, alternatively, that the claim be allowed as amended in the amount of $20,862.24.

Wherefore, POMWONDERFULL LLC respectfully requests that the Court enter an order overruling the objection to Claim No. 2409, allowing Claim No. 2409 as amended, and granting such other further relief as the court deems just and proper.

Dated: June 24, 2026                    /s/ Edward Garrison
                                        Edward Garrison
                                        Accounts Receivable Manager

**United States Bankruptcy Court, District of Delaware**

**Fill in this information to identify the case**
**(Select only one Debtor per claim form):**

| | |
|---|---|
| ☐ | Number Holdings, Inc. (Case No. 24-10719) |
| ☐ | 99 Cents HoldCo LLC (Case No. 24-10720) |
| ✓ | 99 Cents Only Stores LLC (Case No. 24-10721) |
| ☐ | 99 Cents Only Stores Texas, Inc. (Case No. 24-10722) |
| ☐ | 99 Cents PropCo LLC (Case No. 24-10723) |
| ☐ | Bargain Wholesale LLC (Case No. 24-10724) |

RECEIVED

2026 JUN 24 A 11: 20

CLERK
US BANKRUPTCY C. JT
DISTRICT OF DELAWARE

## Modified Official Form 410

# Proof of Claim
04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

### Part 1:   Identify the Claim

**1. Who is the current creditor?**

POMWONDERFUL LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Edward Garrison
Name

11444 W. Olympic Blvd., Suite 300
Number        Street

Los Angeles          CA          90064
City                        State          ZIP Code

Contact phone   (310)966-5842
Contact email   edward.garrison@wonderful.com

**Where should payments to the creditor be sent?** (if different)

_____
Name

_____
Number        Street

_____
City                        State          ZIP Code

Contact phone   _____
Contact email   _____

**4. Does this claim amend one already filed?**

☐ No
☑ Yes.   Claim number on court claims registry (if known) 2409     Filed on   10/09/2024
                                                                                                                MM  / DD   / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 20,862.24 _____. **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

goods sold _____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Modified Official Form 410                     Proof of Claim                     page 2

| | | Amount entitled to priority |
|---|---|---|

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies.  $_____

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.   $_____

**14. Is all or part of the claim being asserted entitled to administrative priority arising from unpaid rent for the period following the Petition Date through the end of the month of April 2024?**

☒ No

☐ Yes. Indicate the amount of such claim.   $_____

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑   I am the creditor.

☑   I am the creditor's attorney or authorized agent.

❑   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❑   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    06/23/2026    (mm/dd/yyyy)

*Edward Garison*
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Edward Garrison | | |
| | First name | Middle name | Last name |
| Title | AR Manager | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 11444 W. Olympic Blvd. | | |
| | Number          Street | | |
| | Los Angeles | CA | 90064 |
| | City | State | ZIP Code |
| Contact phone | | Email | |

# 99 Close Out PO

| | |
|---|---|
| **Status:** | Pending Approval |
| **First Ship Date:** | 03/06/2024 |
| **Cancel Date:** | 03/06/2024 |
| **Pick up Date/Time:** | |
| **Expected Del. Date:** | 03/06/2024 |
| **Invoice to:** | PO Box 23428, Los Angeles, CA 90023 |
| | Tel: (323) 980-8145 |

| | |
|---|---|
| **PO Number:** | 11340422 |
| **PO Create Date:** | 02/20/2024 |
| **Revision Number:** | 0 |
| **Revision Date:** | 02/20/2024 |

| | |
|---|---|
| **Vendor:** | 301320-THE WONDERFUL COMPANY LLC |
| **Address:** | 5001 CALIFORNIA AVE,BAKERSFIELD,CA,US,93309 |
| **Contact:** | JESSICA DUNHAM 661-778-1581 |
| **Phone:** | 661-778-1581 |
| **Fax:** | |
| **Cell:** | |
| **Email:** | JESSICA.DUNHAM@WONDERFUL.COM |
| **RemitTo:** | 301320-THE WONDERFUL COMPANY LLC |
| **RemitTo Location:** | 5001 CALIFORNIA AVE,BAKERSFIELD,CA,US,93309 |
| **Pickup Location:** | |

