**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| NUMBER HOLDINGS, INC., *et al.*[1], | : | Case No. 24-10721 (JKS) |
| Debtors. | : | (Jointly Administered) |
| | : | **Re: Dkt No. 438** |

**OBJECTION OF SAFETY NATIONAL CASUALTY CORPORATION AS TO MOTION OF SORAYA ANDERSON FOR (I) ENLARGEMENT OF TIME TO PROVIDE NOTICE AND (II) RELIEF FROM THE PLAN INJUNCTION**

Safety National Casualty Corporation ("Safety National"), by and through the undersigned counsel, hereby files this objection and reservation of rights (the "Objection") as to the *Motion of Soraya Anderson for (I) Enlargement of Time to Provide Notice and (II) Relief from the Plan Injunction* [Dkt. No. 438] (the "Motion") In support of this Objection, Safety National respectfully states as follows:

1. Safety National provided general liability insurance coverage to Debtors pursuant to certain insurance policies and related documents (the "Safety National Insurance Policies") subject to a $300,000 Self-Insured Retention Limit per occurrence (the "SIR"). As such, Debtors are self-insured for all amounts under $300,000 per occurrence. As is typical, the Safety National Insurance Policies obligate Debtors to defend or resolve claims until the same reach the SIR.

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents HoldCo LLC (3987); (iii) 99 Cents Only Stores LLC (1605); (iv) 99 Cents Only Stores Texas, Inc. (1229); (v) 99 Cents PropCo LLC (7843); (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

2. On January 24, 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered its *Findings of Fact, Conclusions of Law, and Order, Approving Disclosure Statement on a Final Basis, Confirming the Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates, and Granting Related Relief* [Dkt. No. 1733] (the "Confirmation Order"), pursuant to which the Bankruptcy Court confirmed the *Further Revised Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates* [Dkt. No. 1720] (the "*Plan*") and approved the *Disclosure Statement for the Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates* [Docket No, 1613] (the "Disclosure Statement").

3. The Plan contains an injunction in Plan, Article X.C, barring any claimants from continuing an action on their respective claims against the Debtors (the "Plan Injunction").

4. On December 5, 2025, this Court issued its *Order Granting Motion of the 99 Cents Creditors' Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* (the "Estimation Order").

5. Safety National objects to the request in the Motion – as the same is legally and factually deficient. The request of Soraya Anderson ("Movant") for an extension of time pursuant Fed. R. of Bankr. P. 9006(b)(1) ("Rule 9006(b)(1)") does not meet the requirements of "excusable neglect". More importantly, however, a deadline extension cannot materially modify the terms of the Estimation Order, a long final order of this Court. The Motion seeks relief from the Plan Injunction, which relief would eliminate the rights of the Trustee and Safety National under the same Estimation Order. As such, Movant's request cannot be granted under Rule 9006(b)(1).

**Motion Objection**

6. The Motion purports to seek an "enlargement of time" under Fed. R. Bankr. P. 9006(b)(1) to allow Movant to "provide notice" under the Estimation Order. This request must fail – legally and practically.[2]

7. First, the Motion ignores relevant pertinent parts of the Estimation Order. A request by Schedule 1-B claimants was required to be made within 60 days of December 5, 2025. Importantly, a timely request thereto was not a "free pass" to relief from the Plan Injunction. Rather, a Schedule 1-B claimant's request for a lift of the Plan Injunction was always specifically subject to Safety National and the Liquating Trustee's right to file an "Opposition Notice" to such request. *See* Estimation Order ¶ 12(c), 12(d).

8. Rule 9006(b)(1) is a tool for the extension of time upon the proper showing of excusable neglect. Rule 9006(b)(1) cannot eliminate Safety National and the Liquating Trustee's rights to review and object to the substance of a request for a lift of the Plan Injunction.

9. This Motion must fail on those grounds. Even if the Court were to permit an extension of time for Movant to informally request a lift of the Plan Injunction, such extension is subject to the remaining terms of the long-final Estimation Order.

10. Notably, at this stage Safety National would file an Opposition Notice due to open questions regarding Movant's claim.

11. Second, Safety National objects to the relief requested under Rule 9006(b)(1) as failing to meet the exacting standards of "excusable neglect" as laid out in *Pioneer Inv. Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 395 (1993).

[2] As a note, an extension would "enlarge time" but also modify a long final Court Order. It's not clear to Safety National that this request is appropriate under Ruel 906(b)(1) – and if such a request should have been brought under Rule 60(b).

12. *Pioneer* establishes four elements for "courts in this district consider when determining whether excusable neglect exists: (i) the danger of prejudice to the non-moving party; (ii) the length of the delay and its potential impact on court proceedings; (iii) the reason for the delay, including whether it was within the movant's reasonable control; and (iv) whether the movant acted in good faith." *In re Promise Healthcare Grp., LLC*, 2021 WL 4528461, at *8 (Bankr. D. Del. Oct. 4, 2021).

13. As a threshold issue, the Motion fails to provide any affidavit of facts in support of its request. To the extent, Movant intends to present evidence, strict proof of the same is required.

14. Moreover, in considering element (iii) Movant has not denied that she was timely served with the Estimation Order. In fact, Movant has failed to assert any reason for the delay – that is, the delay appears to be definitionally without excuse.

15. In considering element (ii) Movants asserts a "three month delay" – when the relevant Estimation Order deadline actually expired on February 3, 2026. Motion ¶ 30. That is, the delay was 155 days (over five months).

16. As to the element (i), Safety National is concerned that reopening long closed deadlines would defeat the purpose of that portion of the Estimation Order in the first place. The 60-day window was intended to be a limited window to address various open relief requests – not an avenue for claimants to skip motion practice in perpetuity.

17. Finally, as a note, Safety National did reach out to counsel to Movant about the facts of the SIR and a stipulation – but was met with substantive silence. If Movant wishes to seek relief from the Plan Injunction, nothing is prohibiting Movant from discussion with Safety National and Liquidating Trustee informally as dozens of claimants have, and barring agreement, filing an appropriate motion for relief with this Court.

18. Given the preceding, Safety National objects to relief requested.

**General Objection**

19. As of the filing of this Objection, no proposed stipulation has been filed on the docket. Safety National objects to any order that modifies the rights or defenses held by Safety National under the Safety National Insurance Policies, any other applicable policy or contractual agreements between the Liquidating Trustee and Safety National, the Bankruptcy Code, or other applicable law. Accordingly, Safety National hereby expressly reserves all of it rights, claims, counterclaims, defenses, and remedies under the Bankruptcy Code, its insurance policy, any applicable contractual agreements between the Debtors and Safety National, and other applicable law.

**WHEREFORE** the reasons set forth above, Safety National respectfully requests the Motion be denied, or in the alternative, that any relief order as to the Motion reserve all of rights, claims, counterclaims, defenses, and remedies as described herein.

Dated: July 28, 2026

Respectfully Submitted:

HOGAN♦McDANIEL

/s/Garvan McDaniel
Garvan F. McDaniel (DE Bar No. 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540; Facsimile: 302.656.7599
Email: gfmcdaniel@dkhogan.com

HUSCH BLACKWELL LLP
Caleb T. Holzaepfel (*Admitted Pro Hac Vice*)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423.266.5500
Facsimile: 423.266.5499
Email: caleb.holzaepfel@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*