**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores LLC,<br><br>               Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS) |

**Hearing Date: September 10, 2026, at 1:00 p.m. (ET)**
**Obj Deadline: August 13, 2026, at 4:00 p.m. (ET)**

**THE 99 CENTS CREDITORS' LIQUIDATING TRUST'S TENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007, AND LOCAL RULE 3007-1 TO CERTAIN INSUFFICIENT DOCUMENTATION CLAIMS AND LATE FILED CLAIM**

> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE EXHIBITS AND SCHEDULES ATTACHED HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 AND SCHEDULE 2 ATTACHED TO THE PROPOSED ORDER.**

The 99 Cents Creditors' Liquidating Trust (the "Trust"), formed pursuant to the confirmed *Joint Chapter 11 Plan of Number Holdings, Inc., and its Debtor Affiliates* (the "Plan"),[2] by and through META Advisors LLC, as the appointed trustee (the "Trustee"), hereby submits this tenth omnibus objection (the "Objection") seeking entry of an order (the "Proposed Order"), substantially in the form annexed hereto as **Exhibit A**, pursuant to, *inter alia*, section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 and Rule 3003 of the Federal

---

[1] The Post-Confirmation Debtor (as defined below) in the Remaining Chapter 11 Case (as defined below), along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

[2] Case No. 24-10719, Docket No. 1533. The Plan was subsequently revised per the *Further Revised Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates*, Case No. 24-10719, Docket No. 1720. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") disallowing in full and expunging (i) the Proof of Claim listed on Schedule 1 to the Proposed Order because such claim was filed after the Claims Bar Date (defined below) (the "Late Filed Claim"); and (ii) the Proofs of Claim listed on Schedule 2 to the Proposed Order because, in each case, the Claim has no basis in the Debtors' books and records and the claimant failed to include or attach sufficient information or documentation to constitute *prima facie* evidence of the validity and amount of the Claim as required by Bankruptcy Rule 3001(f) (the "Insufficient Documentation Claims," and together with the "Late Filed Claim," the "Disputed Claims"). In support of the Objection, the Trust submits the Declaration of Michael Infanti (the "Declaration," a copy of which is attached hereto as **Exhibit B** and incorporated by reference herein), and respectfully represents as follows:

### JURISDICTION, VENUE, AND BASES FOR RELIEF

1.      The United States District Court for the District of Delaware has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

---

[3]   Pursuant to Local Rule 9013-1(f), the Trust hereby confirms its consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

DE:4937-0273-6575.5 00168.00003

3.     The statutory bases for the relief requested herein are Bankruptcy Code section 502, Bankruptcy Rule 3007, and Local Rule 3007-1. The statutory bases further include section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3003. Other bases for the relief requested are the Plan, the Confirmation Order, and the Claims Objection Procedures (as defined below).

## BACKGROUND

### A.     General Background

4.     On April 8 and April 9, 2024 (as applicable, the "Petition Date"), 99 Cents Only Stores, LLC ("99 Cents") and certain related entities (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court, jointly administered as Case No. 24-10719 (JKS) (the "Chapter 11 Cases").

5.     From the Petition Date up until the Effective Date (as defined below), the Debtors operated their businesses and managed their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     On January 24, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order, Approving Disclosure Statement on a Final Basis, Confirming the Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates, and Granting Related Relief* (the "Confirmation Order"),[4] which confirmed the Plan.

7.     The Plan became effective on January 31, 2025 (the "Effective Date").[5]

8.     The Plan and Confirmation Order provided for the establishment of the Trust on the Effective Date according to the terms and conditions of that certain *Liquidating Trust*

---

[4]   *See* Case No. 24-10719, Docket No. 1733.

[5]   *See* Case No. 24-10719, Docket No. 1776.

DE:4937-0273-6575.5 00168.00003

*Agreement and Declaration of Trust* dated January 31, 2025 (the "Trust Agreement"), pursuant to which the Trustee was appointed to administer the Trust.

