**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| 99 Cents Only Stores LLC, | : | Case No. 24-10721 (JKS) |
| Post-Confirmation Debtor.[1] | : | **Re: Dkt No. 465** |

**OBJECTION OF SAFETY NATIONAL CASUALTY CORPORATION AS TO MOTION OF OLGA NUNEZ FOR RELIEF FROM THE AUTOMATIC STAY, THE PLAN INJUNCTION AND THIS COURT'S ORDER OF DECEMBER 5, 2025**

Safety National Casualty Corporation ("Safety National"), by and through the undersigned counsel, hereby files this objection and reservation of rights (the "Objection") as to the *Motion of Olga Nunez for Relief from the Automatic Stay, the Plan Injunction and this Court's Order of December 5, 2025* [Dkt. No. 465] (the "Motion"). In support of this Objection, Safety National respectfully states as follows:

## INTRODUCTION

Safety National objects to the request in the Motion – as the same is legally and factually deficient. The request of Olga Nunez ("Movant") in the Motion is extraordinary. While acknowledging the Estimation Order[2] bars the relief Movant requests, the Motion moves forward with an assertion that this Court's long final order – which has already been enforced in identical circumstances – should somehow not operate as issued. Movant even goes as far as to assert that

[1] The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 1000.

[2] Terms not defined in the Introduction are defined below in this Objection.

this Court does not have authority to bar relief from the Plan Injunction – which allegation is patently incorrect and contrary to universal precedent.

The facts are simple. Movant filed a late Claim that was disallowed by a final court order nine (9) months ago. Movant was served with the applicable claim disallowance motion and Estimation Motion at the address listed on her filed Claim. Under these circumstance, pursuant to the language of the Estimation Order, Movant is barred from relief from the Plan Injunction. Movant fails to meet the high requirements of "excusable neglect" to set aside the Estimation Order (and does not even attempt to set aside the claim disallowance order). Moreover, fatal to the Movant's request, she presents zero evidence in support of her extraordinary requests. As such, this Court should deny the Motion.

**BACKGROUND**

1. Safety National provided general liability insurance coverage to Debtors pursuant to certain insurance policies and related documents (the "Safety National Insurance Policies") subject to a $300,000 Self-Insured Retention Limit per occurrence (the "SIR"). As such, Debtors are self-insured for all amounts under $300,000 per occurrence. As is typical, the Safety National Insurance Policies obligate Debtors to defend or resolve claims until the same reach the SIR.

2. On January 24, 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered its *Findings of Fact, Conclusions of Law, and Order, Approving Disclosure Statement on a Final Basis, Confirming the Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates, and Granting Related Relief* [Dkt. No. 1733] (the "Confirmation Order"), pursuant to which the Bankruptcy Court confirmed the *Further Revised Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates* [Dkt. No. 1720] (the

"*Plan*") and approved the *Disclosure Statement for the Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates* [Dkt. No. 1613] (the "Disclosure Statement").

3. The Plan contains an injunction in Plan, Article X.C, barring any claimants from continuing an action on their respective claims against the Debtors (the "Plan Injunction").

4. On October 9, 2024, Movant filed her proof of claim (the "Claim"). *See* Claims Register, Claim No. 2410. The Claim was executed by a "Case manager" with Movant's law firm, LA Century Law. *See id.*

5. The Claim lists the following notice address:

1880 Century Park East, Suite 1101
Los Angeles , CA 90026

6. On October 22, 2025, Trustee filed the *Motion to Allow Motion of the 99 Cents Creditors Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* [Dkt. No. 200] (the "Estimation Motion").

7. The Certificate of Service [Dkt. No. 203] (the "Estimation Motion COS") as to the Estimation Motion was filed on October 22, 2025. The Estimation Motion COS asserts that the same was served as follows on Movant:

Nunez, Olga
LA Century Law
1880 Century Park E. Ste 1101
Los Angeles, CA 90067

*See* Estimation Motion COS, *Exhibit C.*

8. On December 5, 2025, this Court issued its *Order Granting Motion of the 99 Cents Creditors' Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c),*

*Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* (the "Estimation Order").

9. In relevant part, the Estimation Order holds:

> 13. For the avoidance of doubt, **a Claimant shall be barred from moving to lift the Plan Injunction if** (i) Claimant fails to follow the procedures approved by the Court in this Order (ii) Claimant's Claim is allowed at an amount below the SIR, or **(iii) Claimant's Claim is disallowed in its entirety.**

Estimation Order ¶ 13 (emphasis added).

