# <u>Exhibit A</u>

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>99 CENTS ONLY STORES, LLC,<br><br>Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS) |

**ORDER APPROVING STIPULATION BY AND BETWEEN THE 99 CENTS CREDITORS' LIQUIDATING TRUST AND SAFETY NATIONAL CASUALTY CORPORATION AUTHORIZING ACCESS TO EMPLOYEE DATA HELD BY A THIRD-PARTY VENDOR**

Upon consideration of the certain *Stipulation By and Between the 99 Cents Creditors' Liquidating Trust and Safety National Casualty Corporation Authorizing Access to Employee Data Held by a Third-Party Vendor* (the "Stipulation") attached hereto as **Exhibit 1**; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved.

2. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Stipulation.

---

[1] The Post-Confirmation Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

# Exhibit 1

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores, LLC,<br><br>Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS) |

**STIPULATION BY AND BETWEEN THE 99 CENTS CREDITORS' LIQUIDATING TRUST AND SAFETY NATIONAL CASUALTY CORPORATION AUTHORIZING ACCESS TO EMPLOYEE DATA HELD BY A THIRD-PARTY VENDOR**

This stipulation (the "Stipulation") is entered into between the 99 Cents Creditors' Liquidating Trust (the "Trust"), formed pursuant to the confirmed *Joint Chapter 11 Plan of Number Holdings, Inc., and its Debtor Affiliates* [Docket No. 1733] (the "Plan") of the debtors captioned therein (the "Debtors") and Safety National Casualty Corporation ("Safety National") and, together with the "Parties"), who stipulate and agree as follows:

**WHEREAS**, Safety National provided general liability insurance coverage to the Debtors pursuant to certain insurance policies and related documents (the "Safety National Insurance Policies") subject to a $300,000 Self-Insured Retention Limit per occurrence (the "SIR") and the Safety National Insurance Policies have been assumed prior to the date of this Stipulation.

[1] The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is c/o META Advisors LLC, 3 World Trade Center, 175 Greenwich Street, 67th Floor, New York, NY 10007

**WHEREAS**, on April 7, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), which triggered these bankruptcy proceedings (the "Bankruptcy Proceedings").

**WHEREAS,** the Debtors filed their disclosure statement (the "Disclosure Statement", D.I. 1534) on November 27, 2024.

**WHEREAS,** the Debtors filed their plan (the "Plan," as amended, D.I. 1605) on December 19, 2024.

**WHEREAS**, on January 24, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order, Approving the Disclosure Statement on a Final Basis, Confirming the Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates, and Granting Related Relief* (D.I. 1733, the "Confirmation Order") which confirmed the Plan. The Plan became effective on January 31, 2025 (the "Effective Date"). *See* Notice of Effective Date (D.I. 1776).

**WHEREAS**, the Plan established the Trust for the benefit of creditors. *See Plan,* Art. IV.C.

**WHEREAS**, META Advisors LLC (the "Liquidating Trustee") has been appointed trustee of the Trust under the Plan. (Confirmation Order, ¶Q(g)).

**WHEREAS**, the Plan provides for a Plan Injunction that bars claimants from moving forward with their underlying lawsuits absent relief from the Bankruptcy Court.

**WHEREAS**, on October 22, 2025, the Trust filed its *Motion to Allow Motion of the 99 Cents Creditors Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* (D.I. 200, the "Estimation

Motion”), pursuant to which the Trust sought to estimate the Trust’s liability as to certain personal injury claims at any amount no greater than the SIR, as well as provide a mechanism for expedite relief from the Plan Injunction for certain categories of personal injury claimants, among other things.

**WHEREAS**, on December 5, 2025, the Bankruptcy Court issued its *Order Granting the Motion of the 99 Cents Creditors’ Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* (D.I. 284, the “Estimation Order”).

