**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>99 CENTS ONLY STORES, LLC,<br><br>Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS) |

**ORDER APPROVING STIPULATION BY AND BETWEEN THE 99 CENTS CREDITORS' LIQUIDATING TRUST, SAFETY NATIONAL CASUALTY CORPORATION, AND RAKHEL VALIZADEH FOR RELIEF FROM THE PLAN INJUNCTION TO CONTINUE PENDING LITIGATION**

Upon consideration of the *Stipulation By and Between the 99 Cents Creditors' Liquidating Trust, Safety National Casualty Corporation, and Rakhel Valizadeh for Relief from the Plan Injunction to Continue Pending Litigation* (the "Stipulation") attached hereto as **Exhibit 1**; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved.

2. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Stipulation.

---

[1] The Post-Confirmation Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

# **Exhibit 1**

## **Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores, LLC,<br><br>Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS) |

**STIPULATION BY AND BETWEEN THE 99 CENTS CREDITORS' LIQUIDATING TRUST, SAFETY NATIONAL CASUALTY CORPORATION, AND RAKHEL VALIZADEH FOR RELIEF FROM THE PLAN INJUNCTION TO CONTINUE PENDING LITIGATION**

This stipulation (the "Stipulation") is entered into between the 99 Cents Creditors' Liquidating Trust (the "Trust"), formed pursuant to the confirmed *Joint Chapter 11 Plan of Number Holdings, Inc., and its Debtor Affiliates* [Docket No. 1733] (the "Plan") of the debtors captioned therein (the "Debtors"), Safety National Casualty Corporation ("Safety National"), and Rakhel Valizadeh ("Ms. Valizadeh") and together with the Trust and Safety National, the "Parties"), who stipulate and agree as follows:

**WHEREAS**, Safety National provided general liability insurance coverage to the Debtors pursuant to certain insurance policies and related documents (the "Safety National Insurance Policies") subject to a $300,000 Self-Insured Retention Limit per occurrence (the "SIR") and the Safety National Insurance Policies have been assumed prior to the date of this Stipulation.

**WHEREAS**, on the dates set forth below, Ms. Valizadeh commenced an action (the "State Court Action") against Debtor 99 Cents Only Stores, LLC ("99 Cents") to recover for injuries

[1] The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

allegedly sustained in a 99 Cents store as set forth below:

| Date Filed | Name | Court | Case No. |
|---|---|---|---|
| 06.24.2024 | *Rakhel Valizadeh v. 99 Cents Only Stores, LLC,* (the "Valizadeh State Court Action") | Los Angeles County Superior Court | 24STCV16012 |

**WHEREAS**, on April 7, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), which triggered these bankruptcy proceedings (the "Bankruptcy Proceedings").

**WHEREAS**, Ms. Valizadeh filed her Proof of Claim on July 8, 2024, assigned Claim Number 1857 asserting a general unsecured claim in an unliquidated amount ("Valizadeh Claim No. 1857");

**WHEREAS**, Ms. Valizadeh filed her Amended Proof of Claim on January 30, 2026, assigned Claim Number 2611 asserting a general unsecured claim in the estimated amount of $1,000,000.00 ("Valizadeh Claim No. 2611");

**WHEREAS**, upon the Debtors' filing of their chapter 11 petition, the Valizadeh State Court Action was stayed automatically pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay").

**WHEREAS**, upon being notified of the bankruptcy filing, counsel for Ms. Valizadeh took steps to contact counsel for the Trust in order to discuss a stipulation for limited relief from the automatic stay to allow Ms. Valizadeh to (a) continue prosecuting the State Court Actions against 99 Cents as a nominal defendant only, and any non-debtor defendants and (b) execute, levy, and collect upon any judgment rendered against 99 Cents in the State Court Actions; provided,

however, that any such judgment shall be executed, levied, and collected solely against and from non-debtor defendants, non-debtor sources, indemnification obligations of non-debtors, insurance carriers, or proceeds of applicable insurance policies of the Debtors, if any, and not from the Debtors, the Trust, their estates, their successors, or their property.

**WHEREAS,** the Debtors filed their plan and disclosure statement (the "Disclosure Statement", D.I. 1534) on November 27, 2024.

