**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores LLC,<br><br>Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS) |

**Objections Due: December 14, 2026 at 4:00 p.m. (ET)**
**Hearing Date: January 7, 2027 at 1:00 p.m. (ET)**

**THE 99 CENTS CREDITORS' LIQUIDATING TRUST'S ELEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS (NO LIABILITY CLAIMS)**

**PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND CLAIM(S) ON THE SCHEDULE TO EXHIBIT A, WHICH IS ATTACHED TO THIS OMNIBUS OBJECTION.**

**YOUR RIGHTS MAY BE AFFECTED BY THIS OMNIBUS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

The 99 Cents Creditors' Liquidating Trust (the "Trust"), formed pursuant to the confirmed *Joint Chapter 11 Plan of Number Holdings, Inc., and its Debtor Affiliates* [Docket No. 1733] (the "Plan"), by and through its undersigned counsel, hereby files this omnibus objection (the "Objection") pursuant to section 502 of the Bankruptcy Code, Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007–1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to disallow and expunge the claims listed on Schedule 1 (the "Disputed Claims"), which are annexed to **Exhibit A** attached hereto, and seeks entry of an order (the "Proposed Order"), substantially in the form annexed hereto as **Exhibit A**: (i) disallowing and

[1] The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 1000

expunging the Disputed Claims listed on Schedule 1 to the Proposed Order because, in each case, the claim has no basis in the Debtors' books and records and the claimant failed to include or attach sufficient information or documentation to constitute *prima facie* evidence of the validity and amount of the claims as required by Bankruptcy Rule 3001(f). In support of this Objection, the Trust represents as follows:

## **Jurisdiction and Venue**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trust confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Bankruptcy Court in connection with this Objection to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## **Background**

### **A. General Background**

4. On April 7, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in Bankruptcy Court, thereby commencing the

above-captioned bankruptcy cases. From the Petition Date up until Effective Date (defined below), the Debtors operated their businesses and managed their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 24, 2025, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order, Approving Disclosure Statement on a Final Basis, Confirming the Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates, and Granting Related Relief* [Docket No. 1733] (the "Confirmation Order"), pursuant to which the Bankruptcy Court confirmed the Plan. The Plan became effective on January 31, 2025 (the "Effective Date").

6. On the Effective Date, and pursuant to the Plan, the Trust was established to, *inter alia*, "investigate, review, reconcile, allow, object to, compromise and settle Administrative Claims, Priority Tax Claims, Other Priority Claims, Other Secured Claims, and General Unsecured Claims." *See* Plan at IV.C.2.

**B. Claims Administration Process**

7. On May 22, 2024, the Debtors filed their (redacted) schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together, with the Schedules, the "Schedules and Statements") [Docket Nos. 650-662].

8. On June 4, 2024, the Court established July 8, 2024, at 5:00 p.m. (Eastern Time), as the final date and time for all persons and entities holding or asserting a prepetition, non-governmental claim or interest against the Debtors arising on or before the Petition Date and all persons and entities holding or asserting an Administrative Claim (as that term is defined in the Bar Date Order) arising on or after the Petition Date and any time prior to June 1, 2024, to file proofs of claim in these chapter 11 cases (the "Claims Bar Date"). [2]

---

[2] *Order Establishing (I) Bar Dates for Filing Proofs of Claim, Including Section 503(B)(9) Claims, (II) an Amended Schedules Bar Date and Rejection Damages Bar Date, (III) an Initial Administrative Claims Bar Date, (IV)*

9. The Trust relies upon and incorporates by reference the *Declaration of Michael Infanti in Support of the 99 Cents Creditors Liquidating Trust's Eleventh Omnibus Objection (Non-Substantive) to Certain Claims (Insufficient Documentation and No Liability Claims)* (the "Declaration"), which is attached hereto as **Exhibit B** and is fully incorporated herein by reference.

**Relief Requested**

10. By this Objection, the Trust seeks entry of an order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, disallowing and expunging Disputed Claims identified on Schedule 1 to the Proposed Order, for the reasons set forth herein and upon the Schedules annexed to the Proposed Order.

**Objection**

**A. Disputed Claims**

11. The Trust objects to each of the Disputed Claims identified on Schedule 1 to the Proposed Order because, in each case, the claim is not supported by the Debtors' books and records and the claimant failed to include or attach sufficient information or documentation to constitute *prima facie* evidence of the validity and amount of the claims as required by Bankruptcy Rule 3001(f).

12. Moreover, even if the Disputed Claims are entitled to a presumption of validity, the Declaration explains that the Trust and/or its advisors have reviewed the Disputed Claims and all supporting information and documentation provided therewith, reached out to the claimants for additional information supporting the Disputed Claims, made reasonable efforts to review the Debtors' books and records for information related to such claims, and cannot ascertain a basis for

*Approving the Form and Manner of Filing of Claims, (V) Approving Notices of Bar Dates, and (VI) Granting Related* [Docket No. 784] (the "Bar Date Order").

the claims. Based upon such review, the Trust believes that the Disputed Claims do not provide *prima facie* evidence of the existence, validity, and amount of such claims. Accordingly, the Trust requests that the Court disallow and expunge the Disputed Claims from the Claims Register.

**Basis for Relief**

13. Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). In adjudicating claim objections, courts apply "a burden-shifting framework." *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016). The Third Circuit Court of Appeals has described this framework as follows:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted).

14. Further, section 502(b)(1) of the Bankruptcy Code provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1). The failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity. *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481–82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

15. Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims "were not timely filed." Fed. R. Bankr. P. 3007(d)(4). Moreover, pursuant to Local Rule 3007-1(c)(vi), an objection to a claim based on insufficient documentation and lack of basis in the Debtors' books and records is a form of non-substantive objection that may be included in an omnibus objection.

