# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores LLC,<br><br>Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS)<br><br>**Related Docket No. __** |

**ORDER SUSTAINING THE 99 CENTS CREDITORS' LIQUIDATING TRUST'S ELEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS (NO LIABILITY CLAIMS)**

Upon consideration of the *99 Cents Creditors Liquidating Trust's Eleventh Omnibus Objection (Non-Substantive) to Certain Claims (No Liability Claims)* (the "Objection")[2] filed by the 99 Cents Creditors' Liquidating Trust (the "Trust"), formed pursuant to the confirmed *Joint Chapter 11 Plan of Number Holdings, Inc., and its Debtor Affiliates* [Docket No. 1733] (the "Plan"), for entry of an order (this "Order") pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, objecting to the claims listed on **Schedule 1** (the "Disputed Claims"), all as more fully set forth in the Objection; and the Court having reviewed the Declaration in support of the Objection; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United

1 The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is c/o META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

2 Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Objection.

States Constitution; and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3. Each Disputed Claim identified on **Schedule 1** attached hereto is hereby disallowed and expunged in its entirety.

4. The claims and noticing agent is authorized to update the claims register to reflect the relief granted in this Order.

5. The Trust's rights to object in the future to any of the Claims listed in the Objection on any ground, including, without limitation, substantive grounds, and to amend, modify or supplement the Objection, including, without limitation, to object to amended claims and newly-filed claims, are hereby reserved.

6. Each of the Claims and the objections by the Trust to such Claims, as addressed in the Objection and set forth on **Schedule 1** attached to this Order, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each of the Claims. Any stay of this Order shall apply only to the contested matter

that involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

7. The Trust and Kroll Restructuring Administration LLC are authorized to take all actions necessary to effectuate the relief granted in this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SCHEDULE 1 – NO LIABILITY CLAIMS**

| Name of Claimant | Debtor | Date Claim Filed | Claim Number | Asserted Claim Amount | Basis for Proposed Disallowance |
|---|---|---|---|---|---|
| CP Wood, LLC<br>Ringstad & Sanders LLP<br>c/o Todd C. Ringstad<br>4910 Birch Street, Suite 120<br>Newport Beach, CA 92660 | 99 Cents Only Stores LLC | 07.08.24 | 1672 | 503(b)(9): $Unliquidated<br>Other Administrative: $Unliquidated<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $0.00<br><br>Total: $Unliquidated | The Trust has determined that there are no amounts owed to this claimant and cannot ascertain a basis for the Claim. Moreover, while there are attachments to the Proof of Claim, the Proof of Claim does not attach or include sufficient information or documentation to constitute *prima facie* evidence of a valid Claim or to enable the Trust to assess the validity of the amount asserted or the allegation(s) set forth in the basis for claim section of the Claim. |
| Sierra Fontana 99, LLC<br>Ringstad & Sanders LLP<br>c/o Todd C. Ringstad<br>4910 Birch Street<br>Suite 120<br>Newport Beach , CA 92660 | 99 Cents Only Stores LLC | 07.08.24 | 1861 | 503(b)(9): $Unliquidated<br>Other Administrative: $Unliquidated<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $0.00<br><br>Total: $Unliquidated | The Trust has determined that there are no amounts owed to this claimant and cannot ascertain a basis for the Claim. Moreover, while there are attachments to the Proof of Claim, the Proof of Claim does not attach or include sufficient information or documentation to constitute *prima facie* evidence of a valid Claim or to enable the Trust to assess the validity of the amount asserted or the allegation(s) set forth in the basis for claim section of the Claim. |