# EXHIBIT B

## Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores LLC,<br><br>Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS) |

**DECLARATION OF MICHAEL INFANTI**
**IN SUPPORT OF THE 99 CENTS CREDITORS' LIQUIDATING**
**TRUST'S ELEVENTH OMNIBUS OBJECTION (NO LIABILITY CLAIMS)**

I, Michael Infanti, hereby declare as follows:

1. I am an Accounting Manager with Giuliano Miller & Company, LLC. I have been retained by META Advisors LLC in its capacity as the Trustee (the "Trustee") of the 99 Cents Creditors Liquidating Trust (the "Trust"), as established pursuant to the confirmed *Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates* [Docket No. 1733] (including any exhibits and schedules thereto, the "Plan"), to assist with the administration of the estates post-Effective Date and related claims analysis. I have over twenty years' experience working on chapter 11 cases in various capacities including as a CPA, a fraud examiner, and an insolvency and restructuring professional. I am generally knowledgeable about and familiar with the Debtors' businesses and financial affairs.

2. I submit this declaration (the "Declaration") in support of the *99 Cents Creditors Liquidating Trust's Eleventh Omnibus Objection (Non-Substantive) to Certain Claims (No*

[1] The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is c/o META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

*Liability Claims)* (the "Claims Objection") and the claims objected to therein (the "Disputed Claims"),[2] filed contemporaneously herewith.

3. As part of my current position in assisting with the Trust's responsibilities under the Plan, I am responsible for certain claims management and reconciliation matters. I am generally familiar with the Debtors' books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date.

4. Except as otherwise indicated, the statements in this Declaration are based on: (a) my personal knowledge; (b) my review of the books and records of the Debtors that reflect the amounts owed to their creditors as of the Petition Date, including the Claims Register, and the Schedules; (c) my review of the Disputed Claims and any supporting documentation attached thereto; (d) my review of the Claims Objection; (e) information provided to me by, or discussions with, the Debtors and by others at the Debtors' request; (f) information provided to me by professionals retained by the Debtors or the Trust; and (g) my general experience and knowledge. As to matters regarding state and federal law, including bankruptcy law, I have relied on the advice of counsel.

5. I am authorized to submit this Declaration in support of the Claims Objection. If called upon to testify, I can and would testify competently as to the facts set forth herein.

**The Claims Objection**

6. In the ordinary course of business, the Debtors maintained books and records that reflect, among other things, the nature and amount of the liabilities owed to their creditors. I, along with my team of professionals, have been reviewing, comparing, and reconciling the claims filed against the Debtors (including any supporting documentation) with the Schedules and the Debtors'

[2] A capitalized terms used but not otherwise defined herein shall have the meaning ascribed to it in the Claims Objection.

books and records. This reconciliation process includes identifying particular categories of claims that may be subject to objection.

7. Time and resources have been expended in the Trust's ongoing efforts reviewing and reconciling the proofs of claim filed against the Debtors in these chapter 11 cases. In evaluating the Disputed Claims, I, or professionals acting at my direction, have reviewed the Debtors' Schedules and applicable books and records, including the Claims Register, and the Disputed Claims (as well any supporting documentation) and have determined that each Disputed Claim identified on Schedule 1 to the Proposed Order does not have a basis in the Debtors' books and records and does not include or attach information or documents sufficient to provide *prima facie* evidence of the validity and amount of such claims. In addition, I am informed and believe that the Trust has requested documentation to support the amount and validity of the Disputed Claims from counsel for the claimants, to no avail. After a reasonable review of the Debtors' Books and Records available to me, I cannot ascertain a basis for the validity and amount of each of the Disputed Claims. Accordingly, I believe each of the Disputed Claims should be disallowed and expunged in their entirety for the reasons set forth in the Claims Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 23, 2026

*/s/ Michael Infanti*
Michael Infanti
Giuliano Miller & Company, LLC