### FREIGHT INSTRUCTIONS

**MUST contact 99 BEFORE product is shipped**

For Delivery Appointment, email: 99scheduling@99only.com
**Tentative Destination:**
**3050 WASHINGTON BLVD.,LOS ANGELES,CA,US,90023**
**Tel: 323-724-2930**
(Shipping address will be confirmed at time of appointment)

| | |
|---|---|
| **Ship Code:** | Freight prepaid, Vendor Prepaid |
| **Ship Via:** | Refrigerated Truck |
| **Payment Terms:** | Net 21, no discount |
| **Receipt of Goods Terms:** | Washington DC |
| **Load Type:** | Pallet Load |
| **Pallet Handling:** | |
| **Add-ons:** | |



## PO Terms - Continued on Last Page

1. Each and every 99 Cents Purchase Order ("PO") shall constitute an offer only and it is not a confirmation or acceptance of any prior or contemporaneous offer, proposal, or agreement. Acceptance of 99 Cents' PO is expressly limited to the terms set forth therein. 99 Cents shall only be bound by the terms of its PO. Acceptance of 99 Cents' PO is expressly limited to its terms (including the terms herein), which may not be contradicted, added to, or varied in any way or by any manner or method. Acceptance of 99 Cents' PO as written and delivered by 99 Cents (including the terms herein), and any agreement formed by 99 Cents' PO, may not be conditioned upon or contain any different or additional terms, whether contained in a verbal communication, an invoice, confirmation, e-mail, letter, or other writing, posting, conduct, course of dealing, custom, method, trade usage, or otherwise. Notice is hereby given that any terms in addition to or different from the terms of 99 Cents' PO are by this notification expressly objected to and expressly rejected. Shipment or other arrangements for delivery of the product(s) identified in the PO by the Seller shall constitute an acceptance of 99 Cents' PO on its terms, as shall the execution (signing) of the PO by the Seller. The contract formed by 99 Cents' PO, if accepted, is intended as a final, complete, and exclusive statement of its terms and conditions, and cannot be varied or changed, except by a future writing signed by each and all of the parties to the contract. No employee or representative of 99 Cents, except a Corporate Officer of 99 Cents, is authorized to waive, delete, change, alter, excuse or otherwise modify or waive any of these "Purchase Order Terms," and then only in a signed writing. Any attempt by any other employee or representative to do so shall be of no force or effect.

| Line # | 99c Article# | Description | PROD ID | UPC | QTY | QTY UM | EXP | EA COST | COST/UM | EXTENDED COST |
|---|---|---|---|---|---|---|---|---|---|---|
| 00002 | 704890 | POM-Pomegranate100%Juice/12oz/#40112 | | 00824150601128 | 2,500 | C01/6 | | 1.1000 | 6.6000/C01 | 16500.00 |
| 00003 | 615638 | Pom-100%JcePomegrntBlubry/12oz#40412 | | 824150404125 | 1,000 | C01/6 | | 1.4200 | 8.5200/C01 | 8520.00 |
| | | | | | | | **Total Cost:** | | | 25,020.00 |
| | | | | | | | **Grand Cost:** | | | 25,020.00 |

---

Buyer(Print)    Shantel Gomez  Email:Shantel.Gomez@99inly.com Tel:323-202-0470

PO Approval date:

Vendor Copy

1    of 3

Status: **Pending Approval**        Los Angeles, CA 90023    PO Number: **11340422**
Tel: (323) 980-8145