9.      Pursuant to the Plan, the Trust was established to, *inter alia*, "investigate, review, reconcile, allow, object to, compromise and settle Administrative Claims, Priority Tax Claims, Other Priority Claims, Other Secured Claims, and General Unsecured Claims."[6]

10.     On February 21, 2025, the Court entered an order closing all of the Chapter 11 Cases except for the chapter 11 case of 99 Cents (the "Post-Confirmation Debtor"), which case remains pending and administered as Case No. 24-10721 (JKS) (the "Remaining Chapter 11 Case").

## B.      **Bar Dates**

11.     On May 22, 2024, the Debtors filed their (redacted) schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together, with the Schedules, the "Schedules and Statements").[7]

12.     On June 4, 2024, the Court entered an order (the "Bar Date Order") establishing certain dates by which parties holding prepetition Claims and rejection damages Claims against the Debtors were required to file Proofs of Claim, including requests for payment pursuant to Bankruptcy Code section 503(b)(9) and requests for payment of Claims arising from unpaid rent for the period following the Petition Date through the end of the month of April 2024.[8]

---

[6]     *See* Plan at IV.C.2.

[7]     See Case No. 24-10719, Docket Nos. 650-662.

[8]     *See Order Establishing (I) Bar Dates for Filing Proofs of Claim, Including Section 503(B)(9) Claims, (II) an Amended Schedules Bar Date and Rejection Damages Bar Date, (III) an Initial Administrative Claims Bar Date, (IV) Approving the Form and Manner of Filing of Claims, (V) Approving Notices of Bar Dates, and (VI) Granting Related* [Case No. 10719, Docket No. 784] (the "Bar Date Order").

DE:4937-0273-6575.5 00168.00003

13.    Specifically, the Bar Date Order established, among other things, certain bar dates for filing Proofs of Claim, including, but not limited to, July 8, 2024, as the deadline (the "General Bar Date" / "Claims Bar Date") by which each person or entity, other than a governmental unit, was required to file a Proof of Claim as to any Prepetition Claim.

14.    On June 5, 2024, the Debtors filed the *Notice of the Deadlines for Filing Proofs of Claim Including for Claims Asserted Under Section 503(b)(9) of the Bankruptcy Code and Other Administrative Claims* (the "Notice of Bar Dates"),[9] setting forth the General Bar Date (and certain other bar dates) and providing instructions for creditors on when and where to file Proofs of Claim. The Debtors caused their Notice and Claims Agent to provide notice of the Bar Date in accordance with the procedures outlined therein.[10]  Accordingly, the General Bar Date has passed.

**C.    Claim Objection Deadline**

15.    Pursuant to the Order Granting the 99 Cents Creditors' Liquidating Trust's Motion for Entry of an Order Extending the Period to File Objections to Claims,[11] the deadline by which the Trust must file and serve objections to Claims against the Debtors is January 25. 2027, subject to the Trust's right to seek additional extensions.

**D.    Claim Objection Procedures**

16.    In connection with the Claim reconciliation process, the Trust previously obtained approval of certain omnibus objection procedures (the "Claim Objection Procedures").[12]

17.    Most notably, the Claim Objection Procedures provide the Trust with relief from certain of the requirements of the Local Rules to permit (but not require) the Trust to exceed certain

---

[9]    *See* Docket No. 793.

[10] *See, e.g.,* Docket Nos. 846, 861, 870, & 881.

[11]   *See* Docket No. 445.

[12]   *See* Docket No. 316.

DE:4937-0273-6575.5 00168.00003

Claim objections limits and to file substantive omnibus Claim objections raising common legal issues to multiple Claims, among other things.[13]

**E.      The Claim Reconciliation Process**

18.      In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.[14]

19.      Prior to the Effective Date, the Debtors filed thirteen (13) omnibus Claim objections which resolved, in whole or in part, approximately eight hundred (800) Claims.

20.      Since the Effective Date, the Trust and its professionals have continued to review and analyze unresolved Claims, together with the Debtors' Books and Records, to reconcile such Claims and to determine whether and the extent to which they are valid.[15]

21.      To date, the Trust has prosecuted numerous omnibus objections to certain Proofs of Claim.[16]

22.      While the Debtors and the Trust have made material progress in the Claims reconciliation process, additional objections are required to resolve many as-yet unreconciled Claims.