10. On October 22, 2026, Trustee filed his *Omnibus Objection to Claims The 99 Cents Creditors' Liquidating Trust's Fourth Omnibus Objection (Non-Substantive) to Certain Claims (Late Filed Personal Injury Claims)* (the "Fourth Omnibus Claims Objection") [Dkt. No. 202]. The Fourth Omnibus Claims Objection objected to Movant's Claim as filed after the July 8, 2024 bar date.

11. The *Certificate of Service* [Dkt. No. 205] (the "Claim Objection COS") as to the Fourth Omnibus Claims Objection was filed on October 22, 2025. The Claim Objection COS asserts that the same was served as follows on Movant:

> Nunez, Olga
> LA Century Law
> 1880 Century Park E. Ste 1101
> Los Angeles, CA 90067

*See* Claim Objection COS, *Exhibit B*.

12. On December 5, 2025, concurrently with issuance of the Estimation Order, this Court issued its *Order Sustaining the 99 Cents Creditors' Liquidating Trust's Fourth Omnibus Objection (Non-Substantive) to Certain Claims (Late Filed Personal Injury Claims)* [Dkt. No. 282] (the "Order Sustaining Fourth Omnibus Claims Objection", together with the Estimation Order, the "Orders"). The Order Sustaining Fourth Omnibus Claims Objection disallowed the Movant's Claim – over nine (9) months ago.

13. The Claim Objection COS matched the address listed on the Claim in accordance with Bankruptcy Rules. *Compare* Claim at Part 3 *with* Claim Objection COS, *Exhibit B*. The Estimation Motion COS matched the address listed on the Claim in accordance with Bankruptcy Rules. *Compare* Claim Part 3 *with* Estimation Motion COS, *Exhibit C*.

14. Movant did not object to the Estimation Motion. *See generally* Case Docket. Movant did not object to the Fourth Omnibus Claims Objection. *See generally* Case Docket.

15. On December 19, 2025, various personal injury claimants filed their *Motion to Reconsider and Clarify Court Orders Striking Late Claims and Procedures Order for Relief from Plan Injunction* [Dkt. No. 297] (the "Motion to Reconsider"). The Motion to Reconsider went forward only as to Claimant Cux Chan, a claimant whose proof of claim was previously disallowed. *See generally* Motion to Reconsider.

16. On March 6, 2026, this Court issued its *Letter Opinion re: Motion to Reconsider/Clarify* [Dkt. No. 365] (the "Enforcement Order") denying Claim Cux Chan relief from the Plan Injunction.

**OBJECTION AND ARGUMENT**

17. The Motion purports to seek relief from the Automatic Stay, the Plan Injunction, and the Estimation Order. Safety National will address each request and assert the reasons that such requests should be denied.

***A. There is No Automatic Stay in Place.***

18. As a threshold issue, there is no automatic stay in place. The Plan, as the Bankruptcy Code requires, terminated the automatic stay. *See* Plan, Art. X.D; 11 U.S.C. § 362(c)(2)(C). The automatic stay has not been in place since January 31, 2026, the Plan's Effective Date.

19. While the Confirmation Order does include additional language lifting the automatic stay regarding Debtors' insurers – the reference language is specifically directed at and only applies to "the applicable insurer." Confirmation Order ¶¶ 26–27. That is, the Confirmation Orders' language affects the stays/injunction as to insurers – and has absolutely nothing to do with personal injury claims or claimants.

20. In fact, contrary to Claimant's apparent confusion, the Confirmation Order's language clearly lifts the stay during the gap period prior to issuance of the Effective Date and lifts the impending Plan Injunction that would have otherwise applied to *insurers' actions* vis-à-vis the circumstances and activities listed. *See* Confirmation Order ¶¶ 26–27.

21. There is simply no automatic stay to lift, and Movant's request is moot as to the same.

***B. The Estimation Order Bars Relief from the Plan Injunction.***

22. The Motion is devoid of any legal basis to overturn the dictates of the long-final Estimation Order. This threshold failure alone warrants dismissal.

23. Movant admits in her Motion that:

a. The Order Sustaining Fourth Omnibus Claims Objection disallowed her late filed Claim. Motion ¶ 46.

b. The Claim Objection COS lists the law firm on Movant's filed Claim and the appropriate address for her counsel. Motion ¶ 47.

c. The Estimation Order is a permanent bar to Movant's relief from the Plan Injunction pursuant to its own language. Motion ¶ 41.

d. The Estimation Motion COS lists the law firm on Movant's filed Claim and the appropriate address for her counsel. Motion ¶ 42.