**WHEREAS**, the Estimation Order and various preceding and subsequent agreements and stipulated orders regarding certain claimants’ relief from the Plan Injunction, incorporating the Estimation Order by reference, in relevant part, hold that:

> the Trust shall not be obligated to: (i) pay any amounts owed or awarded in connection with the underlying action, including, but not limited to, any monetary damages, self insured retention, or attorneys’ fees and expenses; (ii) participate or otherwise expend any resources in the Original Court Action, except to the extent a reasonable information, discovery signing, or document request is made to the Trust by the applicable insurance company or applicable Claimant, provided, however, that (a) the Trust shall only be required to make a reasonable inquiry as to whether it can comply with any such request; (b) the Trust shall not be required to spend its own financial resources in complying with any such request, which shall be at the sole costs of the requesting party; and (c) nothing in this Order shall modify any terms or conditions of the Liquidating Trust Agreement (as defined in the Plan and, collectively, with the Confirmation Order and the Plan, the “Plan Documents”) whatsoever, or otherwise limit the Trust’s discretion under the Plan Documents with respect to matters involving administration of the Trust, including but not limited to, termination of the Trust, the dissolution of any Debtor, and/or the maintenance and disposition of the Trust and the Debtors’ books and records. Subsection (ii) herein is not a substitute for the discovery process in an Original Court Action and is instead intended as a means to allow for information to be provided in support of such process.

Estimation Order ¶ 12(d).

**WHEREAS**, the Plan limits the Trust's liability on personal injury claims to the SIR. *See* Plan Art. IV.E.

**WHEREAS**, various personal injury claimants have continued (and additional personal injury claimants are likely to continue) pursuing insurance coverage under the Safety National Insurance Policies, to the extent any coverage exists.

**WHEREAS**, prior to the Petition Date, the Debtors retained Dayforce US, Inc. ("Dayforce"), to retain on its servers certain of the Debtors' human resources, payroll, and various additional employee and worksite information ("Employee Data"). Dayforce was prepaid a fee for access to the Employee Data for a limited time period following the Effective Date.

**WHEREAS**, the Trust has nearly completed its employee claim reconciliation process and no longer requires the Employee Data as of September 30, 2026.

**WHEREAS**, Safety National requires the Employee Data to nominally defend Debtors, to defend potential coverage liability under the Safety National Insurance Policies, and to respond to discovery propounded in various personal injury lawsuits by claimants who currently – or will in the future – have relief from the Plan Injunction.

**WHEREAS**, the Parties wish to provide Safety National access to the Employee Data.

**NOW**, **THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED** as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter, and the Parties agree each of the Recitals is true and correct.

2. This Court authorizes and directs Dayforce to provide Safety National the right and ability to access the Employee Data.

3. Safety National reserves all rights to negotiate terms and payment for access to Employee Data with Dayforce.

4. The Bankruptcy Court shall retain jurisdiction to resolve any disputes arising from or related to this Stipulation and any Order approving the Stipulation, and to interpret, implement and enforce the provisions of this Stipulation and any Order approving the Stipulation.

5. This Stipulation shall be submitted under certification of counsel and shall not become effective unless and until it is approved in an order entered by the Bankruptcy Court. Upon entry of an Order from the Bankruptcy Court approving this Stipulation, the terms and conditions of this Stipulation shall be immediately effective and enforceable (the "Effective Date").

[ *Remainder of Page Left Intentionally Blank* ]

**Stipulated and Agreed by:**

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Jason S. Pomerantz*

Bradford J. Sandler (DE Bar No. 4142)
Jason S. Pomerantz (admitted *pro hac vice*)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
jspomerantz@pszjlaw.com
pkeane@pszjlaw.com

*Attorneys for Liquidating Trust*

and

**HUSCH BLACKWELL LLP**

*Caleb Holzaepfel*

Caleb Holzaepfel
Morgan Hutchinson
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423.266.5500
Facsimile:423.266.5499
Email: caleb.holzaepfel@huschblackwell.com
morgan.hutchinson@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*