**WHEREAS**, on January 24, 2025, the Court entered the Findings of Fact, Conclusions of Law, and Order, Approving the Disclosure Statement on a Final Basis, Confirming the Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates, and Granting Related Relief (D.I. 1733, the "Confirmation Order") which confirmed the Plan. The Plan became effective on January 31, 2025 (the "Effective Date"). *See* Notice of Effective Date (D.I. 1776).

**WHEREAS**, The Plan established the Trust for the benefit of creditors. *See Plan Art. IVC*.

**WHEREAS**, META Advisors, LLC (the "Liquidating Trustee") has been appointed trustee of the Trust under the Plan. (Confirmation Order, ¶Q(g)).

**WHEREAS**, pursuant to 11 U.S.C. § 362(c)(2)(C) and Art. XD of the Plan, the Automatic Stay terminated as of the Effective Date but was replaced with an injunction (the "Plan Injunction") barring continued litigation to liquidate the Claim in the State Court. *See Plan Art.X.C*.

**WHEREAS**, the Parties agree that Ms. Valizadeh should be permitted relief from the Plan Injunction on the terms agreed upon herein to pursue her claim.

**NOW**, **THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED** as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter, and the Parties agree each of the Recitals is true and correct.

2. The claim of Ms. Valizadeh is estimated in the amount set forth in the table below, and Ms. Valizadeh shall be granted, upon entry of an Order approving this Stipulation, relief from the Plan Injunction in order to proceed with her State Court Action. Upon the entry of an Order approving this Stipulation, Ms. Valizadeh waives any right to a recovery from the Trust, and the Trust shall mark the below claims as deemed withdrawn in their entirety:

| **Claimant** | **Estimated Amount** |
|---|---|
| Valizadeh Claim No. 1857 | Unliquidated |
| Valizadeh Claim No. 2611 | $1,000,000 |

3. Estimation of the claim of Ms. Valizadeh prior to liquidation of such claims (if any) in a court of competent jurisdiction is solely for the purposes of administering the estates pursuant to 11 U.S.C. §502(c). The Order approving this Stipulation and such estimation shall not be evidence of and shall have no effect as to the amount or validity of the underlying claim, and shall not be used in any *res judicata* argument, estoppel argument, argument otherwise as to amount or validity of the underlying claims, or any argument that the SIR is satisfied. For the avoidance of doubt, the Court by its Order approving this Stipulation shall be found to make no finding of fact or conclusion of law in respect of Ms. Valizadeh's claim or any Insurance Contract (as defined in the Plan) by estimation of Ms. Valizadeh's claim.

4. Nothing in this Stipulation or the Order approving this Stipulation shall be considered or construed as an amendment to, interpretation, or modification of the Plan or the Confirmation Order. Any conflict between this Stipulation, the Order approving this Stipulation and the Confirmation Order and/or Plan shall be resolved in favor of the Confirmation Order and/or Plan.

5. Section IV.E of the Plan governs "Insurance Matters" as follows:

**E. Insurance Matters**

On the Effective Date, provided that the Debtors have paid all applicable premiums, except as otherwise provided in this Plan, the Debtors' Insurance Contracts shall be deemed to continue in full force and effect without any action by an Entity or approval of the Bankruptcy Court so as to continue to provide coverage in accordance with the express terms of the applicable Insurance Contracts. For the avoidance of doubt: (i) on the Effective Date, the Debtors' D&O Insurance Policies (including any "tail policy" and all agreements, documents, or instruments related thereto) shall be deemed to continue in full force and effect without any action by any Entity or approval of the Bankruptcy Court; (ii) confirmation of the Plan shall not discharge, impair, or otherwise modify any indemnity obligations under such D&O Insurance Policies; and (iii) the Post-Confirmation Debtors shall retain the ability to supplement such D&O Insurance Policies as the Plan Administrator may deem necessary.