16. As set forth in the Declaration, based upon a careful review and analysis of the Claims, the Debtors' books and records, and the claims register, the Trust has determined that each of the Disputed Claims identified on Schedule 1 to the Proposed Order is not supported by the Debtors' books and records and failed to include or attach sufficient information or documentation to constitute *prima facie* evidence of the validity and amount of the claims as required by Bankruptcy Rule 3001(f). Failure to disallow and expunge the Disputed Claims will result in claims that have been improperly asserted against the Debtors remaining on the Claims Register to the prejudice of the Debtors' other creditors. Accordingly, to avoid the possibility of multiple recoveries and to maintain an accurate Claims Register, the Trust submits that Disputed Claims should be disallowed and expunged in their entirety.

**Responses to the Objection**

17. Filing and Service of Responses. To contest the Objection, a claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Court and the parties in the following paragraph **no later than 4:00 p.m. (Eastern Time) on December 14, 2026** (the "Response Deadline"). Claimants should locate their names and claims on Schedule 1 to the Proposed Order and carefully review the Objection. A Response must address each ground upon which the Claimant contests the Objection.

18. Each Response must be filed and served upon the following entities at the following addresses: (i) counsel to the Trust, Pachulski Stang Ziehl & Jones LLP Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Peter J. Keane(pkeane@pszjlaw.com), Shirley S. Cho (scho@pszjlaw.com), and Michael R. Seidl (mseidl@pszjlaw.com); and (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207 Lockbox 35 Wilmington, DE 19801, Attn: Nicole Watson (Nicole.Watson2@usdoj.gov).

19. Content of Responses. Every Response to the Objection must contain, at a minimum, the following:

a. a caption setting forth the name of the Court, the above-referenced case number, and the title of the Objection to which the Response is directed;

b. the name of the claimant, the claim number, and a description of the basis for the amount of the Claim;

c. a concise statement setting forth the reasons why a particular Claim should not be disallowed for the reasons set forth in the Objection, including but not limited to the specific factual and legal bases upon which the claimant will rely in opposing the Objection at the Hearing (as defined below);

d. all documentation or other evidence of the Claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing the Objection at the Hearing;

e. the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the claimant; and

f. the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) to whom the Trustee should serve any reply to the Response.

20. Timely Response Required; Hearing. If a claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in

compliance with the foregoing procedures, the Trust will present to the Court an appropriate order disallowing and expunging the Claim without further notice to the claimant. If a Response is properly and timely filed and served in accordance with the above procedures, the Trust will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct a hearing (the "Hearing") with respect to the Objection and the Response on **January 7, 2027 at 1:00 p.m. (Eastern Time)** (or such other date and time as parties filing Responses may be notified), before the Honorable J. Kate Stickles, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 6, Wilmington, Delaware 19801 (the "Hearing"). Only those Responses made in writing and timely filed and received will be considered by the Court at any such Hearing.

21. The Trust may file and serve a reply to any Response in accordance with the Local Rules. The Trust reserves the right to seek an adjournment of the Hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the Hearing.

22. Each of the Claims and the Trust's objections thereto as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. The Trust requests that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each such Claim.

## Reservation of Rights

23. The Trust expressly reserves the right to amend, modify, or supplement this Objection and to file additional objections to any other claims (filed or not) that may be asserted against the Debtors and their estates. Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Trust reserves the right to object to each of the Claims or any other proofs of claim on any other grounds that the Trust discovers or elects to pursue.

24. Nothing in this Objection will be deemed or construed: (a) as an admission as to the validity of any claim or interest against the Debtors; (b) as a waiver of the Trust's rights to dispute or otherwise to object to any claim or proof of interest on any grounds or basis; or (c) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors or the Trust from asserting any right, claim, defense, or counterclaim (including setoff).

**Compliance With Local Rule 3007-1**

25. The undersigned representative of the Trust has reviewed the requirements of Local Rule 3007-1 and certifies that the Objection substantially complies with that Local Rule. To the extent that the Objection does not otherwise comply with the applicable requirements of Local Rule 3007-1, the Trust believes that such deviations are not material and respectfully requests that any such requirement be waived.

**Further Information**

26. Questions about or requests for additional information about the proposed disposition of the Claims hereunder should be directed to the Trust's counsel in writing at the following address: Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Peter J. Keane (pkeane@pszjlaw.com).

**Timely Response Required**

27. If a claimant fails to file and serve a timely Response, then, without further notice to the claimant or a hearing on the Objection, the Trust will present to the Court an order disallowing and expunging the Claims, substantially in the form attached hereto as **Exhibit A**.

28. Questions regarding the amount of a proof of claim, or the filing of a proof of claim, should be directed in writing to: Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or by overnight delivery service or hand delivery to:

Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, (99onlyTeam@ra.kroll.com). **Claimants should not contact the Clerk of the Court or the U.S. Trustee to discuss the merits of their Claim or the Objection**.

## Notice

29. Notice of this Objection will be provided to: (a) the holders of the Disputed Claims and their counsel, if known; (b) the U.S. Trustee; and (c) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Trust submits that, under the circumstances, no other or further notice is required.

## No Prior Request

30. No prior request for the relief sought herein has been made by the Trust to this Court or any other court.

WHEREFORE, for the reasons set forth herein, the Trust respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested and such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: November 23, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*

Bradford J. Sandler (DE Bar No. 4142)
Michael R. Seidl (DE Bar No. 3889)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
mseidl@pszjlaw.com
pkeane@pszjlaw.com

-and-

Shirley S. Cho (admitted *pro hac vice*)
Beth E. Levine (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: scho@pszjlaw.com
blevine@pszjlaw.com

*Counsel to the 99 Cents Creditors' Liquidating Trust*