## Purchase Order Terms

### This Covers the Purchase of Product for Re-Sale by 99 Cents Only Stores LLC ("99  Cents")

1.  Each and every 99 Cents Purchase Order ("PO") shall constitute an offer only and it is not a confirmation or acceptance of any prior or contemporaneous offer, proposal, or agreement. Acceptance of 99 Cents' PO is expressly limited to the terms set forth therein. 99 Cents shall only be bound by the terms of its PO. Acceptance of 99 Cents' PO is expressly limited to its terms (including the terms herein), which may not be contradicted, added to, or varied in any way or by any manner or method. Acceptance of 99 Cents' PO as written and delivered by 99 Cents (including the terms herein), and any agreement formed by 99 Cents' PO, may not be conditioned upon or contain any different or additional terms, whether contained in a verbal communication, an invoice, confirmation, e-mail, letter, or other writing, posting, conduct, course of dealing, custom, method, trade usage, or otherwise. Notice is hereby given that any terms in addition to or different from the terms of 99 Cents' PO are by this notification expressly objected to and expressly rejected. Shipment or other arrangements for delivery of the product(s) identified in the PO by the Seller shall constitute an acceptance of 99 Cents' PO on its terms, as shall the execution (signing) of the PO by the Seller. The contract formed by 99 Cents' PO, if accepted, is intended as a final, complete, and exclusive statement of its terms and conditions, and cannot be varied or changed, except by a future writing signed by each and all of the parties to the contract. No employee or representative of 99 Cents, except a Corporate Officer of 99 Cents, is authorized to waive, delete, change, alter, excuse or otherwise modify or waive any of these "Purchase Order Terms," and then only in a signed writing. Any attempt by any other employee or representative to do so shall be of no force or effect.
2.  Time is of the essence in the contract formed by the acceptance of 99 Cents' PO. If delivery of items ordered therein is not completed by the time set forth in 99 Cents' PO, or within thirty (30) days, whichever is less, 99 Cents reserves the right (but not the obligation), without liability, in addition to all of its other rights and remedies, to terminate such contract as to items not yet delivered, or in its entirety.
3.  For domestic deliveries, before a truck is loaded for delivery to 99 Cents, you must make an appointment and obtain an appointment number.
4.  All products shipped for delivery must be of equal or better quality than the quality of the sample(s) previously provided. All product expiration dates, code dates, and production dates must be noted on the invoice and packing slip(s). The invoice and packing slip(s) must identify the expiration date of all products shipped.
5.  Each case shall contain products of the same manufacture and/or expiration date.
6.  For domestic orders, all products must be shipped on number one grade 40" by 48" hardwood or plastic pallets. The driver must unload the truck, separate and palletize product, even if by hand, and attach pallet tags. Shipments with inaccurate information may be delayed or refused at the dock. All product that comes in with more than one code date, expiration date, production date, size, color, flavor, scent, case pack, case assortment, inner pack, style, formula or consistency must be listed separately. If any products are delivered with a case pack different from that which is listed on the PO, all differences must be noted at the time the delivery appointment is made. 99 Cents reserves right to refuse unloading of trucks until 99 Cents receives a complete and itemized packing slip for each delivery consistent with this section. Seller has full responsibility for any delays caused thereby. 99 Cents is not responsible for any charges associated with shipments made without a delivery appointment or for deliveries made other than at the scheduled date and time and other than as provided herein.
7.  If 99 Cents does not receive all of the product ordered under the PO within the specified date, 99 Cents has the option but not the obligation to cancel all or any part of the PO and/or return to Seller at Seller's expense, or make available for pick-up by Seller at Seller's expense, all or any part of the product identified in the PO. If any of the conditions of the PO are not complied with, 99 Cents has the option, in addition to any other remedies, to cancel all or any other parts thereof and to return or make available for pickup all or any part thereof at Seller's full expense.
8.  Any and all product sent in excess of those ordered by 99 Cents in its PO may be retained or, at 99 Cents' option, returned by 99 Cents to Seller at Seller's expense, or made available for pick-up by Seller at Seller's expense.
9.  99 Cents reserves the right to deduct excess transportation charges incorrectly calculated by the Seller.
10. Seller shall bear the risk of loss (and time periods for payment terms do not commence) until and unless shipment is received in full and in equal or better condition than the sample at 99 Cents' warehouse.