23.      The Trust has reviewed the Disputed Claims and has determined that such Claims are objectionable on non-substantive grounds and should be disallowed and expunged in full for the reasons set forth herein and on Schedule 1 and Schedule 2 to the Proposed Order.

---

[13]   *See id.*

[14]   *See* Infanti Declaration ¶ 6.

[15]   *See* Infanti Declaration ¶ 6.

[16]   *See* Case No. 24-10721, Docket Nos. 164, 165, 185, 202, 273, 301, 357, 389, & 414.

DE:4937-0273-6575.5 00168.00003

**RELIEF REQUESTED**

24.     By this Objection, the Trust seeks entry of an order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging (i) the Late Filed Claim identified on Schedule 1 to the Proposed Order and (ii) the Insufficient Documentation Claims identified on Schedule 2 to the Proposed Order, for the reasons set forth herein and upon the Schedules annexed to the Proposed Order.

**OBJECTION / BASIS FOR RELIEF**

**A.     Late Filed Claim**

25.     As set forth in more detail on Schedule 1 to the Proposed Order, the Trust objects to the Late Filed Claim because the Trust has determined that the Claim listed on Schedule 1 was not timely filed. Among other things, the Bar Date Order established 5:00 p.m. prevailing Eastern Time on the Claims Bar Date as the deadline for all persons and entities (subject to certain exceptions not relevant here), other than governmental units, holding or wishing to assert a claim against any of the Debtors that arose before the Petition Date to file proof of such Claim in writing.

26.     The Trust objects to the Late Filed Claim because it (a) arose before the Petition Date, (b) was subject to the General Bar Date, and (c) was filed after the General Bar Date. Moreover, the Trust believes that the claimant asserting the Late Filed Claim was provided timely notice of the Claims Bar Date, pursuant to the *Affidavit of Service* [Docket No. 861], in accordance with the procedures outlined in the Bar Date Order, and, therefore, had adequate notice of the Claims Bar Date. Accordingly, the Trust requests that the Court disallow and expunge the Late Filed Claim from the Claims Register.

7

**B.     Insufficient Documentation Claims**

27.     The Trust objects to each of the Insufficient Documentation Claims identified on Schedule 2 to the Proposed Order because, in each case, the Claim is not supported by the Debtors' Books and Records and the claimant has failed to include or attach sufficient information or documentation to constitute *prima facie* evidence of the validity and amount of the Claims as required by Bankruptcy Rule 3001(f).[17]

28.     Moreover, even if the Insufficient Documentation Claims are entitled to a presumption of validity, the Declaration explains that the Trust and/or its advisors have reviewed the Insufficient Documentation Claims and all supporting information and documentation provided therewith, as well as made reasonable efforts to review the Debtors' Books and Records for information related to such Claims, and cannot ascertain a basis for the Claims.

29.     Based upon such review, the Trust believes that the Insufficient Documentation Claims do not provide *prima facie* evidence of the existence, validity, and amount of such Claims. Accordingly, the Trust requests that the Court disallow in full and expunge the Insufficient Documentation Claims.

**C.     Legal Standard**

30.     Bankruptcy Code section 502(a) provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Further, Bankruptcy Code section 502(b)(1) provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

---

[17] Each of the claims detailed on <u>Schedule 2</u> was filed after the General Bar Date. While the Trust is not expressly objecting to those claims on the basis of lateness at this time, in addition to the general reservations made in Paragraph 42, below, the Trust specifically reserves the right to object to such claims as late.

DE:4937-0273-6575.5 00168.00003

such claim is unenforceable against the debtor and the property of the debtor . . . ." See 11 U.S.C. § 502(b)(1).

31.    The burden of proof for determining the validity of claims rests on different parties at different stages of the objection process. As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in bankruptcy court under 11 U.S.C. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is 'prima facie' valid. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (citation omitted).

32.    Once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

33.    Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to more than one claim on the bases enumerated therein. *See* Fed. R. Bankr. P. 3007(d). Those enumerated bases include that such claims "were not timely filed." Fed. R. Bankr. P. 3007(d)(4).

34.    Additionally, Local Rule 3007-1 governs omnibus objections to Claims in this District and "applies to an omnibus objection to claims (*i.e.*, an objection that objects to claims filed by different claimants)." See Del. Bankr. L.R. 3007-1(a).