24. That is, the Estimation Order bars the relief Movant seeks at paragraph 13. Movant was served the Estimation Motion and the Fourth Omnibus Claims Objection failed to respond. There are cannot be a "redo" related to a final court order – when a party receives notice and fails to adjudicate its rights. The Parties here are entitled to finality regarding this Court's order – especially in the circumstance of liquidating Debtors.

***C. Movant Has Failed to Meet its Standard Under Rule 60(b) to Set Aside the Estimation Order.***

25. It is not exactly clear what the Movant is asking the Court to do with the Estimation Order. It appears Movant's only interest is relief from the Plan Injunction for the Claim. However, notably, Movant is not seeking relief from the Order Sustaining Fourth Omnibus Claims Objection. Procedurally, the Claim is disallowed – and nothing in Movant's request can alter the same.

26. In fact, Movant appears to move according to Fed. R. Civ. P 60(b), made applicable under Fed. R. Bankr. P 9024, to set aside or reconsider the actual Estimation Order itself. It is unclear how the Court can revise the Estimation Order for one party – especially given the Enforcement Order (that is, the established law of the case).

27. A "party seeking reconsideration in bankruptcy court must file a motion to alter or amend judgment under Fed. R. Bankr. P. 9023 or a motion for relief from judgement under Fed.

R. Bankr. P. 9024." *In re Energy Future Holdings Corp.*, 575 B.R. 616, 627 (Bankr. D. Del. 2017). "[I]f the order is interlocutory in nature the standard under Rule 9023 is applicable and if the order is final the standard under Rule 9024 applies." *Id*.

28. Movant has failed to address whether the Orders are final or interlocutory. If the Orders are final, Bank. R. Fed. P. 9024 applies, incorporating Fed. R. Civ. P. 60, pursuant to which a party may seek relief from a judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud …, misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(1)-(6).

29. The moving party "bears a heavy burden" to establish relief under Fed. R. Civ. P. 60(b) is appropriate. 575 B.R. at 630. The court must determine "[e]xtraordinary circumstances" exist to justify vacating its order. *Id*.

***i. Movant Points to No "Excusable Neglect" and, in Fact, Presents No Evidence at All in Support of its Assertions.***

30. The Motion states that "excusable neglect" exists here, but Movant fails to present evidence that would meet the relevant standard under Fed. R. Civ. P. 60(b)(1) and the Supreme Court decision in *Pioneer Inv. Servs. Co. Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), which applied the following factors to determine whether, under all relevant surrounding circumstances, excusable neglect was present: "the danger of prejudice to the debtor, the length of the delay and

its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith".

31. In fact, Movant's assertions regarding lack of notice receipt are in direct contradiction to the Claim Objection COS and Estimation Motion COS. There is also no evidence cited to support Movant's self-serving statement that her counsel did not receive notice.

32. Substantively, on the few alleged facts available in the Motion, Safety National would respond that a delay of over nine (9) months after the Estimation Order and Fourth Omnibus Claims Objection is substantial under the excusable neglect standards. Movant has provided no explanation as to why she has not engaged on these issues prior to the filing of the Motion, despite having knowledge of the Bankruptcy Case from at least October 2024 (when her Claim was filed). That is a delay over nearly two (2) years.

33. Moreover, in considering element (iii) of the excusable neglect standards, Movant has failed to assert any actual reason for the delay in light of Movant's admitted knowledge of the bankruptcy cases' existence – that is, the delay appears to be definitionally without excuse. "Rule 60(b)(1) is addressed to the discretion of the court and is based on the desire of equity to do justice, it is not meant to relieve a party of the consequences of his own mistake or ignorance." *In re Devault Mfg. Co.*, 4 B.R. 382, 386 (Bankr. E.D. Pa. 1980), *aff'd*, 14 B.R. 536 (E.D. Pa. 1981) (*citing, e. g., Bershad v. McDonough*, 469 F.2d 1333 (7th Cir. 1972); *United States v. Thompso*n, 438 F.2d 254 (8th Cir. 1971); *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969) ("neither ignorance nor carelessness on the part of a litigant or his attorney will provide grounds for rule 60(b) relief")).

34. As as to the element (i) of the excusable neglect standards, Safety National is concerned that reopening long closed deadlines would continue to burn a poorly funded estate's

limited resources. While Debtor's liability is only as to a general unsecured claim up to the SIR amount (which will also reduce amounts available to other creditors), Safety National must necessarily coordinate with Trust and their representatives for information in order to defend cases that the parties considered dead. The Trust will incur legal fees and administrative costs.