In addition, on or after the Effective Date, none of the Liquidating Trust, the Liquidating Trustee, the Post-Confirmation Debtors or the Plan Administrator shall terminate or otherwise reduce the coverage under any fully paid or prepaid D&O Insurance Policies (including any "tail policy" and all agreements, documents, or instruments related thereto) in effect on or prior to the Effective Date, with respect to conduct occurring prior thereto. All current and former directors, officers, and managers of the Debtors who served in such capacity at any time prior to the Effective Date shall be entitled to the full benefits of any such policies for the full term of such policies regardless of whether such current and former directors, officers, and managers remain in such positions after the Effective Date, all in accordance with the terms and conditions of the D&O Insurance Policies, which shall not be altered.

Notwithstanding anything to the contrary in the Plan, if a Claim is subject to coverage under an Insurance Contract, in full or in part, no distributions under the Plan need be made on account of such Claim until a determination is made by a court of competent jurisdiction as to such coverage and, if coverage is available, until payment is first made from proceeds of such appliable Insurance Contract. To the extent of any amounts not covered by the proceeds of an Insurance Contract, if any, such Claim shall be treated in accordance with the provisions of the Plan governing the Class applicable to such Claim. No Plan Distributions need be made on account of an Allowed Claim that may be payable pursuant to one or more of the Debtors' Insurance Contracts until the Holder of such Allowed Claim has exhausted all remedies with respect to such Insurance Contracts. To the extent that one or more of the Debtors' insurers agrees to satisfy in full or in part a Claim, then immediately upon such insurer's agreement, the applicable portion of such Claim may be expunged without a Claim objection having to be Filed and without any order or approval of the Bankruptcy Court; provided that a notice of claim satisfaction shall be filed and served on the Holder of the applicable Claim.

Notwithstanding the provisions of this Section IV.D[2] of the Plan, the Liquidating Trust may, in its sole discretion, in order to facilitate distributions and the completion of its responsibilities under this Plan: (i) make a distribution under the Plan with respect to an Allowed Claim that may be covered by an Insurance Contract; or (ii) seek to estimate a Claim, solely for distribution purposes, that may be covered by an Insurance Contract.

If an applicable Insurance Contract has an SIR, the Holder of an Allowed Claim that is covered by such SIR Insurance Contract shall only be entitled to an Allowed General Unsecured Claim against the applicable Debtor's Estate up to a maximum amount of the applicable SIR. Any such Allowed General Unsecured Claim may be further reduced, or disallowed in full, upon the liquidation of such Claim in an appropriate forum. By and through the Liquidating Trustee, the Liquidating Trust may seek entry of an order of the Bankruptcy Court fixing any such Claim in the maximum amount of the SIR to facilitate Distributions. For the avoidance of doubt, nothing in this Plan obligates the Debtors, the Post-Confirmation Debtors, the Plan Administrator, the Liquidating Trust or the Liquidating Trustee (as applicable) to otherwise satisfy any SIR under any SIR Insurance Contract. Any recovery on account of an Allowed Claim in excess of the SIR established upon the liquidation of the Claim shall be recovered solely from the Debtors' insurance coverage, if any, and only to the extent of available insurance coverage and any proceeds thereof under the SIR Insurance Contract and applicable law.

Moreover, this Plan and/or the Confirmation Order specifically reserves all rights with respect to, and does not determine the issue of, whether the Debtors' obligations under an applicable SIR Insurance Contract constitute obligations that would require the Debtors to assume or reject the SIR Insurance Contract under section 365 of the Bankruptcy Code. This Court retains jurisdiction to determine whether any such SIR Insurance Contract is executory to the extent the same becomes relevant for purpose of claim or case administration. For the avoidance of doubt, nothing in this Plan or Confirmation Order shall be construed as an assumption of an SIR Insurance Contract. Moreover, and for the avoidance of doubt, an insurer who issued an SIR Insurance Contract shall not assert an administrative claim under section 503(b) of the Bankruptcy Code against the Estates for any costs or any other amounts incurred following the Effective Date of this Plan.

For the avoidance of doubt, nothing in the Plan or Confirmation Order shall (i) be construed to limit, extinguish, expand, or diminish the insurance coverage that may exist under any Insurance Contract, (ii) relieve any Entity from the requirement to timely file a Proof of Claim by the Claims Bar Date or Supplemental Claims Bar Date, as applicable; (iii) require any payment on account of a SIR for a Claim that is covered by an Insurance Contract before such Holder pursues recovery in excess of an applicable SIR from any applicable Insurance Contract; or

[2] The Plan inadvertently references Section IV.D instead of Section IV.E.