11. Seller is responsible for the payment of transportation charges regardless of whether or where "FOB" is identified in 99 Cents' PO or in any other document, unless expressly stated otherwise in the PO.
12. Terms are based upon receipt of product or invoice date whichever is later.
13. By accepting 99 Cents' PO and by shipping the products identified in its PO, Seller hereby represents and warrants that the products to be furnished hereunder are and will be: (1) in conformity with all required rules, laws, and regulations, (2) produced, labeled, and identified in compliance with all applicable federal, state, and local laws, rules, and regulations including, without limitation, all applicable rules and requirements of the Consumer Products Safety Commission (CPSC), Environmental Protection Agency (EPA), Food & Drug Administration (FDA), California Air Resources Board (CARB), the departments of Weights & Measures, and California's Proposition 65, (3) free from any and all liens, rights, or claims of any other third parties, with clear title passing to 99 Cents at the time of delivery, (4) safe, defect free, and fit for their stated and intended purpose, and (5) not infringing on any patent, trademark, copyright, or other proprietary rights of any third party.
14. Seller hereby agrees to indemnify and defend (with counsel to be selected by 99 Cents in 99 Cents' sole and absolute discretion) and hold 99 Cents harmless, at Seller's sole cost and expense, from and against any and all claims, liens, causes of action, losses, liabilities, damages, costs, and expenses, including attorney's fees, if any claim or action is made or brought or any assertion is made that alleges a breach of, noncompliance with, or variance from any of the terms, representations or warranties of the PO, as well as in the case of any other claim or action against 99 Cents asserting that the product (including product packaging and labeling) purchased under the PO is defective, harmful, dangerous, not compliant with law, mislabeled or not appropriately or fully labeled, infringing on the intellectual property rights of another, not compliant with California's Proposition 65, not compliant with all Weights and Measures, EPA, California Air Resources Board, FDA, CPSC, or any other laws or regulations, or otherwise giving rise to or resulting in a legal or equitable suit, action, or other claim or right against 99 Cents, including but not limited to claims for injuries or death to persons or damage to property.
15. The contract to be formed by the acceptance of 99 Cents' PO shall be governed by California law, except with regard to its conflicts of law principles. The place of making of the contract shall be deemed to be in the City of Commerce, County of Los Angeles, and State of California. Any action arising out of or relating to such contract or PO shall be commenced and maintained in the State of California, in the venue of the County of Los Angeles.
16. Seller represents that all items purchased are sold at a price not less favorable than being currently offered to any other purchaser.
17. All products are subject to inspection and approval by 99 Cents.
18. Seller warrants that all products sold or shipped pursuant to 99 Cents' PO are not subject to any recall (voluntary or involuntary), product liability claim, or other such matter.
19. All products with pre-prices, cents off, free sample, or   any pricing information must be identified on the PO.
20. All pallets shipped with product are included in the price of the product and become the property of 99 Cents.
21. 99 Cents has the right to advertise any product associated with the PO unless noted therein to the contrary on the PO, and Seller warrants that 99 Cents has the right and authorization to advertise any such product.
22. "Freight Prepaid" as used in 99 Cents' PO means that Seller agrees to pay all costs associated with any shipment and/or delivery and that 99 Cents is in no way responsible for any payment or reimbursement of such costs, unless expressly stated otherwise.
23. The price and quantity set forth in 99 Cents' PO are confidential. No such information may be used by Seller for any reason except that which is absolutely necessary for processing the shipment and payment of the order. Confidentiality also applies to the existence of the PO and its terms. Seller warrants that it will not convey or allow to be conveyed any information regarding the PO, including, but not limited to, items purchased, quantity, price, profit, and terms. None of these matters may be disclosed by Seller either publicly or to any third party, nor to any non-essential person within Seller.
24. Wherever the term 99 Cents is used herein, it shall, at 99 Cents option, apply to 99 Cents or 99 Cents' designee.
25. Any and all taxes, duties, tariffs, surcharges, levies, deposits (including California Redemption Value), fees and any other such charges are included in the product purchase price unless indicated therein to the contrary on 99 Cents' PO.
26. If an account is to be factored, 99 Cents must be notified by Seller before acceptance of 99 Cents' PO, and 99 Cents reserves the right to remit payment either to Seller or to Seller's factor, at 99 Cents' election.