DE:4937-0273-6575.5 00168.00003

35.     Local Rule 3007-1(c) further provides that "[a]n omnibus objection is deemed to be made on a substantive basis unless it is based on the following: … (iv) [l]ate filed claim . . . [and a] (vi) Claim that does not have a basis in the debtor's books and records and does not include or attach information or documents sufficient to constitute prima facie evidence of the validity and amount of the claim under Fed. R. Bankr. P. 3001(f)." See Del. Bankr. L.R. 3007-1(c)(iv), (vi).

36.     For the reasons set forth above, there is ample evidence to rebut the prima facie validity of each of the Disputed Claims.

**RESPONSES TO OMNIBUS OBJECTION**

37.     To contest the Objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **August 13, 2026, at 4:00 p.m. (Eastern Time)** (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market Street, Wilmington, Delaware 19801, and must be served upon undersigned counsel.

38.     Every Response to this Objection must contain, at a minimum, the following information:

a.     a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the response is directed;

b.     the name of the claimant, his/her/its Claim number, and a description of the basis of the Claim;

c.     the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

10

DE:4937-0273-6575.5 00168.00003

d.      any supporting documentation, to the extent it was not included with the Proof of Claim previously filed with the clerk or claims agent, upon which the party will rely to support the basis for and amounts asserted in the Proof of Claim; and

e.      the name, address, telephone number, email address and fax number of the persons with whom counsel for the Trust should communicate with respect to the Claim and/or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the Objection.

39.      If a claimant fails to file and serve a timely Response by the Response Deadline, the Trust will present to the Court an appropriate order disallowing in full and expunging the Disputed Claims without further notice to the claimant.

## REPLIES TO RESPONSES

40.      Consistent with Local Rule 9006-1(d), the Trust may, at its option, file and serve a reply to a Response no later than 4:00 p.m. (Eastern Time) one (1) day prior to the deadline for filing the agenda for any hearing to consider the Objection.

## SEPARATE CONTESTED MATTERS

41.      Each of the above objections to the Disputed Claims constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. The Trust requests that any order entered by this Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each Claim.

## RESERVATION OF RIGHTS

42.      The Trust expressly reserves the right to amend, modify, or supplement this Objection and to file additional objections to the Disputed Claims or any other Claims (filed or not) that may be asserted against the Debtors and/or the Trust. Should one or more of the grounds of objection stated in this Objection be dismissed, the Trust reserves its rights to object on other

11

DE:4937-0273-6575.5 00168.00003

stated grounds or on any other grounds that the Trust discovers during the pendency of the Remaining Chapter 11 Case.

**<u>NOTICE</u>**

43.    Notice of this Objection has been provided via first-class mail and e-mail (if available) to (i) the Office of the United States Trustee for the District of Delaware; (ii) all the Claimants listed on Schedule 1 and Schedule 2 to the Proposed Order or their counsel, if known; and (iii) any persons or entities that have filed a renewed request for notice in the Remaining Chapter 11 Case pursuant to Bankruptcy Rule 2002.[18]

*[Remainder of Page Intentionally Left Blank]*

---

[18]   *See also* Case No. 24-10721, Docket No. 13; Case No. 24-10719, Docket No. 1821.

DE:4937-0273-6575.5 00168.00003

**CONCLUSION**

For all the foregoing reasons, the Trust respectfully requests that the Court (i) enter the Proposed Order, substantially in the form attached hereto as Exhibit A; and (ii) grant such other and further relief as the Court may deem just and proper

Dated:  July 30, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Michael R. Seidl*

Bradford J. Sandler (DE Bar No. 4142)
Michael R. Seidl (DE Bar No. 3889)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:    bsandler@pszjlaw.com
          mseidl@pszjlaw.com
          pkeane@pszjlaw.com

-and-

Shirley S. Cho (admitted *pro hac vice*)
Beth E. Levine (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:    scho@pszjlaw.com
          blevine@pszjlaw.com

*Counsel to the 99 Cents Creditors' Liquidating Trust*

13

DE:4937-0273-6575.5 00168.00003