35. Moreover, in contradiction to Movant's statements, this is not a request without a claim cost to the Trust. Every dollar that Safety National spends in defending Movant's claim in state court is an unsecured claim that Safety National may assert against the Trust for recovery. Over two years after the Bar Date has passed and nine (9) months after the Orders were issued, the world of cases with potential exposure for the Trust (and its insurers) should be known.

### ***D. This Court Has Authority to Enforce the Estimation Order – and Has Already Done so in Nearly Identical Circumstances.***

36. The Motion to Reconsider contained strikingly similar facts and allegations to the Motion. Claimant Cux Chan's proof of claim was previously disallowed, no evidence was presented by respective movants regarding why the Estimation Motion and claims objection motions were not opposed, and Claimant Cux Chan moved to set aside the Estimation Order so she could receive relief from the Plan Injunction.

37. In the Enforcement Order, this Court specifically held that:

> Pursuant to the Procedures Order, "a Claimant shall be barred from moving to lift the Plan Injunction if … (iii) Claimant's Claim is disallowed in its entirety." This provision requires no clarification. Simply stated, if a claim is disallowed, the party asserting the disallowed claim does not have a claim against the estate and is barred from lifting the Plan Injunction to proceed with litigation against the Debtors.

Enforcement Order, p. 6

38. Notably, the Enforcement Order also addresses Movant's serious and unsupported argument that this Court does not have authority to bar relief from the Plan Injunction. *See* Motion

¶¶ 67-69. That is, Movant attempts to re-frame the Estimation Order and describes a common Plan Injunction as a "non-consensual third-party release". Motion ¶ 67.

39. Of course, this re-framing of the Estimation Order is patently inaccurate. Courts have time and again enforced plan injunctions. *See, e.g., Town Sports Int'l, LLC v. Moreno-Cuevas*, 2024 WL 3963680, at *2 (3d Cir. Aug. 28, 2024), *cert. denied*, 145 S. Ct. 1441, 221 L. Ed. 2d 560 (2025); *In re Chemtura Corp.*, 09-11233 (JLG), 2016 WL 11651714, at *16 (Bankr. S.D.N.Y. Nov. 23, 2016) ("[W]here the reorganized debtor will incur liability on account of discharged debts if litigation goes forward even if only to fix the insurer's liability under the policy, courts enforce section 524(a) and bar prosecution of those actions."); *In re Tailored Brands, Inc.*, 2021 WL 2021472, at *5 (Bankr. S.D. Tex. May 20, 2021) (denying relief form the Plan Injunction for a personal injury claimant due to, among other things, the cost to the estate if a state law action went forward).

40. Safety National was neither discharged nor released by the Estimation Order.

41. This Court would seem to agree as it stated as much in the Enforcement Order, holding that:

> any rights Movant has against the insurer are preserved and she is not precluded from pursuing the insurer in state court. The Court lacks subject matter jurisdiction over any state law contract claim Movant may have against the insurer above the SIR. That is a claim between two non-debtors involving state law.

Enforcement Order, p. 7.

42. Given the preceding, Safety National objects to relief requested in the Motion.

**GENERAL OBJECTION AND RESERVATION OF RIGHTS**

43. As of the filing of this Objection, no proposed stipulation has been filed on the docket. Safety National objects to any order that modifies the rights or defenses held by Safety

National under the Safety National Insurance Policies, any other applicable policy or contractual agreements between the Liquidating Trustee and Safety National, the Bankruptcy Code, or other applicable law. Accordingly, Safety National hereby expressly reserves all of its rights, claims, counterclaims, defenses, and remedies under the Bankruptcy Code, its insurance policy, any applicable contractual agreements between the Debtors and Safety National, and other applicable law.

44. To the extent this Court grants relief from the Plan Injunction, Safety National would request that the order include language that reserves all of its rights, claims, counterclaims, defenses, and remedies under the Bankruptcy Code, its insurance policy, any applicable contractual agreements between the Debtors and Safety National, and other applicable law. Such relief would mirror dozens of prior orders and stipulations entered into.

**WHEREFORE**, for the reasons set forth above, Safety National respectfully requests the Motion be denied, or in the alternative, that any relief order as to the Motion reserve all rights, claims, counterclaims, defenses, and remedies as described herein.

Dated: September 4, 2026

Respectfully Submitted:

HOGAN♦McDANIEL

*/s/ Garvan F. McDaniel*

Garvan F. McDaniel (DE Bar No. 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540; Facsimile: 302.656.7599
Email: gfmcdaniel@dkhogan.com

and

HUSCH BLACKWELL LLP
Caleb T. Holzaepfel (*Admitted Pro Hac Vice*)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423.266.5500
Facsimile: 423.266.5499
Email: caleb.holzaepfel@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*