(iv) limit the amount that a Holder of a Claim that is covered by an Insurance Contract can pursue against any applicable Insurance Contract above any applicable SIR. Each insurer's applicable rights and defenses to claims asserted under an SIR Insurance Contract or applicable law, including, without limitation, coverage defenses, are expressly reserved and not affected by this Plan or the Confirmation Order. For the avoidance of doubt, neither the Plan or the Confirmation Order shall be construed to modify the terms of an SIR Insurance Contract. Moreover, nothing contained in this Plan or the Confirmation Order shall modify any obligations that might exist under an SIR Insurance Contract related to the provision of information and/or documentation to an insurer.

If and to the extent applicable, the automatic stay of section 362(a) of the Bankruptcy Code and any injunctions set forth in the Plan shall be deemed lifted without further order of the Bankruptcy Court, solely to permit: (i) claimants with valid workers' compensation claims or direct action claims against insurers under applicable non-bankruptcy law to proceed with their claims; (ii) insurers to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Bankruptcy Court, (a) workers' compensation claims, (b) claims where a claimant asserts a direct claim against an insurer under applicable non-bankruptcy law, or an order has been entered by the Bankruptcy Court granting a claimant relief from the automatic stay or the injunctions set forth in the Plan to proceed with its claim, and (c) all costs in relation to each of the foregoing; and (iii) insurers to take any other actions relating to the Insurance Contracts (including effectuating a setoff or recoupment).

6. The following Tort Claim Procedures are approved in regard to Valizadeh Claim No. 1857:

(a) A Claim, once estimated, shall be deemed a Disputed Claim[3] (as defined in the Plan) and Claimant shall not be entitled to a Distribution (as defined in the Plan) thereon until the Claim is liquidated in an applicable action in a court of competent jurisdiction (hereinafter, a "State Court Action") by either a final, non-appealable order or settlement.

(b) The Plan Injunction shall be modified for the sole and limited purpose of allowing a Claimant to liquidate its Claim, and Claimant may commence or continue a State Court Action nominally against the Debtors, including without limitation, up and through judgment and any appeals or settlement, subject to the terms of this Order. Except with respect to Distributions to be made by the Trust in connection with an Allowed (as

[3] All terms in Paragraph 6 not otherwise defined therein shall be ascribed the same meaning as in the *Order Granting Motion of the 99 Cents Creditors' Liquidating Trust for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), Authorizing (I) Fixing Certain Personal Injury Claims Pursuant to the Plan, and (II) Lifting the Plan Injunction to Allow Certain Personal Injury Claimants to Liquidate Claims* (D.I. 130, the "Estimation Order"), and the Tort Claim Procedure shall apply to Valizadeh Claim No. 1857 as if Ms. Valizadeh were included on Exhibit A to the Estimation Order.

defined in the Plan) Claim, the Trust shall not be obligated to: (i) pay any amounts owed or awarded in connection with the underlying action, including, but not limited to, any monetary damages, self-insured retention, or attorneys' fees and expenses; (ii) participate or otherwise expend any resources in the State Court Action, except to the extent a reasonable information, discovery signing, or document request is made to the Trust by the applicable insurance company or applicable Claimant, provided, however, that (a) the Trust shall only be required to make a reasonable inquiry as to whether it can comply with any such request; (b) the Trust shall not be required to spend its own financial resources in complying with any such request, which shall be at the sole costs of the requesting party; and (c) nothing in this Order shall modify any terms or conditions of the Liquidating Trust Agreement (as defined in the Plan and, collectively, with the Confirmation Order and the Plan, the "Plan Documents") whatsoever, or otherwise limit the Trust's discretion under the Plan Documents with respect to matters involving administration of the Trust, including but not limited to, termination of the Trust, the dissolution of any Debtor, and/or the maintenance and disposition of the Trust and the Debtors' books and records. Subsection (ii) herein is not a substitute for the discovery process in a State Court Action and is instead intended as a means to allow for information to be provided in support of such process. To the extent a Claimant has not commenced a State Court Action to date, upon commencing suit, Claimant will notify counsel for Safety National, Husch Blackwell, LLP, 736 Georgia Avenue, Suite 300, Chattanooga, TN 37402, Attn: Caleb T. Holzaepfel (Caleb.Holzaepfel@huschblackwell.com) and Morgan Hutchinson (morgan.hutchinson@huschblackwell.com) of the commencement of the State Court Action as a courtesy. For avoidance of doubt, notification to the counsel for Safety National is a condition of any right of a Claimant to pursue remedies against Safety National. Moreover, such notice does not constitute service of process under applicable state or federal law for which Claimant shall remain obligated.