Buyer(Print)      Shantel Gomez  Email:Shantel.Gomez@99inly.com  Tel:323-202-0470

PO Approval date:                                    Vendor Copy                                    2    of 3

**Status: Pending Approval**



Los Angeles, CA 90023
Tel: (323) 980-8145

PO Number: **11340422**

---

### Purchase Order Terms(Contd.)

### This Covers the Purchase of Product for Re-Sale by 99 Cents Only Stores LLC ("99 Cents")

27.   Seller agrees, at its sole cost and expense, to obtain and maintain insurance relative to any item(s) sold to 99 Cents under the PO, naming 99 Cents as an additional insured with respect to the products(s) subject to the PO. 99 Cents shall not be required to remit payment until such proof of insurance is supplied. No discount period shall begin to run, no penalty or delinquency period shall begin to run, and the time after which any late fee or other delinquency fee may be imposed shall not begin to run until Seller delivers to 99 Cents such proof of adequate insurance. If such proof of adequate insurance is not provided, 99 Cents may, at its option, either (a) retain the product and take a 10% discount on the amount of its PO, or (b) advise the Seller that the products are available for pick-up at 99 Cents warehouse(s) and or retail store(s), at Seller's expense, and with a 5% handling charge due from Seller to 99 Cents. Seller agrees to obtain and maintain insurance as specified below:

A.   Commercial General Liability insurance including Errors and Omission and Products liability with coverage limits of at least one million dollars ($1,000,000.00) per occurrence and two million dollars ($2,000,000) in the aggregate. Should the GL policy contain an exclusion for professional liability such coverage shall be provided for separately with limits of not less than one million dollars ($1,000,000) with a retroactive date that predates this PO.

B.   Workers Compensation and Employers' Liability insurance of at least $1,000,000.00, coverage shall be endorsed with the Alternate Employer endorsement in the name of 99 CENTS.

C.   Commercial Auto Liability insurance with limits of not less than one million dollars ($1,000,000) covering at a minimum owned, hired and non-owned automobiles.

D.   Umbrella coverage of at least three million dollars ($3,000,000.00) such coverage shall include the above required policies in the schedule of underlying policies with the exception of any standalone professional liability policy.

E.   Commercial Crime coverage in the amount of not less than one million d ollars ($1,000,000) including but not limited to employee dishonesty and theft.

F.   Employment Practices Liability coverage in the amount of not less than one million dollars ($1,000,000) with a retroactive date that predates this PO.

G.   Certificates of Insurance: Seller shall provide 99 CENTS with certi cates of insurance evidencing the above coverages. As relates to a through c above policies shall be endorsed to provide 99 CENTS not less than thirty (30) days prior written notice of any cancellation. The policies required in a and c above shall be endorsed to name 99 CENTS, its parent, and any subsidiaries, related and affiliated companies of each, and the officers, directors, shareholders, employees, agents and assigns of each as additional insured such coverage grant shall be written on a primary and non-contributory basis. If the insurance policies described in the certificates are canceled or reduced for any reason, Seller agrees to procure new policies and provide 99 CENTS with new certificates within ten (10) days or 99 CENTS shall have the right to immediately terminate this PO.

H.   All insurance required in this Section 27 shall be with companies and on forms acceptable to 99 CENTS.

I.   All insurance required in this Section 27 shall be written by companies with an AM BEST's Guide rating of A- VII or better.

J.   99 CENTS' failure to request, review or object to the terms of such cert ificates or insurance shall not be deemed a waiver of Seller's obligations or the rights of 99 CENTS.

K.   The minimum limits of the insurance required in this Section 27 shall in no way limit or diminish Seller's liability under other provisions of this PO.

L.   Waiver of Subrogation: Any and all insurance requirements as required in a through c above shall include a clause or endorsement containing a waiver of subrogation in favor of 99 CENTS. Any insurance maintained by 99 CENTS is for the exclusive benefit of 99 CENTS and will not inure to the benefit of Supplier.