(c) Following liquidation of the Claim, Claimant shall notify counsel for the Trust, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019, Attn: Jason Pomerantz (jspomerantz@pszjlaw.com of the final judgment or settlement. To the extent Claimant filed a proof of claim and the Claim is liquidated for an amount less than or equal to the amount of self-insured retention, the Claim shall be Allowed against the Debtors for Distribution purposes in such amount as a Class 5 - General Unsecured Claim. To the extent Claimant filed a proof of Claim and the Claim is liquidated for an amount greater than the amount of self-insured retention, the Claim shall be Allowed against the Debtors for Distribution purposes in the amount of the self-insured retention as a Class 5 - General Unsecured Claim and Claimant shall be permitted to seek recovery of any judgment in excess of the amount of self-insured retention from the applicable insurance company. For avoidance of doubt, notification to the Trust is not a condition of any right of a Claimant to

pursue remedies against any Insurer.

7. To the extent a State Court Action is pending, the Trust shall be authorized to dismiss any and all attorneys retained by the Debtors to defend such State Court Actions and from further acting on behalf of the Trust. The Trust shall not oppose any such request by prior counsel to withdraw as counsel of record in such actions.

8. It is the express intent of the Court that any Order approving this be insurance neutral, neither modifying the coverage obligations of any Insurer (as defined in the Plan) or the Liquidating Trustee, if any, nor modifying or affecting any claimant's rights, if any, under the Safety National Insurance Policies or applicable law. For the avoidance of doubt, all parties' rights, defenses, and arguments are reserved herein, specifically including under Section IV.E. of the Plan, in any State Court Action.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes arising from or related to this Stipulation and any Order approving the Stipulation, and to interpret, implement and enforce the provisions of this Stipulation and any Order approving the Stipulation.

10. This Stipulation shall be submitted under certification of counsel and shall not become effective unless and until it is approved in an order entered by the Bankruptcy Court. Upon entry of an Order from the Bankruptcy Court approving this Stipulation, the terms and conditions of this Stipulation shall be immediately effective and enforceable (the "Stipulation Effective Date").

11. On the Stipulation Effective Date, the Plan Injunction shall be modified solely to permit Ms. Valizadeh to (a) continue to prosecute the State Court Actions against 99 Cents to final judgment or disposition as to 99 Cents as a nominal defendant only, and any non-debtor defendants and (b) to execute, levy, and collect upon any judgment rendered against 99 Cents in the State Court Actions from non-debtor defendants, non-debtor sources, indemnification obligations of

non-debtors, insurance carriers, and the proceeds of applicable insurance policies only, and not from the Debtors, their estates, or their successors.

Stipulated and Agreed by:

**KRAMER TRIAL LAWYERS, APC**

*/s/ Adam W. Manaa*
Adam W. Manaa
10866 Wilshire Blvd., #1270
Los Angeles, CA 90024
Telephone (310) 551-0600
Email: amanaa@kramerlaw.com

*Attorney for Ms. Valizadeh*

**HUSCH BLACKWELL LLP**

*/s/ Caleb Holzaepfel*
Caleb Holzaepfel
Morgan Hutchinson
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423.266.5500
Email: caleb.holzaepfel@huschblackwell.com
morgan.hutchinson@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Jason S. Pomerantz*
Bradford J. Sandler (DE Bar No. 4142)
Jason S. Pomerantz (*pro hac vice*)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Email: bsandler@pszjlaw.com
jspomerantz@pszjlaw.com
pkeane@pszjlaw.com
*Attorneys for Liquidating Trust*