28.   It is 99 Cents policy not to purchase products manufactured using exploitive or unfair labor practices, such as forced labor, abusive labor practices, or child labor. Neither will 99 Cents buy product made as a result of any practices that are illegal in the place at which the products being offered are manufactured or distributed. By signing or shipping under 99 Cents' PO, Seller attests to the fact that after a diligent inquiry, Seller has ascertained that no product that is the subject matter of this Purchase Order has been manufactured or distributed using any such forced, involuntary, exploitive, or unfair labor practices.

29.   All terms set forth herein are incorporated by referenced into each and every PO issued by 99 Cents.

---

Buyer(Print)    Shantel Gomez  Email:Shantel.Gomez@99inly.com Tel:323-202-0470

PO Approval date:

# STRAIGHT BILL OF LADING - SHORT FORM - ORIGINAL - Not Negotiable

Page 1 of 1

## P♥M WONDERFUL.

POMWONDERFUL, LLC
11108 E Jefferson Ave
Del Rey CA 93616 US

RECEIVED, subject to the classifications and tariffs in effect on the date of the Issue of this Bill of Lading.

| DATE | 07-MAR-24 | FROM | Del Rey CA 93616 |
|---|---|---|---|

The property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and classified as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract agrees to carry to its usual place of delivery of said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. In a mutually agreed, as to each carrier of all or any of sold property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property that every service to be performed hereunder shall be subject to all terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in Uniform Freight Classification in effect on the date hereof, if this is a rail or rail/water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment.

Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading, including those on the back thereof, set forth in the classification or tariff which govern the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

| CARRIER: | BLACK RHINO | CARRIER CONTACT: | 559-847-8944 | SHIPPER'S NO. | DELIVERY#:1938071 /SO#:10139572 |
|---|---|---|---|---|---|

| DRIVER NAME: MARIO | DRIVER CONTACT: | 213-272-2801 |
|---|---|---|

| CONSIGNEE: 99 CENTS ONLY STORES WASHINGTON BLVD. DC 3050 WASHINGTON BLVD. LOS ANGELES CA 90023 | SPECIAL INSTRUCTIONS: PO#:11340422 |
|---|---|

| LICENSE NO: 9G7662 CA TRAILER NO: 4GE4079 CA | CONTAINER: | TEMP REC NO: SEAL#: 46997050 |
|---|---|---|

| ITEM QTY | ITEM # | DESCRIPTION | NET WEIGHT | PALLET | LOT # | LOT QTY |
|---|---|---|---|---|---|---|
| 512 | 90104012PL00 | 60412 - 12oz Blueberry (6pk) | 2944 | | 16JUL24A | 512 |
| 2500 | 90101012PLA1 | 91041 - 12oz 100% ALDI Display (6pk) | 14374 | | 28MAY24A | 2500 |
| 3012 | | **TOTAL**                          **NET WEIGHT** | 17318 | LB | ☐ PREPAID | |
| | | **PALLETS** | | 12 | ☐ F. O. B | |

P.O.# 11340422

Keep refrigerated 34 - 36 F Fahrenheit - DO NOT FREEZE.

Subject to Section 7 of Conditions of applicable bill of lading. If this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____
(Signature of Consignee)

If charges are to be prepaid, write or stamp here, "To be Prepaid."

Received $ _____
to apply in prepayment of the charges on the property described hereon.

If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is "carrier's" or "shipper's" weight.
NOTE-Where the role is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.
The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding

per _____

| Time Out 03/07/24 11:23:59 | Agent or Cashier Per _____ (The signature here acknowledges only the amount prepaid.) |
|---|---|

+ "The fiber boxes used for this shipment conform to the specifications set forth in the box maker's certificate thereon, and all other requirements of Consolidated     Freight Classification."
++ Shipper's imprint in lieu of stamp not a part of bill of lading approved by the Interstate Commerce Commission.

Charges Advanced:
$ _____

Shipper, Per _____ *Mario*

Agent, Per _____ *MML*
MARIO

# POM WONDERFUL®

Juice Division
**POM WONDERFUL, LLC**
**Remit to Address**
**(effective 05/15/2020)**
**PO Box 841485**
**Los Angeles, CA 90084-1485**
**(310) 966-5800**

# Invoice

| Invoice Number | Purchase Order Number | Date | Page |
|---|---|---|---|
| **288623** | 11340422 | 07-MAR-24 | 1 of 1 |

| Our Reference | Sales Order Number | Customer Number |
|---|---|---|
| | 10139572 | 9310 |

| Location Number | Terms |
|---|---|
| 99 CENTS ONLY STORES - COMMERCE, CA1 | 30 NET |

| Salesperson | Customer Contact | Shipping Reference |
|---|---|---|
| POM Sales 1 | | 0 |

| Due Date | Ship Date | Ship Via |
|---|---|---|
| 06-APR-24 | 07-MAR-24 | Black Rhino |

**SHIP TO:**
99 CENTS ONLY STORES
WASHINGTON BLVD. DC
3050 WASHINGTON BLVD.
LOS ANGELES CA 90023

**BILL TO:**
Attn: Accounts Payable
99 CENTS ONLY STORES
4000 UNION PACIFIC AVE.
COMMERCE CA 90023

| Item No. | Item Description | UOM | Quantity Ordered | Quantity Invoiced | Unit Price | Extended Price |
|---|---|---|---|---|---|---|
| 1 | 60412 - 12oz Blueberry (6pk) | CASE | 512 | 512 | 8.52 | 4,362.24 |
| | | | | | | 4,362.24 |
| 2 | 91041 - 12oz 100% ALDI Display (6pk) | CASE | 2500 | 2500 | 6.60 | 16,500.00 |
| | | | | | | 16,500.00 |

| Comments | SUBTOTAL | TAX | SHIPPING & HANDLING | TOTAL |
|---|---|---|---|---|
| | 20,862.24 | 0.00 | 0.00 | 20,862.24 USD |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 11444 West Olympic Boulevard, Los Angeles, CA 90064-1557.

On June 24, 2026, I served true copies of the following document(s) described as  on the interested parties in this action as follows:

**POMWONDERFUL LLC'S RESPONSE TO THE 99 CENTS CREDITORS' LIQUIDATING TRUST'S OBJECTION TO CLAIM NO. 2409; ATTACHMENTS**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address elvis.shamirian@roll.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 24, 2026, at Los Angeles, California.


_____/s/ Elvis Shamirian_____
Elvis Shamirian

**SERVICE LIST**

| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP | ASK LLP |
| Bradford J. Sandler | Jason C. DiBattista |
| Michael R. Seidl | Bridgette G. McGrath |
| Peter J. Keane | Rebecca L. Stark |
| 919 N. Market Street. 17th Floor | 2600 Eagan Woods Drive, Suite 400 |
| P.O. Box 8705 | St. Paul, MN 55121 |
| Wilmington, DE 19899-8705 (Courier 19801) | Telephone: (651) 406-9665 |
| Telephone: (302) 652-4100 | Facsimile: (651) 406-9676 |
| Facsimile: (302) 652-4400 | Email: jdibattista@askllp.com |
| Email: bsandler@pszjlaw.com | bmcgrath@askllp.com |
| pkeane@pszjlaw.com | rstark@askllp.com |
| mseidl@pszjlaw.com | |
| | |
| - and – | - and – |
| | |
| Shirley S. Cho | Marianna Udem |
| Beth E. Levine | 60 East 42nd Street, 46th Floor |
| 1700 Broadway. 36th Floor | New York, NY 10165 |
| New York, NY 10019 | Telephone: (212) 267-7342 |
| Telephone: (212) 561-7700 | Facsimile: (212) 918-3427 |
| Facsimile: (212) 561-7777 | Email: mudem@askllp.com |
| Email: scho@pszjlaw.com | |
| blevine@pszjlaw.com | |
| | *Co-Counsel to the 99 Cents Creditors'* |
| | *Liquidating Trust* |

2